**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. HOLLY ATKINSON, )
DR. NATASHA ANUSHRI )
ANANDARAJA, )
DR. STELLA SAFO, )
MARY CALIENDO, )
HUMALE KHAN, )
GERALDINE LLAMES, )
AMANDA MISITI, and )
EMILIE BRUZELIUS, )
)
Plaintiffs, )
) Civil Action No.: 1:19-cv-03779-VSB
v. )
)
DR. PRABHJOT SINGH, )
DR. DENNIS S. CHARNEY, )
BRUNO SILVA, )
DAVID BERMAN, and )
MOUNT SINAI HEALTH SYSTEM, INC., )
)
Defendants. )

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS DR. PRABHJOT SINGH, DR. DENNIS CHARNEY, BRUNO SILVA, AND MOUNT SINAI HEALTH SYSTEM, INC.'S MOTION TO STRIKE**

# TABLE OF CONTENTS

INTRODUCTION .... 1

ARGUMENT .... 1

I. MOTIONS TO STRIKE ARE HIGHLY DISFAVORED .... 1

II. DEFENDANTS IGNORE THE *TWOMBLY/IQBAL* PLEADING REQUIREMENTS .... 2

III. DEFENDANTS ARE NOT UNDULY PREJUDICED BY ANY ALLEGATIONS IN THE AMENDED COMPLAINT .... 4

IV. NONE OF THE CHALLENGED ALLEGATIONS IS IMMATERIAL OR SCANDALOUS .... 6

A. Allegations "Consisting of Argument, Hearsay, and Conjecture" .... 6

B. Allegations Containing "Background Information" .... 7

1. *Background Information on Mount Sinai Global Health and Singh's Selection as Director Is Relevant and Not Prejudicial* .... 7

2. *Plaintiffs' Biographical Information Is Relevant and Not Prejudicial* .... 8

3. *Allegations Concerning Charney Are Relevant and Admissible* .... 9

4. *Allegations Concerning Singh Are Relevant and Admissible* .... 10

V. POST-FILING EVENTS IN THE AMENDED COMPLAINT WERE PROPERLY PLEADED UNDER RULE 15(A) .... 12

CONCLUSION .... 14

# TABLE OF AUTHORITIES

**CASES**

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002) ........................................ 11

*Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ........................................ 3

*Arias-Zeballos v. Tan*, No. 06 Civ 1268 (GEL), 2006 U.S. Dist. LEXIS 78884 (S.D.N.Y. Oct. 26, 2006) ........................................ 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................ 3

*Barker v. Columbus Reg'l Healthcare Sys.*, 977 F. Supp. 2d 1341 (M.D. Ga. 2013) ........................................ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 3

*Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) ........................................ 4

*Burlington No. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) ........................................ 3

*Cabble v. Rollieson*, No. 04-cv-9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385 (S.D.N.Y. Feb. 27, 2006) ........................................ 10

*County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148 (S.D.N.Y. 2002) ........................................ 4

*Fleischer v. A.A.P., Inc.*, 180 F. Supp. 717 (S.D.N.Y. 1959) ........................................ 4, 5

*Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636 (S.D.N.Y. 1975) ........................................ 2, 8

*Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179 (2d Cir. 2001) ........................................ 7

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) ........................................ 1

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) ........................................ 9

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) ...... 9

*Molina-Reyes v. Molina-Rodriguez*, 711 F. 3d 49 (1st Cir. 2013) ........................................ 2

*Moll v. Telesector Res. Group, Inc.*, 760 F.3d 198 (2d Cir. 2014) ........................................ 11

*O'Diah v. Oasis*, 954 F. Supp. 2d 261 (S.D.N.Y. 2013) ........................................ 3

*Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) ........................................ 13

*Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995) ........ 13

*Roe v. City of N.Y.*, 151 F. Supp. 2d 495 (S.D.N.Y. 2001) ........ 2

*RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382 (S.D.N.Y. 2009) ........ 2

*SEC v. Lee*, 720 F. Supp. 2d 305 (S.D.N.Y. 2010) ........ 2, 10

*SEC v. Toomey*, 866 F. Supp. 719 (S.D.N.Y. 1992) ........ 5, 8

*Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667 (S.D.N.Y. 1995) ........ 5

*South Side Drive-In Co. v. Warner Bros. Pictures Dist. Corp.*, 30 F.R.D. 32 (E.D. Pa. 1962) ........ 8

*Tardif v. City of N.Y.*, No. 13-cv-4056-KMW-FM, 2015 U.S. Dist. LEXIS 169693 (S.D.N.Y. Dec. 7, 2015) ........ 2, 4

*Trachtenberg v. Dep't of Educ.*, 937 F. Supp. 2d 460 (S.D.N.Y. 2013) ........ 2

*Tucker v. Am. Int'l Group, Inc.*, 936 F. Supp. 1 (D. Conn. 2013) ........ 12

*Von Bulow v. Von Bulow*, 657 F. Supp. 1134 (S.D.N.Y. 1987) ........ 2

*Wahlstrom v. Metro-North Commuter R.R. Co.*, No. 96-cv-3589 (PKL), 1996 U.S. Dist. LEXIS 17479 (S.D.N.Y. Nov. 25, 1996) ........ 9

*Weng v. Solis*, 842 F. Supp. 2d 147 (D.D.C. 2012) ........ 10, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ........ passim

Fed. R. Civ. P. 11 ........ passim

Fed. R. Civ. P. 12(b)(6), (f) ........ passim

Fed. R. Civ. P. 15(d) ........ passim

## INTRODUCTION

Defendants ask the Court to strike Plaintiffs' First Amended Complaint (the "Amended Complaint")—a severe and unusual remedy—but fail to properly articulate the legal test it must apply in doing so, let alone meet it. Worse, Defendants fail even to clearly state which allegations in the Amended Complaint they take issue with, or why.

What is clear is that Defendants are deeply uncomfortable with the allegations in the Amended Complaint. This is no surprise: it describes, in substantial detail, an institution enmeshed in a culture of discrimination, multiple acts by certain key and highly prized personnel that fostered that culture over a period of years, and the grave and lasting consequences of those acts for the lives and careers of eight of its former and current employees, among others.

But Defendants' discomfort is not a basis for a motion to strike. Instead, they must establish that the allegations in the Amended Complaint are not only "redundant, immaterial, impertinent or scandalous," but also "prejudicial" to Defendants. They have not done so, and cannot do so. In truth, all of the allegations in the Amended Complaint are squarely relevant to Plaintiffs' claims, and carefully and concisely set out. Accordingly, Defendants' motion should be denied.

## ARGUMENT

### I. MOTIONS TO STRIKE ARE HIGHLY DISFAVORED

Fed. R. Civ. P. 12(f) empowers courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In exercising this authority, however, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Motions to strike are thus highly disfavored. *See*

*Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 637 (S.D.N.Y. 1975) ("Motions to strike are not favored and are granted only if the challenged matter clearly has no bearing upon the issues of the action."); *Tardif v. City of N.Y.*, No. 13-cv-4056-KMW-FM, 2015 U.S. Dist. LEXIS 169693 (S.D.N.Y. Dec. 7, 2015), at *21 (S.D.N.Y. Dec. 7, 2015); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009); *Von Bulow v. Von Bulow*, 657 F. Supp. 1134, 1146 (S.D.N.Y. 1987).

To prevail on such a motion, a party must demonstrate "that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *SEC v. Lee*, 720 F. Supp. 2d 305, 340-41 (S.D.N.Y. 2010) (quoting *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)). These factors are conjunctive, in that a motion to strike will succeed only if all three are satisfied. *See Tardif v. City of N.Y.*, 2015 U.S. Dist. LEXIS 169693, at *21-22 (holding that "there is no need to consider all three factors" when a party fails to establish any one of them). As is shown below, all of Defendants' challenges to the various well-pleaded allegations in Plaintiffs' Amended Complaint fail to satisfy at least one of these factors, and most fail to meet any of them.

## II. DEFENDANTS IGNORE THE *TWOMBLY/IQBAL* PLEADING REQUIREMENTS

As a threshold matter, Defendants' Rule 12(f) motion ignores the change from notice pleading to factually specific pleading ushered in by the *Twombly/Iqbal* cases. *See, e.g., Molina-Reyes v. Molina-Rodriguez*, 711 F. 3d 49, 53 (1st Cir. 2013) ("[The] Supreme Court effected a sea change in the law of federal pleading in *Iqbal* and *Twombly*"); *Trachtenberg v. Dep't of Educ.*, 937 F. Supp. 2d 460, 466 (S.D.N.Y. 2013) ("*Twombly* and *Iqbal* have . . . 'retired' the *Conley* formulation.").

Under modern *Twombly/Iqbal* pleading standards, in order avoid dismissal under Rule 12(b)(6), plaintiffs are required to allege sufficient "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). In particular, plaintiffs must be cautious to avoid omitting any fact or allegation that could give rise to an inference that could "nudge[] their claims across the line from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (holding that the Second Circuit requires a complaint to include "'the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'") (quoting *Twombly*, 550 U.S. at 555 n.3 (further citation omitted)).

Here, eight different Plaintiffs bring twenty-five highly context-specific claims against five separate defendants. While related, the claims do not entirely overlap. The relevant events involved dozens of individuals and spanned a number of years. In view of the *Twombly/Iqbal* standard, Plaintiffs pleaded all reasonable information available to them that generate inferences relevant to their claims. Moreover, given the highly fact-specific, contextual analysis required for discrimination claims, they took pains to set out the full context surrounding their claims. *See Burlington No. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) ("[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed."); *O'Diah v. Oasis*, 954 F. Supp. 2d 261, 274 (S.D.N.Y. 2013) ("Context matters a great deal in employment discrimination cases.").

Defendants make much of the length of the Amended Complaint, but at 24 pages (or 111 paragraphs) per Plaintiff, is it not unusually long, and indeed is well within the normal range for such

claims.[1] Indeed, had Plaintiffs filed the "short and plain statement of the claim" Defendants demand in their motion (*see* Br. 2),[2] Defendants would no doubt have insisted that it lacked the detail required by *Twombly* and *Iqbal*, and in fact they have done exactly that in their Motion to Dismiss (*see* Dkt. No. 39). *See Barker v. Columbus Reg'l Healthcare Sys.*, 977 F. Supp. 2d 1341, 1345-46 (M.D. Ga. 2013) ("*Twombly* and *Iqbal* have wrought . . . a compulsion to file a motion to dismiss in every case"). In truth, the Amended Complaint was carefully drafted to balance the competing requirements of Rule 12(b)(6), Rules 8(a) and Rule 12(f).

## III. DEFENDANTS ARE NOT UNDULY PREJUDICED BY ANY ALLEGATIONS IN THE AMENDED COMPLAINT

A core failing of Defendants' motion is that does not address the basic requirement imposed by Rule 12(f) of establishing that Defendants have suffered prejudice from the Amended Complaint. No prejudice is even asserted. Their motion does not even contain the word.

"[A]bsent a showing of prejudice, [a] motion to strike must be denied." *County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002); *see also Tardif v. City of N.Y.*, No. 13-cv-4056 (KMW) (FM), 2015 U.S. Dist. LEXIS 169693, at *21-22; *Fleischer v. A.A.P., Inc.*, 180 F. Supp. 717, 721 (S.D.N.Y. 1959) ("immaterial allegations, and likewise verbose, conclusory, or evidentiary allegations, need not be stricken unless their presence in the complaint prejudices the defendant."). Prejudice may not be presumed; it must be established on the face of Defendants' motion, and the burden thus rests with the Defendants. *County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. at 153 ("mere assertions by the moving party that he is prejudiced are

---

[1] Defendants rely on *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006), in which the Second Circuit upheld the dismissal of a 57-page complaint, but omit to mention that it also held that "much of the complaint was incoherent."

[2] Notably, the four cases on which Defendants principally rely in construing Rule 8's "short and plain statement" requirement all predate *Twombly* and *Iqbal*. (*See* Br. 2, 4.)

insufficient."); *Fleischer v. A.A.P., Inc.*, 180 F. Supp. at 721 (prejudice is not shown by the mere "inclusion in the amended complaint of the verbose, immaterial, conclusory, or evidentiary matter").

In three places, Defendants allude vaguely to the supposed burden of having to "parse through extraneous and irrelevant material" (Br. 3, 8, 12-13), but they apparently had no difficulty in doing so. Defendants' motion to strike specifically references at least 187 individual paragraphs from Plaintiffs' Amended Complaint, ranging from paragraph 1 to paragraph 515.[3] Defendants' partial motion to dismiss cites to Plaintiffs' Amended Complaint with equal specificity. (*See generally* Dkt. No. 39.) In short, Defendants have reviewed Plaintiffs' Amended Complaint thoroughly, surmounting without evident difficulty any purported burden it has imposed.

Moreover, as is set out fully below, only a small percentage of the allegations in the Amended Complaint is genuinely in controversy. While increased time and expense can warrant a motion to strike under extreme circumstances, *see, e.g.*, *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992), Defendants come nowhere close to demonstrating that it would be appropriate here.[4]

Because Defendants have not met their burden of demonstrating prejudice, their motion to strike should be denied in its entirety.

---

[3] Plaintiffs' Claims for Relief begin at paragraph 517.

[4] To the extent that Defendants seek to argue in their reply that they have been prejudiced by the reputational harm associated with Plaintiffs' allegations, this overlooks, among other things, that many of the allegations they take issue with were already in the public domain. *See infra* at n. 11. In addition, any such argument would be untimely and should be rejected on that basis alone. *See Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 677 n.5 (S.D.N.Y. 1995) ("Arguments may not be made for the first time in a reply brief.").

## IV. NONE OF THE CHALLENGED ALLEGATIONS IS IMMATERIAL OR SCANDALOUS

Defendants' motion also fails for the separate and independent reason that none of the allegations they attack is "redundant, immaterial, impertinent, or scandalous," as Rule 12(f) requires. It is not even entirely clear which allegations Defendants seek to attack.[5] As best Plaintiffs can ascertain, Defendants take issue with 187 paragraphs in the Amended Complaint (approximately 20%), which they divide into four separate categories. The categories are incoherent and confusingly labelled, but Plaintiffs adopt them here for the sake of responding to Defendants' arguments.

### A. Allegations "Consisting of Argument, Hearsay, and Conjecture"[6]

Defendants attack a number of allegations in the Amended Complaint on the basis that they purportedly constitute "editorial commentary and speculation," in that they report how certain facts "seemed" or "appeared" to Plaintiffs or to others. (*See* Br. 4-5.)

Defendants offer no legal authority to support this argument. Nor could they. While Defendants self-servingly mischaracterize the allegations as impermissible "argument, hearsay, and conjecture," and "invective and argument," nowhere do they contend that they are "redundant, immaterial, impertinent, or scandalous," as is required for them to be stricken under Rule 12(f). "[A] sweeping, indiscriminate motion to strike, without any explanation as to how or why the targeted paragraphs are immaterial or redundant, does not contain the requisite 'particularity' or otherwise 'clearly' show that an order to strike is warranted." *Arias-Zeballos v. Tan*, No. 06 Civ 1268 (GEL),

---

[5] In the final paragraph of their motion, Defendants assert that "[i]t would be nearly impossible to isolate the objectionable portions of the Amended Complaint from the allegations that amount to appropriate pleading." (Br. 12.) In fact, this is precisely Defendants' burden on a motion to strike, and their failure to discharge it is telling.

[6] This apparently encompasses paragraphs 64, 76, 79, 81, 94, 104, 105, 107, 108, 117, 139, 140, 156, 209, 230, 234, 236, 243, 251, 252, 267, 281, 293, 304, 316, 318, 323, 346, 351, 353, 357, 359, 372, 378, 380, 385, 412, 417, 449, 473-76, 514, and 515.

2006 U.S. Dist. LEXIS 78884, at *29 (S.D.N.Y. Oct. 26, 2006).

In fact, in a complex discrimination case such as this, Plaintiffs' subjective views of the events transpiring around them are not only relevant, but essential to their claims. "The sufficiency of a hostile work environment claim is subject to both subjective and objective measurement: the plaintiff must demonstrate that she personally considered the environment hostile, and that the environment rose to some objective level of hostility." *Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 188 (2d Cir. 2001). In this context, assertions regarding Plaintiffs' or others' subjective perspectives are statements of fact forming the basis for Plaintiffs' claims, and are entirely relevant and appropriate to include in the Amended Complaint. Defendants' motion to strike these allegations should be denied.

B. Allegations Containing "Background Information"[7]

Defendants also lodge a series of challenges to categories of allegations they characterize as "immaterial background information." (*See* Br. 6-11.) Included in these categories are 11 paragraphs discussing the origins of Mount Sinai Global Health and its transformation into the Arnhold Institute for Global Health (the "Institute" or "AIGH"), 22 paragraphs relating to Singh's candidacy and selection as Director of the Institute, and 25 paragraphs outlining the professional experiences of four of the Plaintiffs. In fact, all of the allegations are squarely relevant to Plaintiffs' claims, and none is redundant, immaterial, impertinent or scandalous.

1. *Background Information on Mount Sinai Global Health and Singh's Selection as Director Is Relevant and Not Prejudicial*

Defendants describe the historical facts relating to the creation and evolution of Mount Sinai Global Health and Charney's selection of Singh as the inaugural director of the Institute as

[7] This apparently encompasses paragraphs 38-49, 67, 69, 70, 72, 81-86, 90, 92, 94-102, 160-65, 192-205, 298, 301, and 339-41.

"superfluous" and unnecessary. (Br. 7).

As a threshold matter, "'allegations in a complaint which supply background or historical material or which are of an evidentiary quality will not be stricken unless unduly prejudicial to defendant.'" *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 638 (S.D.N.Y. 1975) (quoting *South Side Drive-In Co. v. Warner Bros. Pictures Dist. Corp.*, 30 F.R.D. 32, 34 (E.D. Pa. 1962)); *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) (quoting *Fuchs*, 402 F. Supp. at 638). As shown above, Defendants have asserted no prejudice anywhere in their motion, let alone with respect to these uncontroversial background facts.

In any event, the allegations that Defendants challenge go directly to core elements of Plaintiffs' claims, in that they evidence both Charney's discriminatory conduct and the extent of the harm he inflicted on Plaintiffs. Together, Holly Atkinson and Natasha Anushri Anandaraja helped grow MSGH into "one of the leading global health centers in the country and a crown jewel of Mount Sinai," (*id.* ¶ 41), so much so that the Arnhold Foundation and the Mulago Foundation donated $12.5 million to further their work. (*Id.* ¶¶ 45-48.) When Charney elevated Singh despite his youth and obvious lack of professional experience, (*see id.* ¶¶ 81-102), he was discriminating against Plaintiffs and others based on their gender and age, and enabling others (chiefly Singh) to do the same. (*See, e.g., id.* ¶¶ 142, 156, 434-35, 465).

2. *Plaintiffs' Biographical Information Is Relevant and Not Prejudicial*

Biographical information concerning the Plaintiffs is similarly relevant and not prejudicial. Under the *McDonnell-Douglas* burden-shifting framework, Plaintiffs must establish a prima facie case of discrimination by showing (1) that they were members of a protected class; (2) they were qualified for the positions they held; (3) they suffered an adverse employment action; and (4) the adverse action occurred under facts raising an inference of discriminatory motive. *McDonnell*

*Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Plaintiffs' biographical backgrounds and their roles in the growth and success of Mount Sinai Global Health, and later the Institute, not only establish the necessary facts to show they were qualified for their jobs, but also that their adverse treatment was not performance-related, giving rise to an inference of discrimination, as does Charney's haphazard selection of Singh as the Director of the Institute. These allegations are thus entirely proper and should not be stricken.

3. *Allegations Concerning Charney Are Relevant and Admissible*[8]

Defendants attack three paragraphs in which Plaintiffs succinctly set out facts relating to Charney's reputation for having a volatile, unforgiving temperament, and for disregarding procedures. (*See* Br. 9.) They do so on the basis that they purportedly "bear no relationship to any question in this case and are designed merely to tarnish Charney's reputation." (*Id.*)

This is plainly wrong. Charney's propensity to yell at and bully others, including at a highly qualified female candidate for the role of director of the Institute (whom he called an "IDIOT" in red capital letters), (Am. Compl. ¶¶ 9, 62, 516), is relevant to Plaintiffs' claims that he engaged in discriminatory conduct. So too are Plaintiffs' allegations that he fostered a macho, "tough guy" management style, and that he has a tendency to override proper procedures. (*Id.* ¶¶ 9, 53).

While Charney may find the allegations uncomfortable, or worry that they reflect badly on his character,[9] that alone is not a basis for striking them. *See Wahlstrom v. Metro-North Commuter R.R. Co.*, No. 96-cv-3589 (PKL), 1996 U.S. Dist. LEXIS 17479, at *8-9 (S.D.N.Y. Nov. 25, 1996)

---

[8] This apparently encompasses paragraphs 53-55.

[9] Defendants characterize the Amended Complaint as a "malicious instrument of character assassination" (Br. 1), but Plaintiffs are not responsible for the fact that their well-pleaded and sober allegations reflect badly on Defendants' characters.

("although the allegations do not cast a positive light upon the defendant, they are not so unduly prejudicial to the defendant that striking the paragraphs is warranted"); *Weng v. Solis*, 842 F. Supp. 2d 147, 161 (D.D.C. 2012) ("The fact that Plaintiff's allegations may cast the [defendant] in a 'derogatory light' is insufficient to warrant the striking of allegations from a complaint.").[10] Again, to prevail, Defendants must also show that no evidence in support of the allegations would be admissible, that they have no bearing on the issues in the case, and that permitting them to stand would prejudice Defendants.[11] *SEC v. Lee*, 720 F. Supp. 2d at 340-41. Defendants have not met one of these requirements, let alone all three.

4. *Allegations Concerning Singh Are Relevant and Admissible*[12]

Defendants also seek to strike paragraphs in which Plaintiffs set forth the context of the hostile work environment Singh and the other Defendants created at AIGH. (*See* Br. 11.) Defendants' challenge centers predominantly on Singh's misconduct in respect of the ATLAS program, including his false representations to federal agencies and breaches of privacy involving patients' medical information. (Am. Compl. ¶¶ 237, 274, 289). Again, Defendants signally fail to demonstrate that any of the allegations are either redundant, immaterial, impertinent, or scandalous.

On the contrary, the circumstances surrounding the environment created within the ATLAS program are directly relevant to Plaintiffs' claims. Atkinson and Anandaraja have each alleged, in connection with their age-based discrimination claims, that Singh and Charney set out to eliminate

---

[10] Defendants quote from *Cabble v. Rollieson*, No. 04-cv-9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, *32 (S.D.N.Y. Feb. 27, 2006. (Br. n .2. ("A 'scandalous' allegation is one that 'reflects unnecessarily on the defendant's moral character. . . . Even where matter in a pleading is relevant to the controversy, it nonetheless may be struck if it is scandalous or set out in 'needless detail.'").) The key words in this excerpt are "*unnecessarily*" and "*needless*." All of the allegations in the Amended Complaint are both relevant to Plaintiffs' claims and concisely set out.

[11] All of the allegations that Defendants challenge were already in the public domain, and as such there can be no prejudice to Defendants from including them in the Amend Complaint.

[12] This apparently encompasses paragraphs 66, 78, 90, 107-110, 135-37, 230-39, 255-93, 320-23, and 344.

the "legacy staff" and all "legacy initiatives." (Am. Compl. ¶¶ 119-23, 142-43, 213-14.) As he was cutting these "legacy initiatives" under the pretense of budget constraints, Singh hired younger, male staffers and launched new initiatives without affording Atkinson, Anandaraja and other "legacy staff" an equal opportunity to participate in them because of their age and sex. (*Id.* ¶ 230.) ATLAS was one of these new initiatives. (*Id.* ¶ 129.)

Fascinated more with "riding the wave of 'tech' and artificial intelligence" (*id.* ¶ 233) than with global health, Singh sought out young "Silicon Valley-type" males who he thought would appeal to similar "Silicon Valley-type" male investors to attract funding. (*Id.* ¶¶ 181, 235-36.) He thus hired Abdulrahman El-Sayed (who had scant background in global health) and James Faghmous at a time when he demoted Atkinson and Anandaraja, reduced their compensation, and ultimately drove them to resign. (*Id.* ¶¶ 129, 231.) El-Sayed quickly left AIGH for another opportunity, and Faghmous became so uneasy about Singh's repeated lying about ATLAS's capabilities that he decided to leave. (*Id.* ¶ 239, 241.)

Rather than hire another high-priced man to take over Faghmous's ATLAS responsibilities, Singh tasked Emilie Bruzelius with them, although he gave her no promotion or raise for the added work. (*Id.* ¶¶ 244-45.) Indeed, Bruzelius was paid less than male colleagues she supervised. (*Id.* ¶¶ 245-48.) When she later raised concerns about Singh's serious disregard for standard compliance requirements, Singh mocked her and discredited her concerns. (*Id.* ¶ 266.) To the extent this hostility can be construed as facially neutral, it is nonetheless evidence of sex-based discrimination at AIGH. *See Alfano v. Costello*, 294 F.3d 365, 375 (2d Cir. 2002) ("There is little question that incidents that are facially sex-neutral may sometimes be used to establish a course of sex-based discrimination—for example, where the same individual is accused of multiple acts of harassment, some overtly sexual and some not."); *Moll v. Telesector Res. Group, Inc.*, 760 F.3d 198, 203 (2d Cir. 2014) ("Facially

[sex-]neutral incidents may be included . . . among the 'totality of circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact based on sex." (quoting *Alfano*, 294 F.3d at 378)).

After Plaintiff Humale Khan blew the whistle on Singh's made-up claims about the supposedly wonderful performance of ATLAS, Singh openly questioned his mental health. (Am. Compl. ¶ 296.) Singh's disregard for basic honesty and insistence that employees overlook material misrepresentations and violations was another way he intimidated them and made them nervous about whether they could ever stand on firm ground with him. (*Id.* ¶ 293.) In short, his handling of ATLAS illustrates the management techniques he used to turn AIGH into a hostile environment, and is thus directly relevant to Plaintiffs' claims.[13]

Once again, the fact that Singh may be embarrassed by the allegations is immaterial. *See Wahlstromm*, 1996 U.S. Dist. LEXIS 17479; *Weng v. Solis*, 842 F. Supp. 2d 147. His attempt to characterize them as "ad hominem" and "gratuitous personal attacks" is not only false, but misses the point. His conduct *is what is in issue*. It has given rise to actionable legal claims, and Plaintiffs have properly pled the allegations necessary to advance them.

## V. POST-FILING EVENTS IN THE AMENDED COMPLAINT WERE PROPERLY PLEADED UNDER RULE 15(A)

Elevating form over substance, Defendants argue that eighteen paragraphs[14] in Plaintiffs' Amended Complaint should be struck because they were not accompanied by a Rule 15(d) motion.

[13] Defendants also seek to strike ¶¶ 107-110 and 344 as "inadmissible hearsay." (*See* Br. 11.) But Defendants make no showing that these statements constitute hearsay. They do not even assert the purpose for which this information is allegedly to be introduced, such that the Court can determine whether it is offered to prove the truth of the matter asserted. In fact, in the very case Defendants rely upon, the Court *denied* the motion to strike because the court could "conceive of possible circumstances in which the [evidence] might be admissible." *Tucker v. Am. Int'l Group, Inc.*, 936 F. Supp. 1, 24-25 (D. Conn. 2013).

[14] Specifically, paragraphs 13, 14, 15, and 467-482.

(*See* Br. 12.) As an initial matter, Defendants overlook that Plaintiffs were under an obligation pursuant to Rule 11 to ensure that all factual allegations asserted in the Amended Complaint are true and correct. Accordingly, where relevant facts changed subsequent to the filing of the original Complaint (*e.g.*, regarding Singh's employment status), Plaintiffs were under an obligation to correct the record in their Amended Complaint.

In any event, leave to file a supplemental pleading is "normally granted, especially when the opposing party is not prejudiced by the supplemental pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). As shown above, Defendants have suffered no prejudice from Plaintiffs' Amended Complaint. Moreover, they have had adequate opportunity to assert their position in their motion to strike, obviating their procedural challenge to Plaintiffs' Amended Complaint. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("At base, the [Federal] Rules [of Civil Procedure] command us never to exalt form over substance. We will therefore excuse technical pleading irregularities as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party.").

Finally, all of the allegations are relevant to Plaintiffs' claims. Defendants take particular issue that the Amended Complaint references the fact that hundreds of current and former faculty, alumni and students of Mount Sinai signed public letters backing Plaintiffs, which Defendants dismiss as "self-congratulatory" and an "*ad populum* appeal." They are no such thing. Plaintiffs must prove their claims in this Court, but the overwhelming response of Mount Sinai's faculty, alumni and students is at the very least circumstantial evidence in support of Plaintiffs' allegations that the Institute is a toxic workplace beset with discrimination.

Accordingly, to the extent the Court is inclined to entertain Defendants' procedural argument, Plaintiffs respectfully request that the Court retrospectively grant Plaintiffs permission to supplement

the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety.

Dated: October 17, 2019

Respectfully submitted,

BY: s/ John F.O. McAllister

John F.O. McAllister
New York Bar License 2219335 (JM 9272)
McALLISTER OLIVARIUS
63 Putnam Street
Saratoga Springs, New York 12866
Telephone: (518) 682-6802
E-mail: jmcallister@mcolaw.com

BY: s/ Paul Hughes

Paul Hughes
New York Bar License 4751475 (PH 2049)
McALLISTER OLIVARIUS
63 Putnam Street
Saratoga Springs, New York 12866
Telephone: (518) 682-6802
E-mail: phughes@mcolaw.com

*Counsel for Plaintiffs*