UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. HOLLY ATKINSON,
DR. NATASHA ANUSHRI ANANDARAJA,
DR. STELLA SAFO,
MARY CALIENDO,
HUMALE KHAN,
GERALDINE LLAMES,
AMANDA MISITI, and
EMILIE BRUZELIUS,

Plaintiffs,

v.

DR. PRABHJOT SINGH,
DR. DENNIS S. CHARNEY,
BRUNO SILVA,
DAVID BERMAN, and
MOUNT SINAI HEALTH SYSTEM, INC.,

Defendants.

Civil Action No.: 1:19-cv-03779-VSB

**DEFENDANT DR. PRABHJOT SINGH'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Dr. Prabhjot Singh ("Singh" or "defendant") by his attorneys Proskauer Rose LLP, answers the First Amended Complaint ("Amended Complaint"), as follows:

1. Denies that plaintiffs are entitled to relief under any of the statutes cited in Paragraph 1.

2. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except admits that plaintiffs are current and former employees of the Arnhold Institute for Global Health ("AIGH" or the "Institute") at the Icahn School of Medicine at Mount Sinai.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits defendant was hired as Director of AIGH.

4. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 4, except admits defendant was a resident and assistant professor at Columbia University.

5. Denies the allegations in Paragraph 5.

6. Denies the allegations in Paragraph 6, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that employees began taking notes during conversations, and the alleged ailments the "13 women" allegedly suffered from.

7. Denies the allegations in Paragraph 7.

8. Denies the allegations in Paragraph 8, except admits that David Berman was Chief of Staff of AIGH.

9. Denies the allegations in Paragraph 9.

10. Denies the allegations in Paragraph 10.

11. Denies the allegation in Paragraph 11 that defendant picked on older women, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admits an Oversight Committee was created to support defendant's management.

12. Denies the allegations in Paragraph 12, except admits that at the time the Amended Complaint was filed, Charney was Dean of the Icahn School of Medicine at Mount Sinai.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Denies the allegations in Paragraph 14 and avers that the email and announcement speak for themselves.

15. Denies the allegations in Paragraph 15.

16. Respectfully declines to respond to the allegations in Paragraph 16 on the ground

that it relates to claims that have been dismissed from the action.

17. Respectfully declines to respond to the allegations in Paragraph 17 on the ground that it relates to claims that have been dismissed from the action.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except admits that Stella Safo worked at AIGH while defendant was employed there.

19. Respectfully declines to respond to the allegations in Paragraph 19 on the ground that it relates to claims that have been dismissed from the action.

20. Respectfully declines to respond to the allegations in Paragraph 20 on the ground that it relates to claims that have been dismissed from the action.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except admits that Geraldine Llames worked at AIGH while defendant was employed there.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except admits that Amanda Misiti worked at in AIGH while defendant was employed there.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except admits that Emilie Bruzelius worked at AIGH while defendant was employed there.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, except admits that defendant is an individual domiciled in the State of New York and was employed by the Icahn School of Medicine at Mount Sinai.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admits that Dr. Dennis S. Charney was employed by the Icahn School of Medicine at Mount Sinai while defendant worked there.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, except admits Bruno Silva was employed by the Icahn School of Medicine at Mount Sinai while defendant worked there.

29. Respectfully declines to respond to the allegations in Paragraph 29 on the ground that it relates to claims that have been dismissed from the action.

30. Denies the allegations in Paragraph 30, except admits that plaintiffs purport to assert claims under the statutes referred to therein.

31. Admits the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32, except admits that venue is proper in this District.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, except admits that Dr. Phil Landrigan, Dr. Holly Atkinson and Elena Rahona held positions at the Icahn School of Medicine at Mount Sinai.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, except denies that by 2014, Mount Sinai Global Health ("MSGH") had become one of the leading global health centers in the country.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, except admits the Arnhold family ran two foundations, the family had made periodic donations over the years, in 2013 the family made a $12.5 million donation and refers to the gift agreements for details.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except admits additional gift of $15 million in December 2015.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, except admits the Institute moved into new offices in summer 2015.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Charney was the final decision maker regarding whether defendant should be AIGH

Director and states he was an assistant professor of International and Public Affairs at Columbia University since 2011 and obtained two bachelor's degrees: a B.S. in Biology and a B.A. in History. Defendant otherwise admits the allegations in Paragraph 68.

69. Admits the allegations in Paragraph 69.

70. Denies the allegations in Paragraph 70, except admits that defendant was a member of the Global Health Committee of the Associated Medical Schools of New York.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admits defendant was in touch with Landrigan and Dr. Natasha Anandaraja prior to his hire and that defendant did not apply for the Director position, but arranged a meeting with Landrigan to discuss his future at Mount Sinai.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, except admits defendant received an email from Anandaraja for the search, defendant provided Anandaraja and Dr. Sigrid Hahn three names, and defendant did not include himself. Defendant denies the names provided were too inexperienced or otherwise unsuitable.

74. Denies the allegations in Paragraph 74, except admits that defendant commented "tough crowd."

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79, except admits that defendant's official interview, lecture and visit to AIGH occurred on December 16, 2014.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. Denies the allegations in Paragraph 81, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of the search committee's metrics and requirements of a director of a global health institute.

82. Denies the allegations in Paragraph 82, except admits that defendant's funding came primarily from private foundation grants.

83. Denies the allegations in Paragraph 83, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of how defendant's CV compared to Steffanie Strathdee's.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether other publications contribute to authors' reputations and that peer-reviewed articles are critical for proving the quality and influence of scholarly work. Further, defendant avers that the Mount Sinai guidelines speak for themselves.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87 and avers that there are varying reasons in different fields why authors are listed in a certain order.

88. Denies the allegations in Paragraph 88, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of what Mount Sinai recognizes and avers that the Mount Sinai guidelines speak for themselves.

89. Denies the allegations in Paragraph 89, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Mount Sinai requires the National Library of Medicine ("NLM") format and the NLM format is the most widely accepted format for medical publications.

90. Denies the allegations in Paragraph 90 and avers that the CV speaks for itself.

91. Denies the allegations in Paragraph 91.

92. Denies the allegations in Paragraph 92.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, except denies the only peer-reviewed research article in global health defendant ever published was an evaluation of the Millennium Villages Project.

94. Denies the allegations in Paragraph 94.

95. Denies the allegations in Paragraph 95.

96. Denies the allegations in Paragraph 96.

97. Denies the allegations in Paragraph 97.

98. Denies the allegations in Paragraph 98.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Robert Wood Johnson Foundation indicates that Manmeet Kaur was the sole responsible party, otherwise admits the allegations in Paragraph 99.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegation of what the Gates Foundation's online database displays, otherwise admits the allegations in Paragraph 100.

101. Denies the allegations in Paragraph 101 and avers that no changes were requested of his CV during the hiring process and that the Mount Sinai guidelines were followed when applicable.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, except admits defendant met Elizabeth Stern in May or June 2015.

106. Denies the allegations in Paragraph 106, except admits meeting with Stern and denies knowledge or information sufficient to form a belief as to the truth of the allegations of Stern's impressions and opinions and what Stern told Dr. Ramon Murphy.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109. Denies the allegations in Paragraph 109, except admits the article cited by plaintiffs, which is dated a year after defendant became Director.

110. Denies the allegations in Paragraph 110, except admits that Dr. Jeffrey Sachs was engaged by Mount Sinai as a consultant advisor and Sachs developed a professional relationship over a year after defendant became Director.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, except admits defendant was hired February 2015.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113. Denies the allegations in Paragraph 113, except admits that defendant was offered the position of Director of AIGH and Vice Chair in the Department of Medicine.

114. Denies the allegations in Paragraph 114, except admits that Landrigan had interim oversight responsibility until defendant's start date and that defendant began meeting with Charney before his start date.

115. Denies the allegations in Paragraph 115, except admits to brief meetings with as many MSGH staff as possible on April 7, 2015, due to constraints in his clinical schedule.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117. Denies the allegations in Paragraph 117.

118. Denies the allegations in Paragraph 118, except admits defendant hired an outside consultant to do an overview assessment of AIGH, and had communications with them, the contents of which speak for themselves.

119. Respectfully declines to respond to the allegations in Paragraph 119 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

120. Respectfully declines to respond to the allegations in Paragraph 120 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits overseeing AIGH's finances.

121. Denies the allegations in Paragraph 121, except states Tal Recanati was Chair of the MSGH Advisory Board, and admits Recanati hosted a welcome event for defendant at her home, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that defendant referenced the Advisory Board as "ladies who lunch."

122. Denies the allegations in Paragraph 122, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of what Murphy wrote to Stern and states defendant and Charney agreed on needing an external advisory group review.

123. Denies the allegations in Paragraph 123, except admits that the MSGH Advisory Board terminated after Singh became Director of AIGH.

124. Denies the allegations in Paragraph 124, except admits defendant referred to AIGH as an academic start-up, balanced budgetary constraints with new investments, and knew some new hires professionally or as acquaintances by way of his personal contacts.

125. Denies the allegations in Paragraph 125, except admits that defendant recruited Dr. Abdulrahman M. El-Sayed to become AIGH's Associate Director and that El-Sayed was also offered a position as an Associate Professor, El-Sayed is a former Rhodes Scholar and had previously been an Assistant Professor of Epidemiology at Columbia. Further, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation of El-Sayed's age.

126. Denies the allegations in Paragraph 126, except admits defendant informed El-Sayed of the job offer prior to informing MSGH Center members.

127. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128. Denies the allegations in Paragraph 128, except admits that El-Sayed occasionally visited Mount Sinai and that El-Sayed took a job in Michigan before his AIGH start date.

129. Respectfully declines to respond to the allegations in Paragraph 129 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations in Paragraph 129, except admits that AIGH was not struggling financially or unwilling to spend from the Arnhold donation.

130. Denies the allegations in Paragraph 130, except admits to making hires by utilizing his professional contacts.

131. Respectfully declines to respond to the allegations in Paragraph 131 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits that Dr. Sandeep Kishore was offered the position of Associate Director, but denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the position Kishore was "originally offered."

132. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, except admits that Berman was hired as AIGH's Chief of Staff.

133. Denies the allegations in Paragraph 133, except admits that defendant hired Kirsten Knaup as AIGH's Chief Operating Officer.

134. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, except denies all new hires were friends or professional contacts of defendant.

135. Denies the allegations in Paragraph 135, except admits the quoted statements

attributed to him.

136. Denies the allegations in Paragraph 136.

137. Denies the allegations in Paragraph 137, except admits defendant encouraged employees to work with the consultants.

138. Denies the allegations in Paragraph 138.

139. Respectfully declines to respond to the allegations in Paragraph 139 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

140. Respectfully declines to respond to the allegations in Paragraph 140 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

141. Respectfully declines to respond to the allegations in Paragraph 141 on the ground that it relates to claims that have been dismissed from the action.

142. Respectfully declines to respond to the allegations in Paragraph 142 on the ground that it relates to claims that have been dismissed from the action.

143. Respectfully declines to respond to the allegations in Paragraph 143 on the ground that it relates to claims that have been dismissed from the action.

144. Respectfully declines to respond to the allegations in Paragraph 144 on the ground that it relates to claims that have been dismissed from the action.

145. Respectfully declines to respond to the allegations in Paragraph 145 on the ground that it relates to claims that have been dismissed from the action.

146. Respectfully declines to respond to the allegations in Paragraph 146 on the ground that it relates to claims that have been dismissed from the action.

147. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148. Denies the allegations in Paragraph 148 and states that Rahona was an MSGH administrator and informed defendant she wanted to work on strategy, not administrative work.

149. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, except denies defendant "decided to replace her without notice or explanation."

150. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151. Denies the allegations in Paragraph 151, except admits defendant agreed to speak to Rahona by phone.

152. Denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that defendant told Rahona "I don't have a lot of time," and said "Is this about the position? I'm not supposed to have to deal with this."

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, except denies the allegation that defendant berated Rahona for not being a "team player."

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, except denies the allegations regarding defendant's treatment of Rahona. Further, defendant avers that she did not report to him and he did not hire her.

155. Denies the allegations in Paragraph 155, except admits Knaup was hired through a job posting and became AIGH's Chief Operating Officer.

156. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 156, except denies that defendant continued to ignore Rahona and assign her low-level administrative tasks.

157. Denies the allegations in Paragraph 157, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Rahona's thoughts and states defendant offered Rahona the opportunity to design a fellowship program in light of her stated interest in strategy and program development.

158. Denies the allegations in Paragraph 158, except admits reaching out to Rahona to ask whether she was interested in remaining at AIGH.

159. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160. Respectfully declines to respond to the allegations in Paragraph 160 on the ground that it relates to claims that have been dismissed from the action.

161. Respectfully declines to respond to the allegations in Paragraph 161 on the ground that it relates to claims that have been dismissed from the action.

162. Respectfully declines to respond to the allegations in Paragraph 162 on the ground that it relates to claims that have been dismissed from the action.

163. Respectfully declines to respond to the allegations in Paragraph 163 on the ground that it relates to claims that have been dismissed from the action.

164. Respectfully declines to respond to the allegations in Paragraph 164 on the ground that it relates to claims that have been dismissed from the action.

165. Respectfully declines to respond to the allegations in Paragraph 165 on the ground that it relates to claims that have been dismissed from the action.

166. Respectfully declines to respond to the allegations in Paragraph 166 on the ground

that it relates to claims that have been dismissed from the action.

167. Respectfully declines to respond to the allegations in Paragraph 167 on the ground that it relates to claims that have been dismissed from the action.

168. Respectfully declines to respond to the allegations in Paragraph 168 on the ground that it relates to claims that have been dismissed from the action.

169. Respectfully declines to respond to the allegations in Paragraph 169 on the ground that it relates to claims that have been dismissed from the action.

170. Respectfully declines to respond to the allegations in Paragraph 170 on the ground that it relates to claims that have been dismissed from the action.

171. Respectfully declines to respond to the allegations in Paragraph 171 on the ground that it relates to claims that have been dismissed from the action.

172. Respectfully declines to respond to the allegations in Paragraph 172 on the ground that it relates to claims that have been dismissed from the action.

173. Respectfully declines to respond to the allegations in Paragraph 173 on the ground that it relates to claims that have been dismissed from the action.

174. Respectfully declines to respond to the allegations in Paragraph 174 on the ground that it relates to claims that have been dismissed from the action.

175. Respectfully declines to respond to the allegations in Paragraph 175 on the ground that it relates to claims that have been dismissed from the action.

176. Respectfully declines to respond to the allegations in Paragraph 176 on the ground that it relates to claims that have been dismissed from the action.

177. Respectfully declines to respond to the allegations in Paragraph 177 on the ground that it relates to claims that have been dismissed from the action.

178. Respectfully declines to respond to the allegations in Paragraph 178 on the ground that it relates to claims that have been dismissed from the action.

179. Respectfully declines to respond to the allegations in Paragraph 179 on the ground that it relates to claims that have been dismissed from the action.

180. Respectfully declines to respond to the allegations in Paragraph 180 on the ground that it relates to claims that have been dismissed from the action.

181. Respectfully declines to respond to the allegations in Paragraph 181 on the ground that it relates to claims that have been dismissed from the action.

182. Respectfully declines to respond to the allegations in Paragraph 182 on the ground that it relates to claims that have been dismissed from the action.

183. Respectfully declines to respond to the allegations in Paragraph 183 on the ground that it relates to claims that have been dismissed from the action.

184. Respectfully declines to respond to the allegations in Paragraph 184 on the ground that it relates to claims that have been dismissed from the action.

185. Respectfully declines to respond to the allegations in Paragraph 185 on the ground that it relates to claims that have been dismissed from the action.

186. Respectfully declines to respond to the allegations in Paragraph 186 on the ground that it relates to claims that have been dismissed from the action.

187. Respectfully declines to respond to the allegations in Paragraph 187 on the ground that it relates to claims that have been dismissed from the action.

188. Respectfully declines to respond to the allegations in Paragraph 188 on the ground that it relates to claims that have been dismissed from the action.

189. Respectfully declines to respond to the allegations in Paragraph 189 on the ground

that it relates to claims that have been dismissed from the action.

190. Respectfully declines to respond to the allegations in Paragraph 190 on the ground that it relates to claims that have been dismissed from the action.

191. Respectfully declines to respond to the allegations in Paragraph 191 on the ground that it relates to claims that have been dismissed from the action.

192. Respectfully declines to respond to the allegations in Paragraph 192 on the ground that it relates to claims that have been dismissed from the action.

193. Respectfully declines to respond to the allegations in Paragraph 193 on the ground that it relates to claims that have been dismissed from the action.

194. Respectfully declines to respond to the allegations in Paragraph 194 on the ground that it relates to claims that have been dismissed from the action.

195. Respectfully declines to respond to the allegations in Paragraph 195 on the ground that it relates to claims that have been dismissed from the action.

196. Respectfully declines to respond to the allegations in Paragraph 196 on the ground that it relates to claims that have been dismissed from the action.

197. Respectfully declines to respond to the allegations in Paragraph 197 on the ground that it relates to claims that have been dismissed from the action.

198. Respectfully declines to respond to the allegations in Paragraph 198 on the ground that it relates to claims that have been dismissed from the action.

199. Respectfully declines to respond to the allegations in Paragraph 199 on the ground that it relates to claims that have been dismissed from the action.

200. Respectfully declines to respond to the allegations in Paragraph 200 on the ground that it relates to claims that have been dismissed from the action.

201. Respectfully declines to respond to the allegations in Paragraph 201 on the ground that it relates to claims that have been dismissed from the action.

202. Respectfully declines to respond to the allegations in Paragraph 202 on the ground that it relates to claims that have been dismissed from the action.

203. Respectfully declines to respond to the allegations in Paragraph 203 on the ground that it relates to claims that have been dismissed from the action.

204. Respectfully declines to respond to the allegations in Paragraph 204 on the ground that it relates to claims that have been dismissed from the action.

205. Respectfully declines to respond to the allegations in Paragraph 205 on the ground that it relates to claims that have been dismissed from the action.

206. Respectfully declines to respond to the allegations in Paragraph 206 on the ground that it relates to claims that have been dismissed from the action.

207. Respectfully declines to respond to the allegations in Paragraph 207 on the ground that it relates to claims that have been dismissed from the action.

208. Respectfully declines to respond to the allegations in Paragraph 208 on the ground that it relates to claims that have been dismissed from the action.

209. Respectfully declines to respond to the allegations in Paragraph 209 on the ground that it relates to claims that have been dismissed from the action.

210. Respectfully declines to respond to the allegations in Paragraph 210 on the ground that it relates to claims that have been dismissed from the action.

211. Respectfully declines to respond to the allegations in Paragraph 211 on the ground that it relates to claims that have been dismissed from the action.

212. Respectfully declines to respond to the allegations in Paragraph 212 on the ground

that it relates to claims that have been dismissed from the action.

213. Respectfully declines to respond to the allegations in Paragraph 213 on the ground that it relates to claims that have been dismissed from the action.

214. Respectfully declines to respond to the allegations in Paragraph 214 on the ground that it relates to claims that have been dismissed from the action.

215. Respectfully declines to respond to the allegations in Paragraph 215 on the ground that it relates to claims that have been dismissed from the action.

216. Respectfully declines to respond to the allegations in Paragraph 216 on the ground that it relates to claims that have been dismissed from the action.

217. Respectfully declines to respond to the allegations in Paragraph 217 on the ground that it relates to claims that have been dismissed from the action.

218. Respectfully declines to respond to the allegations in Paragraph 218 on the ground that it relates to claims that have been dismissed from the action.

219. Respectfully declines to respond to the allegations in Paragraph 219 on the ground that it relates to claims that have been dismissed from the action.

220. Respectfully declines to respond to the allegations in Paragraph 220 on the ground that it relates to claims that have been dismissed from the action.

221. Respectfully declines to respond to the allegations in Paragraph 221 on the ground that it relates to claims that have been dismissed from the action.

222. Respectfully declines to respond to the allegations in Paragraph 222 on the ground that it relates to claims that have been dismissed from the action.

223. Respectfully declines to respond to the allegations in Paragraph 223 on the ground that it relates to claims that have been dismissed from the action.

224. Respectfully declines to respond to the allegations in Paragraph 224 on the ground that it relates to claims that have been dismissed from the action.

225. Respectfully declines to respond to the allegations in Paragraph 225 on the ground that it relates to claims that have been dismissed from the action.

226. Respectfully declines to respond to the allegations in Paragraph 226 on the ground that it relates to claims that have been dismissed from the action.

227. Respectfully declines to respond to the allegations in Paragraph 227 on the ground that it relates to claims that have been dismissed from the action.

228. Respectfully declines to respond to the allegations in Paragraph 228 on the ground that it relates to claims that have been dismissed from the action.

229. Respectfully declines to respond to the allegations in Paragraph 229 on the ground that it relates to claims that have been dismissed from the action.

230. Denies the allegations in Paragraph 230, except admits defendant started developing projects.

231. Denies the allegations in Paragraph 231, except admits El-Sayed recruited Dr. James Faghmous to join AIGH as its Chief Technology Officer, Faghmous came from a tech background, and Faghmous accepted the position. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Faghmous' relationship with El-Sayed and Faghmous' thoughts.

232. Admits the allegations in Paragraph 232.

233. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, except admits defendant was enthusiastic about the prospect of AIGH developing a digital atlas of health care information that would help rural health care

workers direct resources more accurately, which was called ATLAS.

234. Denies the allegations in Paragraph 234; except admits Faghmous' duties included work associated with ATLAS, developing AIGH's technology infrastructure, creating concrete projects that integrated social, economic and health data, hiring new staff and creating a strong Data Science team. Further, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Faghmous' interests and intentions.

235. Denies the allegations in Paragraph 235, except admits in June 2016, defendant requested that Faghmous fly to Seattle with him and Berman to pitch ATLAS to Dr. Trevor Mundel to gain funding.

236. Denies the allegations in Paragraph 236, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Faghmous found the meeting excruciating and that defendant had a verbal disagreement with Saara Romu, a program officer at the Gates Foundation.

237. Denies the allegations in Paragraph 237 and avers that Faghmous was always the primary lead on ATLAS; except denies knowledge or information sufficient to form a belief as to the truth Faghmous' thoughts and feelings; and admits in the fall of 2016, Faghmous presented ATLAS at a USAID innovation competition and ATLAS partnered with Dimagi and received a $300,000 grant for a one-year pilot program to develop proof-of-concept in Guatemala.

238. Denies the allegations in Paragraph 238, except admits defendant presented ATLAS as a project of the Institute.

239. Denies the allegations in Paragraph 239; except denies knowledge or information sufficient to form a belief as to the truth of the allegations that by summer 2017, Faghmous could not justify staying at AIGH and that Faghmous did not want to be responsible for or legitimize

ATLAS; and admits that he left AIGH in 2017.

240. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, except admits Bruzelius was pursuing doctoral studies at Columbia University.

241. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, except admits Bruzelius was hired by the Icahn School of Medicine at Mount Sinai to do the stated responsibilities and avers that she was hired to work for Faghmous.

242. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, except admits Bruzelius originally worked almost exclusively with Faghmous and denies she was one of the most productive researchers in the Institute.

243. Denies the allegations in Paragraph 243, except admits Bruzelius initially had minimal contact with defendant and defendant once approached her and inquired about her paper being declined by a journal.

244. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, except denies in fall 2017, defendant asked Bruzelius to take over Faghmous' research and management of the Data Science Research team after Faghmous' departure and admits that for a short time she reported directly to defendant until a new manager was brought in.

245. Denies the allegations in Paragraph 245, except admits Bruzelius did not receive a promotion and denies knowledge or information sufficient to form a belief as to the truth of the allegation of whether she enjoyed the work.

246. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246.

247. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247.

248. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

249. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, except denies stating to Knaup that defendant decided not to offer Bruzelius any pay raise because defendant thought her "weak," "too collaborative" and "did not like" her.

250. Denies the allegations in Paragraph 250.

251. Denies the allegations in Paragraph 251, except admits defendant did not keep track of Bruzelius' working hours.

252. Denies the allegations in Paragraph 252, except admits defendant welcomed Bruzelius' advanced research and statistical skills and avers that defendant praised her work publicly and introduced her to external collaborators after the team's work was completed.

253. Denies the allegations in Paragraph 253, except admits defendant hired Dr. Jeb Weisman, the Data Science Team reported to Weisman, and Silva reported to defendant. Defendant states Bruzelius reported to both Weisman and defendant.

254. Denies the allegations in Paragraph 254.

255. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255.

256. Admits the allegations in Paragraph 256.

257. Denies the allegations in Paragraph 257, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of what Knaup told Bruzelius, that

Knaup refused to give her access, and what Bruzelius surmised; but admits defendant referred Bruzelius to Knaup to access requested documents and Bruzelius told him the trip should be postponed.

258. Denies the allegations in Paragraph 258.

259. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259.

260. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260.

261. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261.

262. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, except denies defendant instructed Aaron Baum to delete patient data and that defendant insisted on deleting patient data.

263. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263.

264. Denies the allegations in Paragraph 264.

265. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265.

266. Denies the allegations in Paragraph 266; except denies knowledge or information sufficient to form a belief as to the truth of the allegations of what Bruzelius felt, knew, or did and statements Weisman made.

267. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267, except denies that defendant had access to ATLAS code or data.

268. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268.

269. Respectfully declines to respond to the allegations in Paragraph 269 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

270. Respectfully declines to respond to the allegations in Paragraph 270 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits Faghmous hired Humale Khan in 2017 as a Product Manager at AIGH.

271. Respectfully declines to respond to the allegations in Paragraph 271 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits the stated intentions of the ATLAS tool.

272. Respectfully declines to respond to the allegations in Paragraph 272 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the state of the computer code for ATLAS.

273. Respectfully declines to respond to the allegations in Paragraph 273 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits Faghmous left AIGH in 2017.

274. Respectfully declines to respond to the allegations in Paragraph 274 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Khan's concerns regarding defendant.

275. Respectfully declines to respond to the allegations in Paragraph 275 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

276. Respectfully declines to respond to the allegations in Paragraph 276 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

277. Respectfully declines to respond to the allegations in Paragraph 277 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits defendant, Silva, Llames, and Khan traveled to Washington, D.C. to meet with Jennifer Fluder and avers that Fluder asked about Tula Salud's coverage for the next phase and defendant stated it was 20% of Guatemala. Defendant further admits Fluder asked for coverage statistics be included in the final report on the first phase.

278. Respectfully declines to respond to the allegations in Paragraph 278 on the ground that it relates to claims that have been dismissed from the action. To extent a response is required, defendant denies the allegations, except admits defendant instructed the ATLAS team to revise the USAID report.

279. Respectfully declines to respond to the allegations in Paragraph 279 on the ground

that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

280. Respectfully declines to respond to the allegations in Paragraph 280 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits in the fall of 2017, defendant, Berman, Khan and colleagues presented about ATLAS to the Gates Foundation and Vulcan Inc. Defendant avers that the app was extensively tested and user prototypes had been developed.

281. Respectfully declines to respond to the allegations in Paragraph 281 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

282. Denies the allegations in Paragraph 282, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Misiti's thoughts and admits that defendant sent a draft email to Misiti for her review and received a response from Misiti.

283. Denies the allegations in Paragraph 283, except admits Misiti sent him a draft slide deck and report for the meeting with the Commonwealth Fund, that defendant responded with suggested answers to anticipated questions from the Commonwealth Fund, and that defendant received a response from Misiti that contained the quoted language.

284. Respectfully declines to respond to the allegations in Paragraph 284 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits Khan left AIGH in 2019.

285. Respectfully declines to respond to the allegations in Paragraph 285 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

286. Respectfully declines to respond to the allegations in Paragraph 286 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

287. Respectfully declines to respond to the allegations in Paragraph 287 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

288. Respectfully declines to respond to the allegations in Paragraph 288 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

289. Respectfully declines to respond to the allegations in Paragraph 289 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

290. Respectfully declines to respond to the allegations in Paragraph 290 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

291. Respectfully declines to respond to the allegations in Paragraph 291 on the ground

that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

292. Respectfully declines to respond to the allegations in Paragraph 292 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

293. Denies the allegations in Paragraph 293.

294. Respectfully declines to respond to the allegations in Paragraph 294 on the ground that it relates to claims that have been dismissed from the action.

295. Respectfully declines to respond to the allegations in Paragraph 295 on the ground that it relates to claims that have been dismissed from the action.

296. Respectfully declines to respond to the allegations in Paragraph 296 on the ground that it relates to claims that have been dismissed from the action.

297. Denies the allegations in Paragraph 297.

298. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, except admits Safo graduated from Harvard College, Harvard Medical School and Harvard School of Public Health.

299. Denies the allegations in Paragraph 299, except admits Safo joined AIGH as a Program Manager and faculty member of the Department of Medicine on September 1, 2015, and avers that she later led the Health Systems Design team.

300. Denies the allegations in Paragraph 300, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Safo created a three-year population

health curriculum.

301. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301.

302. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, except admits Safo was hired without a selection committee and she would work with defendant on health systems design.

303. Denies the allegations in Paragraph 303, except admits Safo sought to negotiate her salary.

304. Denies the allegations in Paragraph 304, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Peterson Institute group members made statements regarding defendant's treatment of Safo.

305. Denies the allegations in Paragraph 305.

306. Denies the allegations in Paragraph 306, except admits Safo attended senior management meetings, participated in the hiring and managing of multiple staff and helped design the Institute's programming.

307. Denies the allegations in Paragraph 307, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of what Silva told Safo.

308. Denies the allegations in Paragraph 308, except admits defendant recruited Safo, mentored her, and promoted her.

309. Denies the allegations in Paragraph 309; except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Safo observed defendant, Berman, and Silva listen attentively to men's opinions in meetings while ignoring women, that Safo sat in many meetings where her comments were ignored or talked over, and regarding comments others

made to Safo afterwards.

310. Denies the allegations in Paragraph 310.

311. Denies the allegations in Paragraph 311.

312. Denies the allegations in Paragraph 312, except denies knowledge or information sufficient to form a belief as to the truth of the allegations what Safo "came to dread" and "wanted" for "her team."

313. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313.

314. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, except admits Safo sent an email inviting AIGH staffers to gather for a celebration of Dr. Natalie Privett and Misiti, Berman criticized her e-mail for omitting some AIGH staffers, and Berman e-mailed defendant indicating Safo was "exclusive."

315. Denies the allegations in Paragraph 315, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that in or around December 2017, defendant told Silva to submit a receipt for a cake purchase to Knaup for reimbursement.

316. Denies the allegations in Paragraph 316.

317. Denies the allegations in Paragraph 317, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Safo always spoke freely in senior management meetings before the "birthday cake incident."

318. Denies the allegations in Paragraph 318, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that defendant would have Safo rewrite drafts and then use the first draft, of Safo's feelings about herself, and of Safo's notetaking.

319. Denies the allegations in Paragraph 319, except denies knowledge or information

sufficient to form a belief as to the truth of the allegations that defendant told Safo that Faghmous had called Safo's work "unimportant" and the relationship between Faghmous and Safo.

320. Denies the allegations in Paragraph 320.

321. Denies the allegations in Paragraph 321.

322. Denies the allegations in Paragraph 322, except admits to using a cab service to get to meetings and once requesting business class for a long international flight.

323. Denies the allegations in Paragraph 323.

324. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324.

325. Denies the allegations in Paragraph 325, except admits Safo transitioned to a new position with Mount Sinai Health Partners.

326. Admits the allegations in Paragraph 326.

327. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327.

328. Denies knowledge or information sufficient to form a belief as to the truth of the allegation of Llames' join date, otherwise admits the allegations in Paragraph 328.

329. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, except denies the team included Bruzelius, Patrick Doupe, Matt Le, and Silva, and admits Llames was hired as a Project Manager on the Chronic Disease Action Center team reporting to Kishore.

330. Denies the allegations in Paragraph 330, except admits that Llames was assigned to the Data Science team as a Project Manager and denies knowledge or information sufficient to form a belief as to the truth of the allegation of her opinion of her work.

331. Denies the allegations in Paragraph 331.

332. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332, except admits holding a meeting on the progress of a grant AIGH received in May 2017 and denies ignoring the women who attended the meeting.

333. Denies the allegations in Paragraph 333.

334. Denies the allegations in Paragraph 334, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that defendant did not introduce Llames in meetings and Weisman highlighted Llames' contributions on the project to the rest of attendees.

335. Denies the allegations in Paragraph 335, and specifically denies that defendant ignored subordinates, male or female; except admits Llames' position was comparable to Mike Escosia's and denies knowledge or information sufficient to form a belief as to the truth of the allegation that defendant never ignored Escosia.

336. Denies the allegations in Paragraph 336, except admits defendant spoke to Llames in person. Further, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that after agreeing in advance that she could work from home on a particular day, defendant would change his mind in a way defendant did not do with any men at Llames' level of seniority.

337. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, except denies defendant made her unhappy and uneasy at work.

338. Denies knowledge or information sufficient to form a belief as to the truth of the allegation of Llames' current employment, otherwise admits the allegations in Paragraph 338.

339. Admits the allegations in Paragraph 339.

340. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 340.

341. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341.

342. Admits the allegations in Paragraph 342.

343. Denies the allegations in Paragraph 343, except admits defendant stated defendant was sick and called Misiti the following day.

344. Denies the allegations in Paragraph 344.

345. Denies the allegations in Paragraph 345, and denies knowledge or information sufficient to form a belief as to the truth of the allegations that Misiti told defendant she had connections at the Rockefeller Foundation and the Bill & Melinda Gates Foundation and her thoughts regarding these connections with respect to AIGH's initiatives.

346. Respectfully declines to respond to the allegations in Paragraph 346 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

347. Denies the allegations in Paragraph 347.

348. Denies the allegations in Paragraph 348.

349. Denies the allegations in Paragraph 349, except admits that on a trip to Liberia, Misiti and others, including defendant, had logistical responsibilities.

350. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, except admits defendant and Misiti had a meeting at the U.S. Embassy in Liberia.

351. Denies the allegations in Paragraph 351.

352. Denies the allegations in Paragraph 352, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that a number of women at Columbia found him to be emotionally taxing and frustrating and colleagues at Columbia found him arrogant.

353. Denies the allegations in Paragraph 353.

354. Respectfully declines to respond to the allegations in Paragraph 354 on the ground that it relates to claims that have been dismissed from the action.

355. Respectfully declines to respond to the allegations in Paragraph 355 on the ground that it relates to claims that have been dismissed from the action.

356. Respectfully declines to respond to the allegations in Paragraph 356 on the ground that it relates to claims that have been dismissed from the action.

357. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357, except admits meeting with Misiti and team in early July 2017 and being positive about her work and progress of the team.

358. Denies the allegations in Paragraph 358.

359. Denies the allegations in Paragraph 359, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Misiti being "nonplussed" and what Berman told her.

360. Denies the allegations in Paragraph 360.

361. Denies the allegations in Paragraph 361.

362. Denies the allegations in Paragraph 362.

363. Denies the allegations in Paragraph 363.

364. Denies the allegations in Paragraph 364, except admits defendant met with Misiti on October 31, 2017.

365. Denies the allegations in Paragraph 365, except admits meeting later at Misiti's request to discuss a project.

366. Denies the allegations in Paragraph 366.

367. Denies the allegations in Paragraph 367.

368. Respectfully declines to respond to the allegations in Paragraph 368 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

369. Respectfully declines to respond to the allegations in Paragraph 369 on the ground that it relates to claims that have been dismissed from the action.

370. Respectfully declines to respond to the allegations in Paragraph 370 on the ground that it relates to claims that have been dismissed from the action.

371. Respectfully declines to respond to the allegations in Paragraph 371 on the ground that it relates to claims that have been dismissed from the action.

372. Respectfully declines to respond to the allegations in Paragraph 372 on the ground that it relates to claims that have been dismissed from the action.

373. Respectfully declines to respond to the allegations in Paragraph 373 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations and avers that Misiti worked with defendant, the Dean's office and HR employees to draft a job description.

374. Respectfully declines to respond to the allegations in Paragraph 374 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to

form a belief as to the truth of the allegations of Misiti's feelings towards defendant and her job description and her asking him for additional compensation at the end of 2018.

375. Respectfully declines to respond to the allegations in Paragraph 375 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

376. Respectfully declines to respond to the allegations in Paragraph 376 on the ground that it relates to claims that have been dismissed from the action.

377. Respectfully declines to respond to the allegations in Paragraph 377 on the ground that it relates to claims that have been dismissed from the action.

378. Respectfully declines to respond to the allegations in Paragraph 378 on the ground that it relates to claims that have been dismissed from the action.

379. Respectfully declines to respond to the allegations in Paragraph 379 on the ground that it relates to claims that have been dismissed from the action.

380. Respectfully declines to respond to the allegations in Paragraph 380 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Mary Caliendo's feelings.

381. Admits the allegations in Paragraph 381.

382. Respectfully declines to respond to the allegations in Paragraph 382 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits Berman many different roles prior to joining Mount Sinai.

383. Respectfully declines to respond to the allegations in Paragraph 383 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Berman's reputation.

384. Respectfully declines to respond to the allegations in Paragraph 384 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

385. Respectfully declines to respond to the allegations in Paragraph 385 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

386. Respectfully declines to respond to the allegations in Paragraph 386 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

387. Respectfully declines to respond to the allegations in Paragraph 387 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

388. Respectfully declines to respond to the allegations in Paragraph 388 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

389. Respectfully declines to respond to the allegations in Paragraph 389 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

390. Respectfully declines to respond to the allegations in Paragraph 390 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits hearing Berman's and Caliendo's raised voices.

391. Respectfully declines to respond to the allegations in Paragraph 391 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits hearing Berman's and Caliendo's raised voices and avers that defendant addressed the incident with Caliendo and Berman immediately.

392. Respectfully declines to respond to the allegations in Paragraph 392 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except admits addressing the incident with Berman, but denies knowledge or information sufficient to form a belief as to the truth of the allegation of how Misiti "found" Caliendo.

393. Respectfully declines to respond to the allegations in Paragraph 393 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Caliendo requested to go home early.

394. Respectfully declines to respond to the allegations in Paragraph 394 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

395. Respectfully declines to respond to the allegations in Paragraph 395 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

396. Respectfully declines to respond to the allegations in Paragraph 396 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies defendant did nothing to restrain Berman.

397. Respectfully declines to respond to the allegations in Paragraph 397 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations; except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Caliendo's feelings about her job; and admits that she was terminated after an extended performance improvement period that began in May 2017.

398. Respectfully declines to respond to the allegations in Paragraph 398 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits defendant did not inform staff of Caliendo's departure prior to the retreat.

399. Respectfully declines to respond to the allegations in Paragraph 399 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations.

400. Respectfully declines to respond to the allegations in Paragraph 400 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

401. Respectfully declines to respond to the allegations in Paragraph 401 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

402. Respectfully declines to respond to the allegations in Paragraph 402 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

403. Respectfully declines to respond to the allegations in Paragraph 403 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

404. Respectfully declines to respond to the allegations in Paragraph 404 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

405. Respectfully declines to respond to the allegations in Paragraph 405 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is

required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that defendant pulled Safo out of a meeting to tell her defendant "100% agreed" with what Berman had said.

406. Denies the allegations in Paragraph 406, except admits Silva joined AIGH in January 2016 as the Director of Design and Product Development.

407. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407, except admits that prior to joining Mount Sinai, Silva was Lead Product Designer for Amplify Education.

408. Denies knowledge or information sufficient to form a belief as to the truth of the allegation of where Silva obtained his Bachelor of Applied Science in Medicine, but otherwise admits the allegations in Paragraph 408.

409. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409, except denies that Silva had a reputation for making inappropriate, sexist or sexual comments about women at AIGH.

410. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 410.

411. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411.

412. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412, except admits that defendant and Llames were assigned offices that were connected by an interior door; that the offices were also used by others; and that Llames, defendant and others frequently walked through and sat in each other's respective offices.

413. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 413.

414. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414.

415. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415.

416. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416.

417. Denies the allegations in Paragraph 417, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of Silva's alleged actions.

418. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418.

419. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419.

420. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420.

421. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421.

422. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422.

423. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423.

424. Respectfully declines to respond to the allegations in Paragraph 424 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

425. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425.

426. Defendant denies the allegations in Paragraph 426.

427. Respectfully declines to respond to the allegations in Paragraph 428 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations.

428. Respectfully declines to respond to the allegations in Paragraph 428 on the ground that it relates to claims that have been dismissed from the action.

429. Respectfully declines to respond to the allegations in Paragraph 429 on the ground that it relates to claims that have been dismissed from the action.

430. Respectfully declines to respond to the allegations in Paragraph 430 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Silva was delaying his contributions to Khan's projects.

431. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431.

432. Respectfully declines to respond to the allegations in Paragraph 432 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

433. Respectfully declines to respond to the allegations in Paragraph 433 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

434. Respectfully declines to respond to the allegations in Paragraph 434 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

435. Denies the allegations in Paragraph 435.

436. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 436.

437. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437.

438. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438.

439. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 439.

440. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 440.

441. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 441.

442. Denies the allegations in Paragraph 442, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of what the complainants received

regarding the investigation and admits that defendant remains at Mount Sinai and that Berman and Knaup left the Institute.

443. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443.

444. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 444.

445. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 445 regarding the contents of the conversation between plaintiffs and Marina Lowy, but defendant admits that Charney addressed with defendant issues raised in the investigation.

446. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446.

447. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447.

448. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 448.

449. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449.

450. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450.

451. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451, except admits that defendant remained Director of AIGH and worked closely with the Dean’s office and an Oversight Committee for the remainder of his tenure.

452. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 452.

453. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 453.

454. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 454.

455. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 455.

456. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 456.

457. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457.

458. Respectfully declines to respond to the allegations in Paragraph 458 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

459. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459.

460. Respectfully declines to respond to the allegations in Paragraph 460 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies Dr. Kevin Starr advised defendant to fire Berman.

461. Denies the allegations in Paragraph 461, except denies knowledge or information

sufficient to form a belief as to the truth of the allegation of the meeting date.

462. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462.

463. Denies the allegations in Paragraph 463, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Bruzelius was in "retaliation limbo."

464. Denies the allegations in Paragraph 464, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Bruzelius began avoiding defendant and the reason for doing so.

465. Respectfully declines to respond to the allegations in Paragraph 465 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

466. Respectfully declines to respond to the allegations in Paragraph 466 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

467. Denies the allegations in Paragraph 467.

468. Respectfully declines to respond to the allegations in Paragraph 468 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

469. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469.

470. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 470.

471. Denies the allegations in Paragraph 471, except admits Silva shared the Final USAID report with defendant within Google Drive.

472. Respectfully declines to respond to the allegations in Paragraph 472 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

473. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 473.

474. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 474.

475. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 475.

476. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 476.

477. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 477 and states the school-wide email referenced in the allegation speaks for itself.

478. Denies the allegations in Paragraph 478, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of the effect this lawsuit had on Mount Sinai's leaders.

479. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 479, except admits Charney currently works at Mount Sinai and defendant is represented by Proskauer Rose LLP.

480. Denies the allegations in Paragraph 480 and avers that the email and announcement speak for themselves.

481. Denies the allegations in Paragraph 481.

482. Denies the allegations in Paragraph 482, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that defendant was deselected as an Associate Editor of Annals of Global Health and admits defendant recused himself as Co-Investigator for the Commonwealth Fund grant.

483. Denies the allegations in Paragraph 483.

484. Respectfully declines to respond to the allegations in Paragraph 484 on the ground that it relates to claims that have been dismissed from the action.

485. Respectfully declines to respond to the allegations in Paragraph 485 on the ground that it relates to claims that have been dismissed from the action.

486. Respectfully declines to respond to the allegations in Paragraph 486 on the ground that it relates to claims that have been dismissed from the action.

487. Respectfully declines to respond to the allegations in Paragraph 487 on the ground that it relates to claims that have been dismissed from the action.

488. Respectfully declines to respond to the allegations in Paragraph 488 on the ground that it relates to claims that have been dismissed from the action.

489. Respectfully declines to respond to the allegations in Paragraph 489 on the ground that it relates to claims that have been dismissed from the action.

490. Respectfully declines to respond to the allegations in Paragraph 490 on the ground

that it relates to claims that have been dismissed from the action.

491. Respectfully declines to respond to the allegations in Paragraph 491 on the ground that it relates to claims that have been dismissed from the action.

492. Respectfully declines to respond to the allegations in Paragraph 492 on the ground that it relates to claims that have been dismissed from the action.

493. Respectfully declines to respond to the allegations in Paragraph 493 on the ground that it relates to claims that have been dismissed from the action.

494. Respectfully declines to respond to the allegations in Paragraph 494 on the ground that it relates to claims that have been dismissed from the action.

495. Respectfully declines to respond to the allegations in Paragraph 495 on the ground that it relates to claims that have been dismissed from the action.

496. Respectfully declines to respond to the allegations in Paragraph 496 on the ground that it relates to claims that have been dismissed from the action.

497. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497, except denies the allegations directed at defendant.

498. Denies the allegations in Paragraph 498.

499. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 499.

500. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 500, except denies the allegations directed at defendant.

501. Respectfully declines to respond to the allegations in Paragraph 501 on the ground that it relates to claims that have been dismissed from the action.

502. Respectfully declines to respond to the allegations in Paragraph 502 on the ground

that it relates to claims that have been dismissed from the action.

503. Respectfully declines to respond to the allegations in Paragraph 503 on the ground that it relates to claims that have been dismissed from the action.

504. Respectfully declines to respond to the allegations in Paragraph 504 on the ground that it relates to claims that have been dismissed from the action.

505. Respectfully declines to respond to the allegations in Paragraph 505 on the ground that it relates to claims that have been dismissed from the action.

506. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 506, except denies the allegations directed at defendant.

507. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507, except denies the allegations directed at defendant.

508. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 508, except denies the allegations directed at defendant and admits Misiti continues to be employed at the Icahn School of Medicine at Mount Sinai.

509. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509, except denies defendant subjected Misiti to a hostile work environment.

510. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510.

511. Denies the allegations in Paragraph 511.

512. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 512, except denies the allegations directed at defendant.

513. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 513.

514. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 514, except denies the allegations directed at defendant.

515. Denies the allegations in Paragraph 515.

516. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516, except denies the allegations directed at defendant.

517. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

518. Respectfully declines to respond to the allegations in Paragraph 518 on the ground that it relates to claims that have been dismissed from the action.

519. Respectfully declines to respond to the allegations in Paragraph 519 on the ground that it relates to claims that have been dismissed from the action.

520. Respectfully declines to respond to the allegations in Paragraph 520 on the ground that it relates to claims that have been dismissed from the action.

521. Respectfully declines to respond to the allegations in Paragraph 521 on the ground that it relates to claims that have been dismissed from the action.

522. Respectfully declines to respond to the allegations in Paragraph 522 on the ground that it relates to claims that have been dismissed from the action.

523. Respectfully declines to respond to the allegations in Paragraph 523 on the ground that it relates to claims that have been dismissed from the action.

524. Respectfully declines to respond to the allegations in Paragraph 524 on the ground that it relates to claims that have been dismissed from the action.

525. Respectfully declines to respond to the allegations in Paragraph 525 on the ground that it relates to claims that have been dismissed from the action.

526. Respectfully declines to respond to the allegations in Paragraph 526 on the ground that it relates to claims that have been dismissed from the action.

527. Respectfully declines to respond to the allegations in Paragraph 527 on the ground that it relates to claims that have been dismissed from the action.

528. Respectfully declines to respond to the allegations in Paragraph 528 on the ground that it relates to claims that have been dismissed from the action.

529. Respectfully declines to respond to the allegations in Paragraph 529 on the ground that it relates to claims that have been dismissed from the action.

530. Respectfully declines to respond to the allegations in Paragraph 530 on the ground that it relates to claims that have been dismissed from the action.

531. Respectfully declines to respond to the allegations in Paragraph 531 on the ground that it relates to claims that have been dismissed from the action.

532. Respectfully declines to respond to the allegations in Paragraph 532 on the ground that it relates to claims that have been dismissed from the action.

533. Respectfully declines to respond to the allegations in Paragraph 533 on the ground that it relates to claims that have been dismissed from the action.

534. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

535. Respectfully declines to respond to the allegations in Paragraph 535 on the ground that it relates to claims that have been dismissed from the action.

536. Respectfully declines to respond to the allegations in Paragraph 536 on the ground that it relates to claims that have been dismissed from the action.

537. Respectfully declines to respond to the allegations in Paragraph 537 on the ground that it relates to claims that have been dismissed from the action.

538. Respectfully declines to respond to the allegations in Paragraph 538 on the ground that it relates to claims that have been dismissed from the action.

539. Respectfully declines to respond to the allegations in Paragraph 539 on the ground that it relates to claims that have been dismissed from the action.

540. Respectfully declines to respond to the allegations in Paragraph 540 on the ground that it relates to claims that have been dismissed from the action.

541. Respectfully declines to respond to the allegations in Paragraph 541 on the ground that it relates to claims that have been dismissed from the action.

542. Respectfully declines to respond to the allegations in Paragraph 542 on the ground that it relates to claims that have been dismissed from the action.

543. Respectfully declines to respond to the allegations in Paragraph 543 on the ground that it relates to claims that have been dismissed from the action.

544. Respectfully declines to respond to the allegations in Paragraph 544 on the ground that it relates to claims that have been dismissed from the action.

545. Respectfully declines to respond to the allegations in Paragraph 545 on the ground that it relates to claims that have been dismissed from the action.

546. Respectfully declines to respond to the allegations in Paragraph 546 on the ground that it relates to claims that have been dismissed from the action.

547. Respectfully declines to respond to the allegations in Paragraph 547 on the ground that it relates to claims that have been dismissed from the action.

548. Respectfully declines to respond to the allegations in Paragraph 548 on the ground that it relates to claims that have been dismissed from the action.

549. Respectfully declines to respond to the allegations in Paragraph 549 on the ground that it relates to claims that have been dismissed from the action.

550. Respectfully declines to respond to the allegations in Paragraph 550 on the ground that it relates to claims that have been dismissed from the action.

551. Respectfully declines to respond to the allegations in Paragraph 551 on the ground that it relates to claims that have been dismissed from the action.

552. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

553. Respectfully declines to respond to the allegations in Paragraph 553 on the ground that it relates to claims that have been dismissed from the action.

554. Respectfully declines to respond to the allegations in Paragraph 554 on the ground that it relates to claims that have been dismissed from the action.

555. Respectfully declines to respond to the allegations in Paragraph 555 on the ground that it relates to claims that have been dismissed from the action

556. Respectfully declines to respond to the allegations in Paragraph 556 on the ground that it relates to claims that have been dismissed from the action.

557. Respectfully declines to respond to the allegations in Paragraph 557 on the ground that it relates to claims that have been dismissed from the action.

558. Respectfully declines to respond to the allegations in Paragraph 558 on the ground that it relates to claims that have been dismissed from the action.

559. Respectfully declines to respond to the allegations in Paragraph 559 on the ground that it relates to claims that have been dismissed from the action.

560. Respectfully declines to respond to the allegations in Paragraph 560 on the ground that it relates to claims that have been dismissed from the action.

561. Respectfully declines to respond to the allegations in Paragraph 561 on the ground that it relates to claims that have been dismissed from the action.

562. Respectfully declines to respond to the allegations in Paragraph 562 on the ground that it relates to claims that have been dismissed from the action.

563. Respectfully declines to respond to the allegations in Paragraph 563 on the ground that it relates to claims that have been dismissed from the action.

564. Respectfully declines to respond to the allegations in Paragraph 564 on the ground that it relates to claims that have been dismissed from the action.

565. Respectfully declines to respond to the allegations in Paragraph 565 on the ground that it relates to claims that have been dismissed from the action.

566. Respectfully declines to respond to the allegations in Paragraph 566 on the ground that it relates to claims that have been dismissed from the action.

567. Respectfully declines to respond to the allegations in Paragraph 567 on the ground that it relates to claims that have been dismissed from the action.

568. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

569. Respectfully declines to respond to the allegations in Paragraph 569 on the ground that it relates to claims that have been dismissed from the action.

570. Respectfully declines to respond to the allegations in Paragraph 570 on the ground that it relates to claims that have been dismissed from the action.

571. Respectfully declines to respond to the allegations in Paragraph 571 on the ground that it relates to claims that have been dismissed from the action.

572. Respectfully declines to respond to the allegations in Paragraph 572 on the ground that it relates to claims that have been dismissed from the action.

573. Respectfully declines to respond to the allegations in Paragraph 573 on the ground that it relates to claims that have been dismissed from the action.

574. Respectfully declines to respond to the allegations in Paragraph 574 on the ground that it relates to claims that have been dismissed from the action.

575. Respectfully declines to respond to the allegations in Paragraph 575 on the ground that it relates to claims that have been dismissed from the action.

576. Respectfully declines to respond to the allegations in Paragraph 576 on the ground that it relates to claims that have been dismissed from the action.

577. Respectfully declines to respond to the allegations in Paragraph 577 on the ground that it relates to claims that have been dismissed from the action.

578. Respectfully declines to respond to the allegations in Paragraph 578 on the ground that it relates to claims that have been dismissed from the action.

579. Respectfully declines to respond to the allegations in Paragraph 579 on the ground that it relates to claims that have been dismissed from the action.

580. Respectfully declines to respond to the allegations in Paragraph 580 on the ground that it relates to claims that have been dismissed from the action.

581. Respectfully declines to respond to the allegations in Paragraph 581 on the ground that it relates to claims that have been dismissed from the action.

582. Respectfully declines to respond to the allegations in Paragraph 582 on the ground that it relates to claims that have been dismissed from the action.

583. Respectfully declines to respond to the allegations in Paragraph 583 on the ground that it relates to claims that have been dismissed from the action.

584. Respectfully declines to respond to the allegations in Paragraph 584 on the ground that it relates to claims that have been dismissed from the action.

585. Respectfully declines to respond to the allegations in Paragraph 585 on the ground that it relates to claims that have been dismissed from the action.

586. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

587. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 587, except admits that Safo was a female employee at the Icahn School of Medicine at Mount Sinai.

588. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 588.

589. Denies the allegations in Paragraph 589, except admits that defendant was Director of AIGH.

590. Respectfully declines to respond to the allegations in Paragraph 590 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

591. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 591, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

592. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 592, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

593. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 593.

594. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 594.

595. Denies the allegations in Paragraph 595.

596. Denies the allegations in Paragraph 596.

597. Denies the allegations in Paragraph 597.

598. Denies the allegations in Paragraph 598.

599. Denies the allegations in Paragraph 599.

600. Denies the allegations in Paragraph 600.

601. Denies the allegations in Paragraph 601.

602. Denies the allegations in Paragraph 602.

603. Denies plaintiff is entitled to the relief requested.

604. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

605. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 605, except admits that Safo was a female employee at the Icahn School of Medicine at Mount Sinai.

606. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 606.

607. Denies the allegations in Paragraph 607, except admits that defendant was Director of AIGH.

608. Respectfully declines to respond to the allegations in Paragraph 608 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

609. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 609, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

610. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 610, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

611. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 611.

612. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 612.

613. Denies the allegations in Paragraph 613.

614. Denies the allegations in Paragraph 614.

615. Denies the allegations in Paragraph 615.

616. Denies the allegations in Paragraph 616.

617. Denies the allegations in Paragraph 617.

618. Denies the allegations in Paragraph 618.

619. Denies the allegations in Paragraph 619.

620. Denies the allegations in Paragraph 620.

621. Denies the allegations in Paragraph 621.

622. Denies the allegations in Paragraph 622.

623. Denies plaintiff is entitled to the relief requested.

624. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

625. Respectfully declines to respond to the allegations in Paragraph 625 on the ground that it relates to claims that have been dismissed from the action.

626. Respectfully declines to respond to the allegations in Paragraph 626 on the ground that it relates to claims that have been dismissed from the action.

627. Respectfully declines to respond to the allegations in Paragraph 627 on the ground that it relates to claims that have been dismissed from the action.

628. Respectfully declines to respond to the allegations in Paragraph 628 on the ground that it relates to claims that have been dismissed from the action.

629. Respectfully declines to respond to the allegations in Paragraph 629 on the ground that it relates to claims that have been dismissed from the action.

630. Respectfully declines to respond to the allegations in Paragraph 630 on the ground that it relates to claims that have been dismissed from the action.

631. Respectfully declines to respond to the allegations in Paragraph 631 on the ground that it relates to claims that have been dismissed from the action.

632. Respectfully declines to respond to the allegations in Paragraph 632 on the ground that it relates to claims that have been dismissed from the action.

633. Respectfully declines to respond to the allegations in Paragraph 633 on the ground that it relates to claims that have been dismissed from the action.

634. Respectfully declines to respond to the allegations in Paragraph 634 on the ground that it relates to claims that have been dismissed from the action.

635. Respectfully declines to respond to the allegations in Paragraph 635 on the ground that it relates to claims that have been dismissed from the action.

636. Respectfully declines to respond to the allegations in Paragraph 636 on the ground that it relates to claims that have been dismissed from the action.

637. Respectfully declines to respond to the allegations in Paragraph 637 on the ground that it relates to claims that have been dismissed from the action.

638. Respectfully declines to respond to the allegations in Paragraph 638 on the ground that it relates to claims that have been dismissed from the action.

639. Respectfully declines to respond to the allegations in Paragraph 639 on the ground that it relates to claims that have been dismissed from the action.

640. Respectfully declines to respond to the allegations in Paragraph 640 on the ground that it relates to claims that have been dismissed from the action.

641. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

642. Respectfully declines to respond to the allegations in Paragraph 642 on the ground that it relates to claims that have been dismissed from the action.

643. Respectfully declines to respond to the allegations in Paragraph 643 on the ground that it relates to claims that have been dismissed from the action.

644. Respectfully declines to respond to the allegations in Paragraph 644 on the ground that it relates to claims that have been dismissed from the action.

645. Respectfully declines to respond to the allegations in Paragraph 645 on the ground that it relates to claims that have been dismissed from the action.

646. Respectfully declines to respond to the allegations in Paragraph 646 on the ground that it relates to claims that have been dismissed from the action.

647. Respectfully declines to respond to the allegations in Paragraph 647 on the ground that it relates to claims that have been dismissed from the action.

648. Respectfully declines to respond to the allegations in Paragraph 648 on the ground that it relates to claims that have been dismissed from the action.

649. Respectfully declines to respond to the allegations in Paragraph 649 on the ground that it relates to claims that have been dismissed from the action.

650. Respectfully declines to respond to the allegations in Paragraph 650 on the ground that it relates to claims that have been dismissed from the action.

651. Respectfully declines to respond to the allegations in Paragraph 651 on the ground that it relates to claims that have been dismissed from the action.

652. Respectfully declines to respond to the allegations in Paragraph 652 on the ground that it relates to claims that have been dismissed from the action.

653. Respectfully declines to respond to the allegations in Paragraph 653 on the ground that it relates to claims that have been dismissed from the action.

654. Respectfully declines to respond to the allegations in Paragraph 654 on the ground that it relates to claims that have been dismissed from the action.

655. Respectfully declines to respond to the allegations in Paragraph 655 on the ground that it relates to claims that have been dismissed from the action.

656. Respectfully declines to respond to the allegations in Paragraph 656 on the ground that it relates to claims that have been dismissed from the action.

657. Respectfully declines to respond to the allegations in Paragraph 657 on the ground that it relates to claims that have been dismissed from the action.

658. Respectfully declines to respond to the allegations in Paragraph 658 on the ground that it relates to claims that have been dismissed from the action.

659. Respectfully declines to respond to the allegations in Paragraph 659 on the ground that it relates to claims that have been dismissed from the action.

660. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

661. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661, except admits that Llames was a female employee at the Icahn School of Medicine at Mount Sinai.

662. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662.

663. Denies the allegations in Paragraph 663, except admits that defendant was Director of AIGH.

664. Respectfully declines to respond to the allegations in Paragraph 664 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

665. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 665, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

666. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 666, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

667. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667.

668. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668.

669. Denies the allegations in Paragraph 669.

670. Denies the allegations in Paragraph 670.

671. Denies the allegations in Paragraph 671.

672. Denies the allegations in Paragraph 672.

673. Denies the allegations in Paragraph 673.

674. Denies the allegations in Paragraph 674.

675. Denies the allegations in Paragraph 675.

676. Denies the allegations in Paragraph 676.

677. Denies plaintiff is entitled to the relief requested.

678. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

679. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 679, except admits that Llames was a female employee at the Icahn School of Medicine at Mount Sinai.

680. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 680.

681. Denies the allegations in Paragraph 681, except admits that defendant was Director of AIGH.

682. Respectfully declines to respond to the allegations in Paragraph 682 on the ground that it relates to claims that have been dismissed from the action. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations

683. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 683, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

684. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 684, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

685. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 685.

686. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 686.

687. Denies the allegations in Paragraph 687.

688. Denies the allegations in Paragraph 688.

689. Denies the allegations in Paragraph 689.

690. Denies the allegations in Paragraph 690.

691. Denies the allegations in Paragraph 691.

692. Denies the allegations in Paragraph 692.

693. Denies the allegations in Paragraph 693.

694. Denies the allegations in Paragraph 694.

695. Denies the allegations in Paragraph 695.

696. Denies the allegations in Paragraph 696.

697. Denies plaintiff is entitled to the relief requested.

698. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

699. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 699, except admits that Misiti was a female employee at the Icahn School of Medicine at Mount Sinai.

700. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 700.

701. Denies the allegations in Paragraph 701, except admits that defendant was the Director of AIGH.

702. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 702, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

703. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 703.

704. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 704.

705. Denies the allegations in Paragraph 705.

706. Denies the allegations in Paragraph 706.

707. Denies the allegations in Paragraph 707.

708. Denies the allegations in Paragraph 708.

709. Denies the allegations in Paragraph 709.

710. Denies the allegations in Paragraph 710.

711. Denies the allegations in Paragraph 711.

712. Denies the allegations in Paragraph 712.

713. Denies plaintiff is entitled to the relief requested.

714. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

715. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 715, except admits that Misiti was a female employee at the Icahn School of Medicine at Mount Sinai.

716. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 716.

717. Denies the allegations in Paragraph 717, except admits that defendant was the Director of AIGH.

718. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 718, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

719. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 719.

720. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 720.

721. Denies the allegations in Paragraph 721.

722. Denies the allegations in Paragraph 722.

723. Denies the allegations in Paragraph 723.

724. Denies the allegations in Paragraph 724.

725. Denies the allegations in Paragraph 725.

726. Denies the allegations in Paragraph 726.

727. Denies the allegations in Paragraph 727.

728. Denies the allegations in Paragraph 728.

729. Denies the allegations in Paragraph 729.

730. Denies the allegations in Paragraph 730.

731. Denies plaintiff is entitled to the relief requested.

732. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

733. Respectfully declines to respond to the allegations in Paragraph 733 on the ground that it relates to claims that have been dismissed from the action.

734. Respectfully declines to respond to the allegations in Paragraph 734 on the ground that it relates to claims that have been dismissed from the action.

735. Respectfully declines to respond to the allegations in Paragraph 735 on the ground that it relates to claims that have been dismissed from the action.

736. Respectfully declines to respond to the allegations in Paragraph 736 on the ground that it relates to claims that have been dismissed from the action.

737. Respectfully declines to respond to the allegations in Paragraph 737 on the ground that it relates to claims that have been dismissed from the action.

738. Respectfully declines to respond to the allegations in Paragraph 738 on the ground that it relates to claims that have been dismissed from the action.

739. Respectfully declines to respond to the allegations in Paragraph 739 on the ground that it relates to claims that have been dismissed from the action.

740. Respectfully declines to respond to the allegations in Paragraph 740 on the ground that it relates to claims that have been dismissed from the action.

741. Respectfully declines to respond to the allegations in Paragraph 741 on the ground that it relates to claims that have been dismissed from the action.

742. Respectfully declines to respond to the allegations in Paragraph 742 on the ground that it relates to claims that have been dismissed from the action.

743. Respectfully declines to respond to the allegations in Paragraph 743 on the ground that it relates to claims that have been dismissed from the action.

744. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

745. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 745, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

746. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 746.

747. Denies the allegations in Paragraph 747, except admits that defendant was the Director of AIGH.

748. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 748, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

749. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 749.

750. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 750.

751. Denies the allegations in Paragraph 751.

752. Denies the allegations in Paragraph 752.

753. Denies the allegations in Paragraph 753.

754. Denies the allegations in Paragraph 754.

755. Denies the allegations in Paragraph 755.

756. Denies the allegations in Paragraph 756.

757. Denies the allegations in Paragraph 757.

758. Denies the allegations in Paragraph 758.

759. Denies plaintiff is entitled to the relief requested.

760. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

761. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 761, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

762. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 762.

763. Denies the allegations in Paragraph 763, except admits that defendant was the Director of AIGH.

764. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 764, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

765. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 765.

766. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 766.

767. Denies the allegations in Paragraph 767.

768. Denies the allegations in Paragraph 768.

769. Denies the allegations in Paragraph 769.

770. Denies the allegations in Paragraph 770.

771. Denies the allegations in Paragraph 771.

772. Denies the allegations in Paragraph 772.

773. Denies the allegations in Paragraph 773.

774. Denies the allegations in Paragraph 774.

775. Denies the allegations in Paragraph 775.

776. Denies the allegations in Paragraph 776.

777. Denies plaintiff is entitled to the relief requested.

778. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

779. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 779, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

780. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 780.

781. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 781.

782. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 782.

783. Denies the allegations in Paragraph 783, except admits that defendant was the Director of AIGH.

784. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 784, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

785. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 785.

786. Denies the allegations in Paragraph 786.

787. Denies the allegations in Paragraph 787.

788. Denies the allegations in Paragraph 788.

789. Denies plaintiff is entitled to the relief requested.

790. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

791. Respectfully declines to respond to the allegations in Paragraph 791 on the ground that it relates to claims that have been dismissed from the action.

792. Respectfully declines to respond to the allegations in Paragraph 792 on the ground that it relates to claims that have been dismissed from the action.

793. Respectfully declines to respond to the allegations in Paragraph 793 on the ground that it relates to claims that have been dismissed from the action.

794. Respectfully declines to respond to the allegations in Paragraph 794 on the ground that it relates to claims that have been dismissed from the action.

795. Respectfully declines to respond to the allegations in Paragraph 795 on the ground that it relates to claims that have been dismissed from the action.

796. Respectfully declines to respond to the allegations in Paragraph 796 on the ground that it relates to claims that have been dismissed from the action.

797. Respectfully declines to respond to the allegations in Paragraph 797 on the ground that it relates to claims that have been dismissed from the action.

798. Respectfully declines to respond to the allegations in Paragraph 798 on the ground that it relates to claims that have been dismissed from the action.

799. Respectfully declines to respond to the allegations in Paragraph 799 on the ground that it relates to claims that have been dismissed from the action.

800. Respectfully declines to respond to the allegations in Paragraph 800 on the ground that it relates to claims that have been dismissed from the action.

801. Respectfully declines to respond to the allegations in Paragraph 801 on the ground that it relates to claims that have been dismissed from the action.

802. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

803. Respectfully declines to respond to the allegations in Paragraph 803 on the ground that it relates to claims that have been dismissed from the action.

804. Respectfully declines to respond to the allegations in Paragraph 804 on the ground that it relates to claims that have been dismissed from the action.

805. Respectfully declines to respond to the allegations in Paragraph 805 on the ground that it relates to claims that have been dismissed from the action.

806. Respectfully declines to respond to the allegations in Paragraph 806 on the ground that it relates to claims that have been dismissed from the action.

807. Respectfully declines to respond to the allegations in Paragraph 807 on the ground that it relates to claims that have been dismissed from the action.

808. Respectfully declines to respond to the allegations in Paragraph 808 on the ground that it relates to claims that have been dismissed from the action.

809. Respectfully declines to respond to the allegations in Paragraph 809 on the ground that it relates to claims that have been dismissed from the action.

810. Respectfully declines to respond to the allegations in Paragraph 810 on the ground that it relates to claims that have been dismissed from the action.

811. Respectfully declines to respond to the allegations in Paragraph 811 on the ground that it relates to claims that have been dismissed from the action.

812. Respectfully declines to respond to the allegations in Paragraph 812 on the ground that it relates to claims that have been dismissed from the action.

813. Respectfully declines to respond to the allegations in Paragraph 813 on the ground that it relates to claims that have been dismissed from the action.

814. Respectfully declines to respond to the allegations in Paragraph 814 on the ground that it relates to claims that have been dismissed from the action.

815. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

816. Respectfully declines to respond to the allegations in Paragraph 816 on the ground that it relates to claims that have been dismissed from the action.

817. Respectfully declines to respond to the allegations in Paragraph 817 on the ground that it relates to claims that have been dismissed from the action.

818. Respectfully declines to respond to the allegations in Paragraph 818 on the ground that it relates to claims that have been dismissed from the action.

819. Respectfully declines to respond to the allegations in Paragraph 819 on the ground that it relates to claims that have been dismissed from the action.

820. Respectfully declines to respond to the allegations in Paragraph 820 on the ground that it relates to claims that have been dismissed from the action.

821. Respectfully declines to respond to the allegations in Paragraph 821 on the ground that it relates to claims that have been dismissed from the action.

822. Respectfully declines to respond to the allegations in Paragraph 822 on the ground that it relates to claims that have been dismissed from the action.

823. Respectfully declines to respond to the allegations in Paragraph 823 on the ground that it relates to claims that have been dismissed from the action.

824. Respectfully declines to respond to the allegations in Paragraph 824 on the ground that it relates to claims that have been dismissed from the action.

825. Respectfully declines to respond to the allegations in Paragraph 825 on the ground that it relates to claims that have been dismissed from the action.

826. Respectfully declines to respond to the allegations in Paragraph 826 on the ground that it relates to claims that have been dismissed from the action.

827. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

828. Respectfully declines to respond to the allegations in Paragraph 828 on the ground that it relates to claims that have been dismissed from the action.

829. Respectfully declines to respond to the allegations in Paragraph 829 on the ground that it relates to claims that have been dismissed from the action.

830. Respectfully declines to respond to the allegations in Paragraph 830 on the ground that it relates to claims that have been dismissed from the action.

831. Respectfully declines to respond to the allegations in Paragraph 831 on the ground that it relates to claims that have been dismissed from the action.

832. Respectfully declines to respond to the allegations in Paragraph 832 on the ground that it relates to claims that have been dismissed from the action.

833. Respectfully declines to respond to the allegations in Paragraph 833 on the ground that it relates to claims that have been dismissed from the action.

834. Respectfully declines to respond to the allegations in Paragraph 834 on the ground that it relates to claims that have been dismissed from the action.

835. Respectfully declines to respond to the allegations in Paragraph 835 on the ground that it relates to claims that have been dismissed from the action.

836. Respectfully declines to respond to the allegations in Paragraph 836 on the ground that it relates to claims that have been dismissed from the action.

837. Respectfully declines to respond to the allegations in Paragraph 837 on the ground that it relates to claims that have been dismissed from the action.

838. Respectfully declines to respond to the allegations in Paragraph 838 on the ground that it relates to claims that have been dismissed from the action.

839. Respectfully declines to respond to the allegations in Paragraph 839 on the ground that it relates to claims that have been dismissed from the action.

840. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

841. Respectfully declines to respond to the allegations in Paragraph 841 on the ground that it relates to claims that have been dismissed from the action.

842. Respectfully declines to respond to the allegations in Paragraph 842 on the ground that it relates to claims that have been dismissed from the action.

843. Respectfully declines to respond to the allegations in Paragraph 843 on the ground that it relates to claims that have been dismissed from the action.

844. Respectfully declines to respond to the allegations in Paragraph 844 on the ground that it relates to claims that have been dismissed from the action.

845. Respectfully declines to respond to the allegations in Paragraph 845 on the ground that it relates to claims that have been dismissed from the action.

846. Respectfully declines to respond to the allegations in Paragraph 846 on the ground that it relates to claims that have been dismissed from the action.

847. Respectfully declines to respond to the allegations in Paragraph 847 on the ground that it relates to claims that have been dismissed from the action.

848. Respectfully declines to respond to the allegations in Paragraph 848 on the ground that it relates to claims that have been dismissed from the action.

849. Respectfully declines to respond to the allegations in Paragraph 849 on the ground that it relates to claims that have been dismissed from the action.

850. Respectfully declines to respond to the allegations in Paragraph 850 on the ground that it relates to claims that have been dismissed from the action.

851. Respectfully declines to respond to the allegations in Paragraph 851 on the ground that it relates to claims that have been dismissed from the action.

852. Respectfully declines to respond to the allegations in Paragraph 852 on the ground that it relates to claims that have been dismissed from the action.

853. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

854. Respectfully declines to respond to the allegations in Paragraph 854 on the ground that it relates to claims that have been dismissed from the action.

855. Respectfully declines to respond to the allegations in Paragraph 855 on the ground that it relates to claims that have been dismissed from the action.

856. Respectfully declines to respond to the allegations in Paragraph 856 on the ground that it relates to claims that have been dismissed from the action.

857. Respectfully declines to respond to the allegations in Paragraph 857 on the ground that it relates to claims that have been dismissed from the action.

858. Respectfully declines to respond to the allegations in Paragraph 858 on the ground that it relates to claims that have been dismissed from the action.

859. Respectfully declines to respond to the allegations in Paragraph 859 on the ground that it relates to claims that have been dismissed from the action.

860. Respectfully declines to respond to the allegations in Paragraph 860 on the ground that it relates to claims that have been dismissed from the action.

861. Respectfully declines to respond to the allegations in Paragraph 861 on the ground that it relates to claims that have been dismissed from the action.

862. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

863. Respectfully declines to respond to the allegations in Paragraph 863 on the ground that it relates to claims that have been dismissed from the action.

864. Respectfully declines to respond to the allegations in Paragraph 864 on the ground that it relates to claims that have been dismissed from the action.

865. Respectfully declines to respond to the allegations in Paragraph 865 on the ground that it relates to claims that have been dismissed from the action.

866. Respectfully declines to respond to the allegations in Paragraph 866 on the ground that it relates to claims that have been dismissed from the action.

867. Respectfully declines to respond to the allegations in Paragraph 867 on the ground that it relates to claims that have been dismissed from the action.

868. Respectfully declines to respond to the allegations in Paragraph 868 on the ground that it relates to claims that have been dismissed from the action.

869. Respectfully declines to respond to the allegations in Paragraph 869 on the ground that it relates to claims that have been dismissed from the action.

870. Respectfully declines to respond to the allegations in Paragraph 870 on the ground that it relates to claims that have been dismissed from the action.

871. Respectfully declines to respond to the allegations in Paragraph 871 on the ground that it relates to claims that have been dismissed from the action.

872. Respectfully declines to respond to the allegations in Paragraph 872 on the ground that it relates to claims that have been dismissed from the action.

873. Respectfully declines to respond to the allegations in Paragraph 873 on the ground that it relates to claims that have been dismissed from the action.

874. Respectfully declines to respond to the allegations in Paragraph 874 on the ground that it relates to claims that have been dismissed from the action.

875. Respectfully declines to respond to the allegations in Paragraph 875 on the ground that it relates to claims that have been dismissed from the action.

876. Respectfully declines to respond to the allegations in Paragraph 876 on the ground that it relates to claims that have been dismissed from the action.

877. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

878. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 878.

879. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 879.

880. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 880.

881. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 881.

882. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 882.

883. Repeats and re-alleges his responses to the proceeding Paragraphs as if fully set forth herein.

884. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 884.

885. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 885.

886. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 886.

887. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 887.

888. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 888.

889. Respectfully declines to respond to Paragraph 889 as it does not set forth any allegations of fact.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought may be awarded.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims for relief are barred, if and to the extent plaintiffs failed to comply with the administrative prerequisites to suit under the applicable statutes.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations and/or filing period(s).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, including prior to the allegations that form the basis of plaintiffs' claims, defendant exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or harassing behavior. Plaintiffs unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by defendant to avoid harm otherwise.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, including prior to the alleged discriminatory acts referred to in the Amended Complaint, defendant maintained and complied with Mount Sinai's policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by its employees and agents.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) of the Administrative Code.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because, at all relevant times, defendant acted in good faith toward plaintiffs, and any actions taken toward plaintiffs were for legitimate, non-discriminatory and/or non-retaliatory business reasons.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

If and to the extent any action taken with respect to plaintiffs was motivated by an impermissible consideration, which defendant expressly denies, defendant would have taken the same action for non-discriminatory and/or non-retaliatory reasons.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendant is not liable to plaintiffs for the acts or omissions of any supervisory or managerial employees of Mount Sinai that were beyond the scope of his or her employment.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, to the extent plaintiffs failed to mitigate any of the damages alleged in the Amended Complaint.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for emotional distress and/or mental anguish damages are barred, in whole or in part, because defendant's alleged conduct did not rise to the level of culpability to justify an award of such damages and/or because defendant did not cause such damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Defendant is not liable for exemplary or punitive damages, because neither he nor any of his agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of plaintiffs, nor did defendant authorize or ratify such practices.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages are barred, in whole or in part, because defendant acted in good faith and had reasonable grounds for the belief that his alleged acts or omissions were not violations of the law.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from recovering the damages alleged in the Amended Complaint because those damages are too vague, uncertain and speculative to permit recovery.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs suffered damages as alleged in the Amended Complaint, such damages were caused or contributed to by plaintiffs' own actions or actions of others over whom defendant exercised no control.

**WHEREFORE**, defendant prays for judgment as follows:

(1) Dismissing the Amended Complaint, and plaintiffs' claims therein, with prejudice and in their entirety;

(2) Entering judgment against plaintiffs and for defendant;

(3) Awarding defendant its costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: March 28, 2022
New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP

*/s/ Joseph Baumgarten*

Joseph Baumgarten
Edna D. Guerrasio
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(T) 212-969-3000
(F) 212-969-2900
jbaumgarten@proskauer.com
eguerrasio@proskauer.com
*Attorneys for Defendant*