UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. HOLLY ATKINSON,
DR. NATASHA ANUSHRI ANANDARAJA,
DR. STELLA SAFO,
MARY CALIENDO,
HUMALE KHAN,
GERALDINE LLAMES,
AMANDA MISITI, and
EMILIE BRUZELIUS,

                          Plaintiffs,

        v.

DR. PRABHJOT SINGH
DR. DENNIS S. CHARNEY,
BRUNO SILVA,
DAVID BERMAN, and
MOUNT SINAI HEALTH SYSTEM, INC.,

                          Defendants.

1:19-cv-03779-VSB

**DEFENDANT MOUNT SINAI
HEALTH SYSTEM, INC.'S
ANSWER TO FIRST AMENDED
COMPLAINT**

The Icahn School of Medicine at Mount Sinai, incorrectly named as Mount Sinai Health System, Inc. ("Mount Sinai" or "defendant"), by its attorneys Proskauer Rose LLP, answers the First Amended Complaint (the "Amended Complaint"), as follows:

1.      Denies that plaintiffs are entitled to relief under any of the statutes cited in Paragraph 1.

2.      Denies the allegations in Paragraph 2, except admits the plaintiffs are all current or former employees of the Icahn School of Medicine at Mount Sinai.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits that Dr. Prabhjot Singh was hired as Director of Arnhold Institute for Global Health ("AIGH" or the "Institute") at the Icahn School of Medicine.

4.      Denies the allegations in Paragraph 4, except admits that in 2013 the Arnhold

family made a $12.5 million grant to AIGH, Dr. Dennis Charney is the Dean of the Icahn School of Medicine, and avers that the search committee recommended Singh following Dr. Steffanie Strathdee's withdrawal.

5.      Denies the allegations in Paragraph 5.

6.      Denies the allegations in Paragraph 6, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "employees began taking notes during conversations" and the alleged ailments the "13 women" allegedly suffered from.

7.      Denies the allegations in Paragraph 7.

8.      Denies the allegations in Paragraph 8, except admits that David Berman was Chief of Staff of AIGH.

9.      Denies the allegations in Paragraph 9.

10.      Denies the allegations in Paragraph 10, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning why certain employees left AIGH.

11.      Denies the allegations in Paragraph 11, except admits that an Oversight Committee was created to support Singh's management.

12.      Denies the allegations in Paragraph 12, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Charney's reputation and the opinions of the HR staff, and admits that at the time the Amended Complaint was filed, Charney had been Dean of the Icahn School of Medicine for 12 years.

13.      Denies that Charney's management style is oppressive, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

13, except admits that public letters were published and a student speaker at the Icahn School of Medicine's 2019 graduation said "time's up!" after the complaint was filed in this litigation.

14.     Denies the allegations in Paragraph 14, except aver that the email and announcement referenced therein speak for themselves.

15.     Denies the allegations in Paragraph 15.

16.     Respectfully declines to respond to the allegations in Paragraph 16 on the ground that it relates to claims that have been dismissed from the lawsuit.

17.     Respectfully declines to respond to the allegations in Paragraph 17 on the ground that it relates to claims that have been dismissed from the lawsuit.

18.     Denies that Stella Safo was employed by Mount Sinai Health System, Inc., except admits that Safo worked at AIGH, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Safo's residence and the phrase "during the relevant period and at all material times."

19.     Respectfully declines to respond to the allegations in Paragraph 19 on the ground that it relates to claims that have been dismissed from the lawsuit.

20.     Respectfully declines to respond to the allegations in Paragraph 20 on the ground that it relates to claims that have been dismissed from the lawsuit.

21.     Denies that Geraldine Llames was employed by Mount Sinai Health System, Inc., except admits that Llames worked at AIGH, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Llames' residence and the time period referenced by the phrase, "during the relevant period and at all material times."

22.     Denies that Amanda Misiti was employed by Mount Sinai Health System, Inc., except admits that Misiti worked at AIGH, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations regarding Misiti's residence and the time period referenced by the phrase, "during the relevant period and at all material times."

23.     Denies that Emilie Bruzelius was employed by Mount Sinai Health System, Inc., except admits that Bruzelius worked at AIGH, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bruzelius' residence and the time period referenced by the phrase, "during the relevant period and at all material times."

24.     Denies the allegations in Paragraph 24, except admits that Mount Sinai Health System, Inc. is the sole member of Mount Sinai Hospitals Group, Inc. and maintains offices at One Gustave L. Levy Place, New York, New York, 10029.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, except admits that it employs twenty or more employees each working day in more than twenty calendar weeks per year.

26.     Denies that Singh was employed by Mount Sinai Health System, Inc., admits that Singh is an individual domiciled in the State of New York, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the phrase "during the relevant period and at all material times."

27.     Denies that Charney was employed by Mount Sinai Health System, Inc., admits that Charney is an individual domiciled in the State of New York and works at the Icahn School of Medicine, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the phrase "during the relevant period and at all material times."

28.     Denies that Bruno Silva was employed by Mount Sinai Health System, Inc., admits that Silva is an individual domiciled in the State of New York and, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the phrase

"during the relevant period and at all material times."

29.     Respectfully declines to respond to the allegations in Paragraph 29 on the ground that it relates to claims that have been dismissed from the lawsuit.

30.     Denies the allegations in Paragraph 30, except admits that plaintiffs purport to assert claims under the statutes referred to therein.

31.     Admits the allegations in Paragraph 31.

32.     Denies the allegations in Paragraph 32, except admits that venue is proper in this District.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Denies the allegations in Paragraph 36, except admits that Mount Sinai Health System, Inc. is the sole member of Mount Sinai Hospitals Group, Inc. and that the Icahn School of Medicine, of which Charney is the dean, is a top medical school in the country.

37.     Denies the allegations in Paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, except admits that Dr. Ramon Murphy, an eminent pediatrician, led a group of physicians to build a Global Health Training Program.

39.     Denies the allegations in Paragraph 39, except denies knowledge or information sufficient to form a belief as to the individuals on the "advisory board," and admits that the Global

Health Training Program received funding from the Mulago Foundation.

40.     Denies the allegations in Paragraph 40, except admits that in 2010 Dr. Phil Landrigan was named the Dean for Global Health, and Dr. Holly Atkinson and Elena Rahona worked on Global Health Training Programs for Mount Sinai Global Health, and otherwise defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding how the program "expanded."

41.     Denies the allegations in Paragraph 41, except admits that the "InFocus" courses taught by Atkinson and Dr. Natasha Anandaraja were favorably reviewed and reached 280 students per year, and otherwise defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' description of the Masters of Public Health program.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, except admits that Mount Sinai Global Health maintained training opportunities at international partner sites.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except admits that Mount Sinai Global Health relied, in part, on fundraising efforts by Dr. Ramon Murphy.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, except admits that the Arnhold family made donations to Mount Sinai Global Health through the Arnhold Foundation and the Mulago Foundation, including a gift in 2013 for $12.5 million.  Mount Sinai further avers that the gift agreement speaks for itself.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except admits the quoted statement by John Arnhold.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except admits that there were two donations made by the Arnhold and Mulago Foundations in 2013 and 2015, and that Charney sent John Arnhold a typed letter, the contents of which speaks for itself.

49.     Denies the allegations in Paragraph 49 with respect to the term "upgrade" but otherwise admits that MSGH became AIGH, Mount Sinai announced its name change on April 3, 2014, Dr. Phil Landrigan was Interim Director of AIGH and that the Institute moved into its new offices in summer 2015, and further avers that the terms of the donation speak for themselves.

50.     Admits the allegations in Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, except admits that a search committee was formed to identify the Director of AIGH.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Charney has become "virtually synonymous" with Mount Sinai, denies that he taught at Yale School of Medicine for 18 years, but otherwise admits the allegations in Paragraph 52.

53.     Denies the allegations in Paragraph 53, except admits that Charney is a fan of Bruce Springsteen and participated in Mount Sinai's annual push-up challenge for prostate cancer, which he won in 2015.

54.     Denies the allegations in Paragraph 54, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Dr. Andrew Goldstein disclosed "in the wake of this lawsuit."

55.     Denies the allegations in Paragraph 55, except admits that Charney co-authored the referenced article, for which a correction was later issued.

56.     Denies the allegations in Paragraph 56, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the emails exchanged between Landrigan and MSGH staff, but admits that Landrigan and Dr. Ann Marie Beddoe, among others, served on the search committee, and further avers that the contents of the job description speaks for itself.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "the message to candidates," but otherwise admits the allegations in Paragraph 57.

58.     Denies that the search committee chose Strathdee to become the AIGH director and avers that the committee recommended Strathdee as its first choice, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining applicant pool as alleged in Paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and states that Strathdee's CV speaks for itself.

60.     Denies the allegations in Paragraph 60, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding opinions of Strathdee's candidacy.

61.     Denies plaintiffs' characterization of Charney's interactions with Anandaraja,

Landrigan and Murphy, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, except admits that a meeting took place with Anandaraja, Landrigan, Murphy and Charney to discuss the proposed budget.

62.     Denies the allegations in Paragraph 62, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "the team went back to the drawing board."

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except admits that Strathdee withdrew her application.

64.     Denies the allegations in Paragraph 64, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the feelings of Anandaraja, Murphy and Landrigan.

65.     Denies the allegations in Paragraph 65, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "suggest[ions]" allegedly made by "several people at Mount Sinai" that Anandaraja become AIGH's Interim Director.

66.     Denies the allegations in Paragraph 66.

67.     Denies the allegations in Paragraph 67, except admits Charney's instruction to return to the pool of applicants and continue the interview process.

68.     Admits the allegations in Paragraph 68, and further avers that Charney selected Singh as AIGH Director after he was recommended by the search committee.

69.     Admits the allegations in Paragraph 69.

70.     Denies the allegation that Landrigan knew Singh because he was a Mount Sinai resident, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admits that Singh did not apply for the AIGH Director position, but was in contact with Landrigan and Anandaraja prior to his hire.

72.     Denies the allegations in Paragraph 72 to the extent they characterize Landrigan's consideration of Singh as someone who qualified for only a "junior" position, otherwise, Mount Sinai admits that Landrigan and Anandaraja discussed Singh as a candidate for other roles at AIGH, but denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific roles discussed.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Denies the allegations in Paragraph 74, except admits that the search committee was interested in candidates who were "experienced, with leadership and management background and a strong academic track record."

75.     Denies the allegations in Paragraph 75, except admits that Landrigan instructed his executive assistant to organize a full day of interviews and a seminar for Singh.

76.     Denies the allegations in Paragraph 76, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Anandaraja's thoughts and feelings.

77.     Denies that Charney's "mind was already set" on Singh and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Denies the allegations in Paragraph 79, except admits that Singh's official interview, lecture and visit to AIGH occurred on December 16, 2014.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, except admits that members of the search committee submitted evaluations after Singh's visit.

81.     Denies the allegations in Paragraph 81, except admits that Singh demonstrated promise and that he provided Mount Sinai with a copy of his CV.

82.     Denies the allegations in Paragraph 82, except admits that Singh's funding came primarily from private foundation grants.

83.     Denies the allegations in Paragraph 83, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Singh's CV compared to Strathdee's CV, and further avers that the CVs referenced therein, speak for themselves.

84.     Denies the allegations in Paragraph 84.

85.     Denies the allegations in Paragraph 85.

86.     Denies the allegations in Paragraph 86.

87.     Denies the allegations in Paragraph 87.

88.     Denies the allegations in Paragraph 88.

89.     Denies the allegations in Paragraph 89.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except denies that Mount Sinai required a specific CV format for applicants.

91.     Denies the allegations in Paragraph 91.

92.     Denies the allegations in Paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     Denies the allegations in Paragraph 94.

95.     Denies the allegations in Paragraph 95.

96.     Denies the allegations in Paragraph 96.

97.     Denies the allegations in Paragraph 97.

98.     Denies the allegations in Paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, except admits that Singh's CV includes a 2013-2015 grant for $725,000 from the Robert Wood Johnson Foundation to City Health Works.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except admits that Singh's CV includes a 2013-2014 grant for $250,000 from the Gates Foundation to the Earth Institute's One Million Community Health Workers Campaign.

101.    Denies the allegations in Paragraph 101.

102.    Denies the allegations in Paragraph 102.

103.    Denies the allegations in Paragraph 103, except admits that Charney thought Singh was a remarkable find and Charney met with the Advisory Board, the meeting minutes of which speak for themselves.

104.    Denies the allegations in Paragraph 104, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Advisory Board members' opinions of Charney's "approach," and admits that Advisory Board members noted Singh's experience during the meeting, and that Charney indicated he would supervise Singh and meet

with him regularly.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, except admits that Jeffrey Sachs' support of Singh was universally accepted as a strong endorsement.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 regarding Stern's knowledge, concerns and/or impressions, admits that Sachs was engaged by AIGH as a consultant advisor but denies this was "payback" for Singh being named Director of AIGH.

111.    Denies the allegations in Paragraph 111, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding when various individuals became aware of Singh's hire, and admits that Singh was hired in February 2015.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and states that the e-mail from Charney speaks for itself.

113.    Denies the allegations in Paragraph 113, and avers that Singh was offered the position of Director of AIGH and that Barbara Murphy offered Singh the position of Vice Chair

in the Department of Medicine.

114.    Denies the allegations in Paragraph 114, except admits that Landrigan had interim oversight responsibility of AIGH until Singh's start date.

115.    Denies the allegations in Paragraph 115, except admits that Singh visited AIGH on April 7, 2015, during which time he met with numerous members of AIGH staff.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Denies the allegations in Paragraph 117.

118.    Denies the allegations in Paragraph 118, except admits that Singh hired an outside consultant to do an overview assessment of AIGH, and had communications with them, the contents of which speak for themselves.

119.    Respectfully declines to respond to this allegations in Paragraph 119 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 119.

120.    Respectfully declines to respond to the allegations in Paragraph 120 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 120, except admits that as the AIGH Director, Singh oversaw AIGH's finances.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, except admits that Tal Recanati was Chair of the MSGH Center and hosted a welcome event for Singh at her home.

122.    Denies the allegations in Paragraph 122, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Ramon Murphy wrote

to Stern, and further states that Singh and Charney agreed to form an external advisory group.

123.    Denies the allegations in Paragraph 123, except admits that the MSGH Advisory Board terminated after Singh became Director of AIGH.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, except admits that Dr. El-Sayed was recruited to become AIGH's Associate Director and was also offered the position of Associate Professor.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    Denies the allegations in Paragraph 128, except admits that El-Sayed visited the Institute before his start date, ultimately decided not to work at AIGH and accepted a position in Michigan.

129.    Respectfully declines to respond to the allegations in Paragraph 129 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

130.    Denies the allegations in Paragraph 130, except admits that Dr. Sandeep Kishore and Berman were hired to work in AIGH.

131.    Respectfully declines to respond to the allegations in Paragraph 131 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except admits that Kishore was offered the position

of Associate Director, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position Kishore was "originally offered."

132.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other's awareness of the role of "Chief of Staff," but admits that Berman was hired to be AIGH's Chief of Staff.

133.   Denies the allegations in Paragraph 133, except admits that Kirsten Knaup was hired as AIGH's Chief Operating Officer.

134.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, except denies that all of Singh's "new hires were friends or professional contacts."

135.   Denies the allegations in Paragraph 135, except denies knowledge or information sufficient to form a belief as to the truth of the quoted statements attributed to Singh.

136.   Denies the allegations in Paragraph 136.

137.   Denies the allegations in Paragraph 137, except admits Singh encouraged employees to work with the consultants.

138.   Denies the allegations in Paragraph 138.

139.   Respectfully declines to respond to the allegations in Paragraph 139 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

140.   Respectfully declines to respond to the allegations in Paragraph 140 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

141.   Respectfully declines to respond to the allegations in Paragraph 141 on the ground

that it relates to claims that have been dismissed from the lawsuit.

142.    Respectfully declines to respond to the allegations in Paragraph 142 on the ground that it relates to claims that have been dismissed from the lawsuit.

143.    Respectfully declines to respond to the allegations in Paragraph 143 on the ground that it relates to claims that have been dismissed from the lawsuit.

144.    Respectfully declines to respond to the allegations in Paragraph 144 on the ground that it relates to claims that have been dismissed from the lawsuit.

145.    Respectfully declines to respond to the allegations in Paragraph 145 on the ground that it relates to claims that have been dismissed from the lawsuit.

146.    Respectfully declines to respond to the allegations in Paragraph 146 on the ground that it relates to claims that have been dismissed from the lawsuit.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148.    Denies the allegations in Paragraph 148, except denies knowledge or information sufficient to form a belief as to the truth of allegations concerning what Rahona "saw."

149.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, except denies defendant "decided to replace her without notice or explanation."

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.    Denies the allegations in Paragraph 151, except admits that Caryn Tiger-Paillex met with Rahona to discuss her role at AIGH, and denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Rahona's subsequent discussion with

Anandaraja.

152.    Denies the allegations in Paragraph 152, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the quoted statements.

153.    Denies that Singh "berat[ed]" Rahona, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of Singh's conversation with Rahona.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, except denies that Singh treated Rahona "as if she were a filing clerk."

155.    Denies the allegations in Paragraph 155, except admits that Knaup was hired to be AIGH's Chief Operating Officer through a job posting.

156.    Denies the allegations in Paragraph 156, except admits that Rahona met with Clarissa Jones-Winter to discuss the changes she had experienced with respect to her job duties.

157.    Denies the allegations in Paragraph 157, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rahona's knowledge or thoughts.

158.    Denies the allegations in Paragraph 158, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rahona's beliefs, and admits that Singh reached out to Rahona to ask whether she was interested in staying at AIGH.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, except admits that Rahona's last day of employment was October 2, 2015.

160.    Respectfully declines to respond to the allegations in Paragraph 160 on the ground

that it relates to claims that have been dismissed from the lawsuit.

161.     Respectfully declines to respond to the allegations in Paragraph 161 on the ground that it relates to claims that have been dismissed from the lawsuit.

162.     Respectfully declines to respond to the allegations in Paragraph 162 on the ground that it relates to claims that have been dismissed from the lawsuit.

163.     Respectfully declines to respond to the allegations in Paragraph 163 on the ground that it relates to claims that have been dismissed from the lawsuit.

164.     Respectfully declines to respond to the allegations in Paragraph 164 on the ground that it relates to claims that have been dismissed from the lawsuit.

165.     Respectfully declines to respond to the allegations in Paragraph 165 on the ground that it relates to claims that have been dismissed from the lawsuit.

166.     Respectfully declines to respond to the allegations in Paragraph 166 on the ground that it relates to claims that have been dismissed from the lawsuit.

167.     Respectfully declines to respond to the allegations in Paragraph 167 on the ground that it relates to claims that have been dismissed from the lawsuit.

168.     Respectfully declines to respond to the allegations in Paragraph 168 on the ground that it relates to claims that have been dismissed from the lawsuit.

169.     Respectfully declines to respond to the allegations in Paragraph 169 on the ground that it relates to claims that have been dismissed from the lawsuit.

170.     Respectfully declines to respond to the allegations in Paragraph 170 on the ground that it relates to claims that have been dismissed from the lawsuit.

171.     Respectfully declines to respond to the allegations in Paragraph 171 on the ground that it relates to claims that have been dismissed from the lawsuit.

172.    Respectfully declines to respond to the allegations in Paragraph 172 on the ground that it relates to claims that have been dismissed from the lawsuit.

173.    Respectfully declines to respond to the allegations in Paragraph 173 on the ground that it relates to claims that have been dismissed from the lawsuit.

174.    Respectfully declines to respond to the allegations in Paragraph 174 on the ground that it relates to claims that have been dismissed from the lawsuit.

175.    Respectfully declines to respond to the allegations in Paragraph 175 on the ground that it relates to claims that have been dismissed from the lawsuit.

176.    Respectfully declines to respond to the allegations in Paragraph 176 on the ground that it relates to claims that have been dismissed from the lawsuit.

177.    Respectfully declines to respond to the allegations in Paragraph 177 on the ground that it relates to claims that have been dismissed from the lawsuit.

178.    Respectfully declines to respond to the allegations in Paragraph 178 on the ground that it relates to claims that have been dismissed from the lawsuit.

179.    Respectfully declines to respond to the allegations in Paragraph 179 on the ground that it relates to claims that have been dismissed from the lawsuit.

180.    Respectfully declines to respond to the allegations in Paragraph 180 on the ground that it relates to claims that have been dismissed from the lawsuit.

181.    Respectfully declines to respond to the allegations in Paragraph 181 on the ground that it relates to claims that have been dismissed from the lawsuit.

182.    Respectfully declines to respond to the allegations in Paragraph 182 on the ground that it relates to claims that have been dismissed from the lawsuit.

183.    Respectfully declines to respond to the allegations in Paragraph 183 on the ground

that it relates to claims that have been dismissed from the lawsuit.

184.    Respectfully declines to respond to the allegations in Paragraph 184 on the ground that it relates to claims that have been dismissed from the lawsuit.

185.    Respectfully declines to respond to the allegations in Paragraph 185 on the ground that it relates to claims that have been dismissed from the lawsuit.

186.    Respectfully declines to respond to the allegations in Paragraph 186 on the ground that it relates to claims that have been dismissed from the lawsuit.

187.    Respectfully declines to respond to the allegations in Paragraph 187 on the ground that it relates to claims that have been dismissed from the lawsuit.

188.    Respectfully declines to respond to the allegations in Paragraph 188 on the ground that it relates to claims that have been dismissed from the lawsuit.

189.    Respectfully declines to respond to the allegations in Paragraph 189 on the ground that it relates to claims that have been dismissed from the lawsuit.

190.    Respectfully declines to respond to the allegations in Paragraph 190 on the ground that it relates to claims that have been dismissed from the lawsuit.

191.    Respectfully declines to respond to the allegations in Paragraph 191 on the ground that it relates to claims that have been dismissed from the lawsuit.

192.    Respectfully declines to respond to the allegations in Paragraph 192 on the ground that it relates to claims that have been dismissed from the lawsuit.

193.    Respectfully declines to respond to the allegations in Paragraph 193 on the ground that it relates to claims that have been dismissed from the lawsuit.

194.    Respectfully declines to respond to the allegations in Paragraph 194 on the ground that it relates to claims that have been dismissed from the lawsuit.

195.     Respectfully declines to respond to the allegations in Paragraph 195 on the ground that it relates to claims that have been dismissed from the lawsuit.

196.     Respectfully declines to respond to the allegations in Paragraph 196 on the ground that it relates to claims that have been dismissed from the lawsuit.

197.     Respectfully declines to respond to the allegations in Paragraph 197 on the ground that it relates to claims that have been dismissed from the lawsuit.

198.     Respectfully declines to respond to the allegations in Paragraph 198 on the ground that it relates to claims that have been dismissed from the lawsuit.

199.     Respectfully declines to respond to the allegations in Paragraph 199 on the ground that it relates to claims that have been dismissed from the lawsuit.

200.     Respectfully declines to respond to the allegations in Paragraph 200 on the ground that it relates to claims that have been dismissed from the lawsuit.

201.     Respectfully declines to respond to the allegations in Paragraph 201 on the ground that it relates to claims that have been dismissed from the lawsuit.

202.     Respectfully declines to respond to the allegations in Paragraph 202 on the ground that it relates to claims that have been dismissed from the lawsuit.

203.     Respectfully declines to respond to the allegations in Paragraph 203 on the ground that it relates to claims that have been dismissed from the lawsuit.

204.     Respectfully declines to respond to the allegations in Paragraph 204 on the ground that it relates to claims that have been dismissed from the lawsuit.

205.     Respectfully declines to respond to the allegations in Paragraph 205 on the ground that it relates to claims that have been dismissed from the lawsuit.

206.     Respectfully declines to respond to the allegations in Paragraph 206 on the ground

that it relates to claims that have been dismissed from the lawsuit.

207.    Respectfully declines to respond to the allegations in Paragraph 207 on the ground that it relates to claims that have been dismissed from the lawsuit.

208.    Respectfully declines to respond to the allegations in Paragraph 208 on the ground that it relates to claims that have been dismissed from the lawsuit.

209.    Respectfully declines to respond to the allegations in Paragraph 209 on the ground that it relates to claims that have been dismissed from the lawsuit.

210.    Respectfully declines to respond to the allegations in Paragraph 210 on the ground that it relates to claims that have been dismissed from the lawsuit.

211.    Respectfully declines to respond to the allegations in Paragraph 211 on the ground that it relates to claims that have been dismissed from the lawsuit.

212.    Respectfully declines to respond to the allegations in Paragraph 212 on the ground that it relates to claims that have been dismissed from the lawsuit.

213.    Respectfully declines to respond to the allegations in Paragraph 213 on the ground that it relates to claims that have been dismissed from the lawsuit.

214.    Respectfully declines to respond to the allegations in Paragraph 214 on the ground that it relates to claims that have been dismissed from the lawsuit.

215.    Respectfully declines to respond to the allegations in Paragraph 215 on the ground that it relates to claims that have been dismissed from the lawsuit.

216.    Respectfully declines to respond to the allegations in Paragraph 216 on the ground that it relates to claims that have been dismissed from the lawsuit.

217.    Respectfully declines to respond to the allegations in Paragraph 217 on the ground that it relates to claims that have been dismissed from the lawsuit.

218.    Respectfully declines to respond to the allegations in Paragraph 218 on the ground that it relates to claims that have been dismissed from the lawsuit.

219.    Respectfully declines to respond to the allegations in Paragraph 219 on the ground that it relates to claims that have been dismissed from the lawsuit.

220.    Respectfully declines to respond to the allegations in Paragraph 220 on the ground that it relates to claims that have been dismissed from the lawsuit.

221.    Respectfully declines to respond to the allegations in Paragraph 221 on the ground that it relates to claims that have been dismissed from the lawsuit.

222.    Respectfully declines to respond to the allegations in Paragraph 222 on the ground that it relates to claims that have been dismissed from the lawsuit.

223.    Respectfully declines to respond to the allegations in Paragraph 223 on the ground that it relates to claims that have been dismissed from the lawsuit.

224.    Respectfully declines to respond to the allegations in Paragraph 224 on the ground that it relates to claims that have been dismissed from the lawsuit.

225.    Respectfully declines to respond to the allegations in Paragraph 225 on the ground that it relates to claims that have been dismissed from the lawsuit.

226.    Respectfully declines to respond to the allegations in Paragraph 226 on the ground that it relates to claims that have been dismissed from the lawsuit.

227.    Respectfully declines to respond to the allegations in Paragraph 227 on the ground that it relates to claims that have been dismissed from the lawsuit.

228.    Respectfully declines to respond to the allegations in Paragraph 228 on the ground that it relates to claims that have been dismissed from the lawsuit.

229.    Respectfully declines to respond to the allegations in Paragraph 229 on the ground

that it relates to claims that have been dismissed from the lawsuit.

230.    Denies the allegations in Paragraph 230, except admits that Singh developed projects while at AIGH.

231.    Denies the allegations in Paragraph 231, except admits that El-Sayed recruited Dr. James Faghmous to join AIGH as its Chief Technology Officer, a position which Faghmous accepted, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Faghmous' relationship with El-Sayed and Faghmous' thoughts.

232.    Admits the allegations in Paragraph 232.

233.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, except admits that Singh was enthusiastic about the prospects of project ATLAS.

234.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, except admits that Faghmous' duties included work associated with ATLAS.

235.    Denies the allegations in Paragraph 235, except admits that in June 2016 Singh, Faghmous and Berman travelled to Seattle to pitch project ATLAS to Dr. Trevor Mundel in an effort to secure funding.

236.    Denies the allegations in Paragraph 236, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Faghmous' impressions and that Singh had a verbal disagreement with Saara Romu.

237.    Denies the allegations in Paragraph 237, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Faghmous' thoughts and feelings, and admits that in fall 2016, Faghmous presented ATLAS at a USAID innovation

competition and ATLAS partnered with Dimagi and received a $300,000 grant for a one-year pilot program to develop proof-of-concept in Guatemala.

238.    Denies the allegations in Paragraph 238, except admits that Singh presented ATLAS as a project of AIGH.

239.    Denies the allegations in Paragraph 239, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Faghmous' reasons for leaving AIGH, but admits that he left AIGH in 2017.

240.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.

241.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, except admits that Bruzelius was hired to perform the stated responsibilities.

242.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, except admits that Bruzelius received a pay raise.

243.    Denies the allegations in Paragraph 243, except admits that Bruzelius initially had minimal contact with Singh and that he had approached her after her paper was declined by a journal.

244.    Denies the allegations in Paragraph 244, except denies knowledge or information sufficient to form a belief as to the truth of the allegation of what Faghmous said to Bruzelius, and admits that for a brief period of time Bruzelius reported directly to Singh.

245.    Denies the allegations in Paragraph 245, except denies knowledge or information sufficient to form a belief as to the truth of the allegation as to Bruzelius' thoughts and opinions, and admits that Bruzelius did not receive a promotion.

246.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246.

247.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247.

248.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

249.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, except denies that Singh told Knaup that he decided not to offer Bruzelius a pay raise because he thought her "weak," "too collaborative" and "did not like" her.

250.     Denies the allegations in Paragraph 250, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bruzelius' thoughts and impressions.

251.     Denies the allegations in Paragraph 251, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bruzelius' observations.

252.     Denies the allegations in Paragraph 252, except admits that Singh recognized Bruzelius' advanced research and statistical skills.

253.     Denies the allegations in Paragraph 253, except admits that Singh hired Jeb Weisman to oversee the ATLAS project, to whom the Data Science team thereafter reported, with the exception of Silva who reported to Singh, and Bruzelius, who reported to both Singh and Weisman.

254.     Denies the allegations in Paragraph 254, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Knaup allegedly told Bruzelius.

255. Denies that AIGH engaged in any "disturbing research and/or scientific practices" as alleged in Paragraph 255, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "Bruzelius learned."

256. Admits the allegations in Paragraph 256.

257. Denies the allegations in Paragraph 257, except denies knowledge or information sufficient to form a belief as to the truth of allegations regarding Bruzelius' interactions and discussions with Knaup, and admits that Singh referred Bruzelius to Knaup to access the requested documents and that Bruzelius thereafter told Singh that the trip should be postponed.

258. Denies the allegations in Paragraph 258.

259. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259.

260. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, except admits that Silva did not complete the Collaborative Institute Training Program.

261. Denies the allegations in Paragraph 261, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Bruzelius learned.

262. Denies the allegations in Paragraph 262, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Aaron Baum's discussions with Bruzelius and Bruzelius' thoughts.

263. Denies the allegations in Paragraph 263, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Bruzelius believes she "found."

264. Denies the allegations in Paragraph 264.

265.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265.

266.     Denies the allegations in Paragraph 266, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Bruzelius felt, knew, or did.

267.     Denies the allegations in Paragraph 267, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bruzelius' thoughts, feelings and expectations.

268.     Denies knowledge or information sufficient to form a belief as to the scope of the "concerns" alleged in Paragraph 268, but otherwise admits that Bruzelius participated in an investigation conducted by HR in summer of 2018 regarding Singh.

269.     Respectfully declines to respond to the allegations in Paragraph 269 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

270.     Respectfully declines to respond to the allegations in Paragraph 270 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Humale Khan was hired in 2017 as a Product Manager at AIGH.

271.     Respectfully declines to respond to the allegations in Paragraph 271 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

272.     Respectfully declines to respond to the allegations in Paragraph 272 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the state of the computer code for ATLAS.

273.     Respectfully declines to respond to the allegations in Paragraph 273 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 273, except admits that Faghmous left AIGH in 2017.

274.     Respectfully declines to respond to the allegations in Paragraph 274 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except denies knowledge or information sufficient to form a belief as to Khan's concerns.

275.     Respectfully declines to respond to the allegations in Paragraph 275 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

276.     Respectfully declines to respond to the allegations in Paragraph 276 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

277.     Respectfully declines to respond to this allegation in Paragraph 277 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies the allegations, except admits that Singh, Silva, Llames and Khan

traveled to Washington, D.C. to meet with Jennifer Fluder, who asked about Tula Salud's coverage for the next phase of ATLAS and to which Singh responded that it was 20% of Guatemala.  Mount Sinai further avers that Fluder asked for coverage statistics be included in the final report on the first phase.

278.    Respectfully declines to respond to this allegation in Paragraph 278 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies the allegations, except admits that Singh instructed the ATLAS team to revise the USAID report.

279.    Respectfully declines to respond to this allegation in Paragraph 279 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies the allegations.

280.    Respectfully declines to respond to the allegations in Paragraph 280 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except admits that in the fall of 2017, Singh, Berman, Khan and their colleagues made presentations about ATLAS to the Gates Foundation and Vulcan Inc.

281.    Respectfully declines to respond to the allegations in Paragraph 281 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

282.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, except admits that Singh sent Misiti a draft email for her review and thereafter received a response.

283.    Denies the allegations in Paragraph 283, except admits that Misiti sent Singh a draft

slide deck and report for a meeting with the Commonwealth Fund, which Singh responded to with anticipated questions and that Misiti sent him a further response that contained the quoted language.

284.  Respectfully declines to respond to the allegations in Paragraph 284 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Khan left AIGH on February 4, 2019.

285.  Respectfully declines to respond to the allegations in Paragraph 285 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

286.  Respectfully declines to respond to the allegations in Paragraph 286 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

287.  Respectfully declines to respond to the allegations in Paragraph 287 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

288.  Respectfully declines to respond to the allegations in Paragraph 288 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

289.    Respectfully declines to respond to the allegations in Paragraph 289 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Khan wrote to Jones-Winter on February 1, 2019 asking for a meeting and thereafter the two exchanged e-mails about Khan's concerns, the contents of which speak for themselves.

290.    Respectfully declines to respond to the allegations in Paragraph 290 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except admits that Jones-Winter spoke with Khan on the phone about his concerns over ATLAS and that he sent her information that he believed supported the concerns he expressed.

291.    Respectfully declines to respond to the allegations in Paragraph 291 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Khan sent Jones-Winter additional information.

292.    Respectfully declines to respond to the allegations in Paragraph 292 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai admits that Khan sent an email to Charney on February 12, 2019, the contents of which speaks for itself.

293.    Denies the allegations in Paragraph 293.

294.    Respectfully declines to respond to the allegations in Paragraph 294 on the ground that it relates to claims that have been dismissed from the lawsuit.

295.    Respectfully declines to respond to the allegations in Paragraph 295 on the ground

that it relates to claims that have been dismissed from the lawsuit.

296.    Respectfully declines to respond to the allegations in Paragraph 296 on the ground that it relates to claims that have been dismissed from the lawsuit.

297.    Denies the allegations in Paragraph 297.

298.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 and avers that Safo's CV speaks for itself.

299.    Denies the allegations in Paragraph 299, except admits that Safo joined AIGH on September 1, 2015 as a Program Manager and faculty member of the Department of Medicine.

300.    Denies the allegations in Paragraph 300, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the curriculum Safo created.

301.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301.

302.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, except admits that Safo was hired without a selection committee and was selected to work with Singh on health systems design.

303.    Denies the allegations in Paragraph 303, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Safo "wanted," and admits that Safo sought to negotiate her salary.

304.    Denies the allegations in Paragraph 304, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding comments made by members of the Peterson Institute.

305.    Denies the allegations in Paragraph 305.

306.    Denies the allegations in Paragraph 306, except admits that Safo attended senior

management meetings, participated in the hiring and managing of multiple staff and helped design the Institute's programming.

307.    Denies the allegations in Paragraph 307.

308.    Denies the allegations in Paragraph 308, except admits that Singh recruited Safo, mentored her and promoted her.

309.    Denies the allegations in Paragraph 309, except denies knowledge or information sufficient to form a belief as to the truth of allegations regarding what Safo observed and what "others told her."

310.    Denies the allegations in Paragraph 310.

311.    Denies the allegations in Paragraph 311, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Safo believed.

312.    Denies the allegations in Paragraph 312, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Safo "came to dread" and "wanted" for "her team."

313.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313.

314.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, except admits that Safo sent an email inviting AIGH staff members to gather for a celebration of Dr. Natalie Privett and Misiti, Berman criticized Safo's e-mail for omitting some AIGH staff members, and Berman e-mailed Singh indicating Safo was "exclusive."

315.    Denies the allegations in Paragraph 315, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that in or around December 2017, defendant told Silva to submit a receipt for a cake purchase to Knaup for reimbursement.

316.     Denies the allegations in Paragraph 316.

317.     Denies the allegations in Paragraph 317, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Safo decided and whether she "had always spoken up freely in senior management meetings."

318.     Denies the allegations in Paragraph 318, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Safo's feelings about herself, and Safo's notetaking.

319.     Denies the allegations in Paragraph 319, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Safo's and Faghmous' relationship, reactions and discussions.

320.     Denies the allegations in Paragraph 320, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Safo's "concerns."

321.     Denies the allegations in Paragraph 321.

322.     Denies the allegations in Paragraph 322, except denies knowledge or information sufficient to form a belief as to what Safo "heard from her colleagues."

323.     Denies the allegations in Paragraph 323.

324.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324.

325.     Denies the allegations in Paragraph 325, except admits that Safo transferred to a new position with Mount Sinai Health Partners.

326.     Admits the allegations in Paragraph 326.

327.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327, except admits that Safo resigned from her role as Senior Medical

Director of Population Health in June 2019.

328.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328, except admits that Llames started working at AIGH on January 23, 2017 and further avers that Llames' CV speaks for itself.

329.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, except denies that the Data Science team included Bruzelius, Patrick Doupe, Matt Le and Silva, and admits that Llames was hired as a project manager on the Chronic Disease Action Center team reporting to Kishore.

330.    Denies the allegations in Paragraph 330, except admits that Llames was assigned to the Data Science team as a Project Manager and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Llames' opinion of her work.

331.    Denies the allegations in Paragraph 331.

332.    Denies the allegations in Paragraph 332, except admits that in May 2017 Singh held a meeting on the progress of the grant AIGH received from the Robert Wood Johnson Foundation.

333.    Denies the allegations in Paragraph 333.

334.    Denies the allegations in Paragraph 334, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Weisman "highlighting Llames' contributions."

335.    Denies the allegations in Paragraph 335, except admits that Llames' position was comparable to Mike Escosia's.

336.    Denies the allegations in Paragraph 336, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning how Llames' felt and whether Singh changed his mind regarding Llames' remote work requests.

337.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 regarding how Llames felt, what she learned or where she went to work after Mount Sinai, admits that Llames met with Mount Sinai investigators and resigned from AIGH on August 9, 2018.

338.    Admits the allegations in Paragraph 338.

339.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 and further avers that Misiti's CV speaks for itself.

340.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340.

341.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341.

342.    Admits the allegations in Paragraph 342.

343.    Denies the allegations in Paragraph 343, except admits that Singh told Misiti he was sick and called her the following day.

344.    Denies the allegations in Paragraph 344, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "numerous colleagues told Misiti."

345.    Denies the allegations in Paragraph 345, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Misiti told Singh about her connections.

346.    Respectfully declines to respond to the allegations in Paragraph 346 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 346.

347.     Denies the allegations in Paragraph 347, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Misiti believes she observed.

348.     Denies the allegations in Paragraph 348.

349.     Denies the allegations in Paragraph 349, except admits that while on a trip to Liberia, Misiti and others, including Singh, had logistical responsibilities.

350.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350, except admits that Singh and Misiti had a meeting at the U.S. Embassy during a work trip to Liberia.

351.     Denies the allegations in Paragraph 351.

352.     Denies the allegations in Paragraph 352, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what individuals at Columbia University thought of Singh.

353.     Denies the allegations in Paragraph 353.

354.     Respectfully declines to respond to the allegations in Paragraph 354 on the ground that it relates to a claim that has been dismissed from the lawsuit.

355.     Respectfully declines to respond to the allegations in Paragraph 355 on the ground that it relates to a claim that has been dismissed from the lawsuit.

356.     Respectfully declines to respond to the allegations in Paragraph 356 on the ground that it relates to a claim that has been dismissed from the lawsuit.

357.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357, except admits that Singh met with Misiti and the team in early July

2017 and being positive about her work and progress of the team.

358.   Denies the allegations in Paragraph 358.

359.   Denies the allegations in Paragraph 359, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Misiti being "nonplussed" and what Berman said to her.

360.   Denies the allegations in Paragraph 360.

361.   Denies the allegations in Paragraph 361.

362.   Denies the allegations in Paragraph 362.

363.   Denies the allegations in Paragraph 363.

364.   Denies the allegations in Paragraph 364, except admits that Misiti and Singh met on October 31, 2017.

365.   Denies the allegations in Paragraph 365, except admits that Singh met later at Misiti's request to discuss a project.

366.   Denies the allegations in Paragraph 366.

367.   Denies the allegations in Paragraph 367.

368.   Respectfully declines to respond to the allegations in Paragraph 368 on the ground that it relates to a claim that has been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 368, except admits that Misiti met with Mount Sinai's investigators and submitted a complaint.

369.   Respectfully declines to respond to the allegations in Paragraph 369 on the ground that it relates to claims that have been dismissed from the lawsuit.

370.   Respectfully declines to respond to the allegations in Paragraph 370 on the ground that it relates to claims that have been dismissed from the lawsuit.

371.     Respectfully declines to respond to the allegations in Paragraph 371 on the ground that it relates to claims that have been dismissed from the lawsuit.

372.     Respectfully declines to respond to the allegations in Paragraph 372 on the ground that it relates to claims that has been dismissed from the lawsuit.

373.     Respectfully declines to respond to the allegations in Paragraph 373 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 373.

374.     Respectfully declines to respond to the allegations in Paragraph 374 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, Mount Sinai denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Misiti's feelings, and admits that Misiti had a conversation with Jones-Winter regarding promotions and pay raises for AIGH employees.

375.     Respectfully declines to respond to the allegations in Paragraph 375 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, defendant denies the allegations in Paragraph 375.

376.     Respectfully declines to respond to the allegations in Paragraph 376 on the ground that it relates to claims that have been dismissed from the lawsuit.

377.     Respectfully declines to respond to the allegations in Paragraph 377 on the ground that it relates to claims that have been dismissed from the lawsuit.

378.     Respectfully declines to respond to the allegations in Paragraph 378 on the ground that it relates to claims that have been dismissed from the lawsuit.

379.     Respectfully declines to respond to the allegations in Paragraph 379 on the ground that it relates to claims that have been dismissed from the lawsuit.

380.    Respectfully declines to respond to the allegations in Paragraph 380 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mary Caliendo's feelings and interactions with her colleagues.

381.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381, except admits that Berman was hired by Singh in 2016 to work as the AIGH Chief of Staff.

382.    Respectfully declines to respond to the allegations in Paragraph 382 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

383.    Respectfully declines to respond to the allegations in Paragraph 383 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

384.    Respectfully declines to respond to the allegations in Paragraph 384 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies the allegations.

385.    Respectfully declines to respond to the allegations in Paragraph 385 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

386.    Respectfully declines to respond to the allegations in Paragraph 386 on the ground

that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

387.    Respectfully declines to respond to the allegations in Paragraph 387 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

388.    Respectfully declines to respond to the allegations in Paragraph 388 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

389.    Respectfully declines to respond to the allegations in Paragraph 389 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

390.    Respectfully declines to respond to the allegations in Paragraph 390 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

391.    Respectfully declines to respond to the allegations in Paragraph 391 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except admits that Singh heard Berman and Caliendo raise their voices at which point he intervened.

392.    Respectfully declines to respond to the allegations in Paragraph 392 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies the allegations, except admits Singh addressed the incident with Berman, but denies knowledge or information sufficient to form a belief as to the truth of the allegation of how Misiti "found" Caliendo.

393.    Respectfully declines to respond to the allegations in Paragraph 393 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 393, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Caliendo requested to go home.

394.    Respectfully declines to respond to the allegations in Paragraph 394 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

395.    Respectfully declines to respond to the allegations in Paragraph 395 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

396.    Respectfully declines to respond to the allegations in Paragraph 396 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except denies that Singh had not intervened.

397.    Respectfully declines to respond to the allegations in Paragraph 397 on the ground

that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that AIGH terminated Caliendo's employment after an extended performance improvement period that began in May 2017.

398.    Respectfully declines to respond to the allegations in Paragraph 398 on the ground that it relates to claims that have been dismissed from the lawsuit.   To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Singh did not inform members of AIGH staff of Caliendo's termination prior to summer retreat.

399.    Respectfully declines to respond to the allegations in Paragraph 399 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

400.    Respectfully declines to respond to the allegations in Paragraph 400 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

401.    Respectfully declines to respond to the allegations in Paragraph 401 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

402.    Respectfully declines to respond to the allegations in Paragraph 402 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is

required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Berman left AIGH in summer 2018.

403.    Respectfully declines to respond to the allegations in Paragraph 403 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

404.    Respectfully declines to respond to the allegations in Paragraph 404 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

405.    Respectfully declines to respond to the allegations in Paragraph 405 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Singh "pull[ing] Safo out of a meeting."

406.    Denies the allegations in Paragraph 406, except admits that Silva joined AIGH in or around January 2016 as the Director of Design and Product Development.

407.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 407.

408.    Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 408.

409.    Denies the allegations in Paragraph 409.

410.    Denies the allegations in Paragraph 410.

411.    Denies the allegations in Paragraph 411.

412.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 412, except admits that defendant and Llames were assigned offices that were connected by an interior door; that the offices were also used by others; and that Llames, Silva and others frequently walked through and sat in each other's respective offices.

413.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 413.

414.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 414.

415.     Denies the allegations in Paragraph 415.

416.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 416.

417.     Denies the allegations in Paragraph 417.

418.     Denies the allegations in Paragraph 418.

419.     Denies the allegations in Paragraph 419.

420.     Denies the allegations in Paragraph 420.

421.     Denies the allegations in Paragraph 421.

422.     Denies the allegations in Paragraph 422.

423.     Denies the allegations in Paragraph 423.

424.     Respectfully declines to respond to the allegations in Paragraph 424 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies the allegations.

425.     Denies the allegations in Paragraph 425.

426.     Denies the allegations in Paragraph 426.

427.     Respectfully declines to respond to the allegations in Paragraph 427 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.  To the extent as response is required, Mount Sinai denies the allegations.

428.     Respectfully declines to respond to the allegations in Paragraph 428 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.

429.     Respectfully declines to respond to the allegations in Paragraph 429 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.

430.     Respectfully declines to respond to the allegations in Paragraph 430 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.  To the extent a response is required, defendant denies the allegations.

431.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431.

432.     Respectfully declines to respond to the allegations in Paragraph 432 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai admits that on April 27, 2018 Atkinson and Anandaraja met with Clarissa Jones-Winter and made a verbal complaint, but denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding their alleged concerns.

433.     Respectfully declines to respond to the allegations in Paragraph 433 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations.

434.     Respectfully declines to respond to the allegations in Paragraph 434 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations, except admits that Jones-Winter called Atkinson to

give her an update.

435.    Denies the allegations in Paragraph 435.

436.    Admits the allegations in Paragraph 436, except avers that the time of the investigation Marina Lowy's title was not Senior Associate General Counsel.

437.    Denies the allegations in Paragraph 437, except admits that current and former Mount Sinai employees, including the original plaintiffs in this lawsuit except Kahn, were interviewed as part of Mount Sinai's investigation, written statements were submitted by some individuals, and that concerns about Singh, Berman and Knaup were raised by some of the individuals interviewed.

438.    Denies the allegations in Paragraph 438.

439.    Denies the allegations in Paragraph 439.

440.    Denies the allegations in Paragraph 440.

441.    Denies the allegations in Paragraph 441.

442.    Denies the allegations in Paragraph 442, except admits that a written statement of the investigation findings was not shared with plaintiffs, and that Berman and Knaup left AIGH.

443.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 443 pertaining to plaintiffs' "insight into the results of the investigation," admits that Marina Lowy and Jones-Winter met with Atkinson, Anandaraja and Rahona and informed them that the investigation had concluded and recommendations were made to Charney, which he accepted.

444.    Denies the allegations in Paragraph 444, except admits that Lowy stated that the investigation did not find that Singh had engaged in gender or age discrimination, and denies knowledge or information sufficient to form a belief as to the accuracy of the quoted statements.

445.     Denies the allegations in Paragraph 445, except admits that Lowy stated that it was appropriate that Singh receive feedback from Charney concerning his management of AIGH so that he could address any concerns, and denies knowledge or information sufficient to form a belief as to the accuracy of the quoted statements.

446.     Denies the allegations in Paragraph 446, except admits that Lowy stated that Charney had not previously been informed about the problems raised by the complaint.

447.     Denies the allegations of Paragraph 447, except admits that Lowy stated that Charney was concerned by the complaints relating to AIGH, and further denies knowledge or information sufficient to form a belief as to the accuracy of the quoted statement.

448.     Denies the allegations in Paragraph 448, except denies knowledge or information sufficient to form a belief as to the accuracy of the quoted statements.

449.     Denies the allegations in Paragraph 449.

450.     Denies the allegations in Paragraph 450, except admits that Anandaraja sent two emails requesting an update on the status of the investigation, the second of which was responded to by Jones-Winter, the contents of which speaks for itself.

451.     Denies the allegations in Paragraph 451, except admits that Singh remained Director of AIGH, was supervised by an Oversight Committee that would report to and regularly meet with Charney.

452.     Denies the allegations in Paragraph 452.

453.     Denies the allegations in Paragraph 453, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Murphy's alleged conversation with Starr.

454.     Denies the allegations in Paragraph 454, except admits that Charney spoke with

Starr about the allegations that had been raised against Singh.

455.    Denies the allegations in Paragraph 455, except admits that when Dr. David Muller informed Charney of employee concerns about Singh, Mount Sinai immediately initiated an investigation.

456.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 456, except admits that the contents of the e-mails referenced therein speak for themselves.

457.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457, except admits that the contents of the e-mails referenced therein speak for themselves.

458.    Respectfully declines to respond to the allegations in Paragraph 458 on the ground that it relates to a claim and party that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

459.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459, except admits that on November 1, 2016, a meeting was attended by Starr, Murphy, Landrigan and others in which Singh was discussed.

460.    Respectfully declines to respond to the allegations in Paragraph 460 on the ground that it relates to claims that have been dismissed from the lawsuit. To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

461.    Denies the allegations in Paragraph 461.

462.    Denies the allegations in Paragraph 462, except admits that Bruzelius had a follow-

up conversation with Lowy and Jones-Winter on or about June 5, 2018, as part of the investigation.

463.     Denies the allegations in Paragraph 463, except admits that Bruzelius continued to work at the Icahn School of Medicine at Mount Sinai.

464.     Denies the allegations in Paragraph 464, except denies knowledge or information sufficient to form a belief as to Bruzelius' efforts to avoid Singh.

465.     Respectfully declines to respond to the allegations in Paragraph 465 on the ground that it relates to claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations.

466.     Respectfully declines to respond to the allegations in Paragraph 466 on the ground that it relates to a party and claims that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies the allegations in Paragraph 466, except admits that Muller had asked for a meeting with Singh and Charney together, and that when he arrived in Charney's office he found that Charney and Singh were already in the middle of a meeting.

467.     Denies the allegations in Paragraph 467.

468.     Respectfully declines to respond to the allegations in Paragraph 468 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468.

469.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469.

470.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 470.

471.    Denies the allegations in Paragraph 471, excepts admits that Silva shared the document with Singh.

472.    Respectfully declines to respond to the allegations in Paragraph 472 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.  To the extent a response is required, Mount Sinai denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 472.

473.    Denies the allegations in Paragraph 473, except admits that letters were sent to Mount Sinai's Board of Trustees and further avers that the content of the letters speak for themselves.

474.    Denies the allegations in Paragraph 474, except admits that a letter from students was published and avers that contents of the letter speaks for itself.

475.    Denies the allegations in Paragraph 475, except admits that a letter on behalf of faculty, staff, and students was published and avers that the contents of the letter speaks for itself.

476.    Denies the allegations in Paragraph 476, except admits a letter from faculty, and staff was published and avers that the contents of the letter speaks for itself.

477.    Denies the allegations in Paragraph 477, except admits that Mount Sinai sent a school-wide email announcement, the contents of which speaks for itself, and avers that Charney announced the appointment of a Dean for Gender Equity in Science and Medicine at the Icahn School of Medicine in January 2019.

478.    Denies the allegations in Paragraph 478, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning why plaintiffs are "gratified."

479.    Denies the allegations in Paragraph 479, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding an apology to plaintiffs, and

admits Charney is currently the Dean of the Icahn School of Medicine and that Charney, Singh and Silva are represented by undersigned counsel.

480.    Denies the allegations in Paragraph 480, except admits that Singh stepped down as AIGH Director and Department Chair, and further states that the email and announcement referenced therein speak for themselves.

481.    Denies the allegations in Paragraph 481.

482.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 482.

483.    Denies the allegations in Paragraph 483.

484.    Respectfully declines to respond to the allegations in Paragraph 484 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

485.    Respectfully declines to respond to the allegations in Paragraph 485 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

486.    Respectfully declines to respond to the allegations in Paragraph 486 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

487.    Respectfully declines to respond to the allegations in Paragraph 487 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

488.    Respectfully declines to respond to the allegations in Paragraph 488 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

489.    Respectfully declines to respond to the allegations in Paragraph 489 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

490.    Respectfully declines to respond to the allegations in Paragraph 490 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

491.    Respectfully declines to respond to the allegations in Paragraph 491 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

492.    Respectfully declines to respond to the allegations in Paragraph 492 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

493.    Respectfully declines to respond to the allegations in Paragraph 493 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

494.    Respectfully declines to respond to the allegations in Paragraph 494 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

495.    Respectfully declines to respond to the allegations in Paragraph 495 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

496.    Respectfully declines to respond to the allegations in Paragraph 496 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

497.    Denies the allegations in Paragraph 497.

498.    Denies the allegations in Paragraph 498.

499.    Denies the allegations in Paragraph 499.

500.    Denies the allegations in Paragraph 500.

501.    Respectfully declines to respond to the allegations in Paragraph 501 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

502.    Respectfully declines to respond to the allegations in Paragraph 502 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

503.    Respectfully declines to respond to the allegations in Paragraph 503 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

504.    Respectfully declines to respond to the allegations in Paragraph 504 on the ground

that it relates to claims and a party that have been dismissed from the lawsuit.

505.    Respectfully declines to respond to the allegations in Paragraph 505 on the ground that it relates to claims and a party that have been dismissed from the lawsuit.

506.    Denies the allegations in Paragraph 506.

507.    Denies the allegations in Paragraph 507.

508.    Denies the allegations in Paragraph 508, except admits that Misiti continues to work at AIGH.

509.    Denies the allegations in Paragraph 509.

510.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510.

511.    Denies the allegations in Paragraph 511.

512.    Denies the allegations in Paragraph 512.

513.    Denies the allegations in Paragraph 513.

514.    Denies the allegations in Paragraph 514.

515.    Denies the allegations in Paragraph 515.

516.    Denies the allegations in Paragraph 516.

517.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

518.    Respectfully declines to respond to the allegations in Paragraph 518 on the ground that it relates to claims that have been dismissed from the action.

519.    Respectfully declines to respond to the allegations in Paragraph 519 on the ground that it relates to claims that have been dismissed from the action.

520.     Respectfully declines to respond to the allegations in Paragraph 520 on the ground that it relates to claims that have been dismissed from the action.

521.     Respectfully declines to respond to the allegations in Paragraph 521 on the ground that it relates to claims that have been dismissed from the action.

522.     Respectfully declines to respond to the allegations in Paragraph 522 on the ground that it relates to claims that have been dismissed from the action.

523.     Respectfully declines to respond to the allegations in Paragraph 523 on the ground that it relates to claims that have been dismissed from the action.

524.     Respectfully declines to respond to the allegations in Paragraph 524 on the ground that it relates to claims that have been dismissed from the action.

525.     Respectfully declines to respond to the allegations in Paragraph 525 on the ground that it relates to claims that have been dismissed from the action.

526.     Respectfully declines to respond to the allegations in Paragraph 526 on the ground that it relates to claims that have been dismissed from the action.

527.     Respectfully declines to respond to the allegations in Paragraph 527 on the ground that it relates to claims that have been dismissed from the action.

528.     Respectfully declines to respond to the allegations in Paragraph 528 on the ground that it relates to claims that have been dismissed from the action.

529.     Respectfully declines to respond to the allegations in Paragraph 529 on the ground that it relates to claims that have been dismissed from the action

530.     Respectfully declines to respond to the allegations in Paragraph 530 on the ground that it relates to claims that have been dismissed from the action.

531.     Respectfully declines to respond to the allegations in Paragraph 531 on the ground that it relates to claims that have been dismissed from the action.

532.     Respectfully declines to respond to the allegations in Paragraph 532 on the ground that it relates to claims that have been dismissed from the action.

533.     Respectfully declines to respond to the allegations in Paragraph 533 on the ground that it relates to claims that have been dismissed from the action.

534.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

535.     Respectfully declines to respond to the allegations in Paragraph 535 on the ground that it relates to claims that have been dismissed from the action.

536.     Respectfully declines to respond to the allegations in Paragraph 536 on the ground that it relates to claims that have been dismissed from the action.

537.     Respectfully declines to respond to the allegations in Paragraph 537 on the ground that it relates to claims that have been dismissed from the action.

538.     Respectfully declines to respond to the allegations in Paragraph 538 on the ground that it relates to claims that have been dismissed from the action.

539.     Respectfully declines to respond to the allegations in Paragraph 539 on the ground that it relates to claims that have been dismissed from the action.

540.     Respectfully declines to respond to the allegations in Paragraph 540 on the ground that it relates to claims that have been dismissed from the action.

541.     Respectfully declines to respond to the allegations in Paragraph 541 on the ground that it relates to claims that have been dismissed from the action.

542.    Respectfully declines to respond to the allegations in Paragraph 542 on the ground that it relates to claims that have been dismissed from the action.

543.    Respectfully declines to respond to the allegations in Paragraph 543 on the ground that it relates to claims that have been dismissed from the action.

544.    Respectfully declines to respond to the allegations in Paragraph 544 on the ground that it relates to claims that have been dismissed from the action.

545.    Respectfully declines to respond to the allegations in Paragraph 545 on the ground that it relates to claims that have been dismissed from the action.

546.    Respectfully declines to respond to the allegations in Paragraph 546 on the ground that it relates to claims that have been dismissed from the action.

547.    Respectfully declines to respond to the allegations in Paragraph 547 on the ground that it relates to claims that have been dismissed from the action.

548.    Respectfully declines to respond to the allegations in Paragraph 548 on the ground that it relates to claims that have been dismissed from the action.

549.    Respectfully declines to respond to the allegations in Paragraph 549 on the ground that it relates to claims that have been dismissed from the action.

550.    Respectfully declines to respond to the allegations in Paragraph 550 on the ground that it relates to claims that have been dismissed from the action.

551.    Respectfully declines to respond to the allegations in Paragraph 551 on the ground that it relates to claims that have been dismissed from the action.

552.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

553.    Respectfully declines to respond to the allegations in Paragraph 553 on the ground that it relates to claims that have been dismissed from the action.

554.    Respectfully declines to respond to the allegations in Paragraph 554 on the ground that it relates to claims that have been dismissed from the action.

555.    Respectfully declines to respond to the allegations in Paragraph 555 on the ground that it relates to claims that have been dismissed from the action.

556.    Respectfully declines to respond to the allegations in Paragraph 556 on the ground that it relates to claims that have been dismissed from the action.

557.    Respectfully declines to respond to the allegations in Paragraph 557 on the ground that it relates to claims that have been dismissed from the action.

558.    Respectfully declines to respond to the allegations in Paragraph 558 on the ground that it relates to claims that have been dismissed from the action.

559.    Respectfully declines to respond to the allegations in Paragraph 559 on the ground that it relates to claims that have been dismissed from the action.

560.    Respectfully declines to respond to the allegations in Paragraph 560 on the ground that it relates to claims that have been dismissed from the action.

561.    Respectfully declines to respond to the allegations in Paragraph 561 on the ground that it relates to claims that have been dismissed from the action.

562.    Respectfully declines to respond to the allegations in Paragraph 562 on the ground that it relates to claims that have been dismissed from the action.

563.    Respectfully declines to respond to the allegations in Paragraph 563 on the ground that it relates to claims that have been dismissed from the action.

564.     Respectfully declines to respond to the allegations in Paragraph 564 on the ground that it relates to claims that have been dismissed from the action.

565.     Respectfully declines to respond to the allegations in Paragraph 565 on the ground that it relates to claims that have been dismissed from the action.

566.     Respectfully declines to respond to the allegations in Paragraph 566 on the ground that it relates to claims that have been dismissed from the action.

567.     Respectfully declines to respond to the allegations in Paragraph 567 on the ground that it relates to claims that have been dismissed from the action.

568.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

569.     Respectfully declines to respond to the allegations in Paragraph 569 on the ground that it relates to claims that have been dismissed from the action.

570.     Respectfully declines to respond to the allegations in Paragraph 570 on the ground that it relates to claims that have been dismissed from the action.

571.     Respectfully declines to respond to the allegations in Paragraph 571 on the ground that it relates to claims that have been dismissed from the action.

572.     Respectfully declines to respond to the allegations in Paragraph 572 on the ground that it relates to claims that have been dismissed from the action.

573.     Respectfully declines to respond to the allegations in Paragraph 573 on the ground that it relates to claims that have been dismissed from the action.

574.     Respectfully declines to respond to the allegations in Paragraph 574 on the ground that it relates to claims that have been dismissed from the action.

575.     Respectfully declines to respond to the allegations in Paragraph 575 on the ground that it relates to claims that have been dismissed from the action.

576.     Respectfully declines to respond to the allegations in Paragraph 576 on the ground that it relates to claims that have been dismissed from the action.

577.     Respectfully declines to respond to the allegations in Paragraph 577 on the ground that it relates to claims that have been dismissed from the action.

578.     Respectfully declines to respond to the allegations in Paragraph 578 on the ground that it relates to claims that have been dismissed from the action.

579.     Respectfully declines to respond to the allegations in Paragraph 579 on the ground that it relates to claims that have been dismissed from the action.

580.     Respectfully declines to respond to the allegations in Paragraph 580 on the ground that it relates to claims that have been dismissed from the action.

581.     Respectfully declines to respond to the allegations in Paragraph 581 on the ground that it relates to claims that have been dismissed from the action.

582.     Respectfully declines to respond to the allegations in Paragraph 582 on the ground that it relates to claims that have been dismissed from the action.

583.     Respectfully declines to respond to the allegations in Paragraph 583 on the ground that it relates to claims that have been dismissed from the action.

584.     Respectfully declines to respond to the allegations in Paragraph 584 on the ground that it relates to claims that have been dismissed from the action.

585.     Respectfully declines to respond to the allegations in Paragraph 585 on the ground that it relates to claims that have been dismissed from the action.

586.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

587.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 587, except admits that Safo was a female employee at the Icahn School of Medicine at Mount Sinai.

588.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 588.

589.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 589, except admits that Singh was Director of AIGH.

590.    Respectfully declines to respond to the allegations in Paragraph 590 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, defendant denies the allegations.

591.    Denies the allegations in Paragraph 591, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

592.    Denies the allegations in Paragraph 592, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

593.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that it provides graduate level medical education and training.

594.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that it receives funding from the federal government for educational purposes.

595.    Denies the allegations in Paragraph 595.

596.    Denies the allegations in Paragraph 596.

597.    Denies the allegations in Paragraph 597.

598.    Denies the allegations in Paragraph 598.

599.    Denies the allegations in Paragraph 599.

600.    Denies the allegations in Paragraph 600.

601.    Denies the allegations in Paragraph 601.

602.    Denies the allegations in Paragraph 602.

603.    Denies plaintiff is entitled to relief requested.

604.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

605.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 605, except admits that Safo was a female employee at the Icahn School of Medicine at Mount Sinai.

606.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 606.

607.    Denies the allegations in Paragraph 607, except admits that Singh was Director of AIGH.

608.    Respectfully declines to respond to the allegations in Paragraph 608 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, defendant denies the allegations.

609.    Denies the allegations in Paragraph 609, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

610.    Denies the allegations in Paragraph 610.

611.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 611, except admits that it provides graduate level medical education and training.

612.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 612, except admits that it receives funding from the federal government for educational purposes.

613.   Denies the allegations in Paragraph 613.

614.   Denies the allegations in Paragraph 614.

615.   Denies the allegations in Paragraph 615.

616.   Denies the allegations in Paragraph 616.

617.   Denies the allegations in Paragraph 617.

618.   Denies the allegations in Paragraph 618.

619.   Denies the allegations in Paragraph 619.

620.   Denies the allegations in Paragraph 620.

621.   Denies the allegations in Paragraph 621.

622.   Denies the allegations in Paragraph 622.

623.   Denies plaintiff is entitled to relief requested.

624.   Repeats and re-alleges the responses to the proceeding Paragraphs as if fully set forth herein.

625.   Respectfully declines to respond to the allegations in Paragraph 625 on the ground that it relates to claims that have been dismissed from the action.

626.   Respectfully declines to respond to the allegations in Paragraph 626 on the ground that it relates to claims that have been dismissed from the action.

627.     Respectfully declines to respond to the allegations in Paragraph 627 on the ground that it relates to claims that have been dismissed from the action.

628.     Respectfully declines to respond to the allegations in Paragraph 628 on the ground that it relates to claims that have been dismissed from the action.

629.     Respectfully declines to respond to the allegations in Paragraph 629 on the ground that it relates to claims that have been dismissed from the action.

630.     Respectfully declines to respond to the allegations in Paragraph 630 on the ground that it relates to claims that have been dismissed from the action.

631.     Respectfully declines to respond to the allegations in Paragraph 631 on the ground that it relates to claims that have been dismissed from the action.

632.     Respectfully declines to respond to the allegations in Paragraph 632 on the ground that it relates to claims that have been dismissed from the action.

633.     Respectfully declines to respond to the allegations in Paragraph 633 on the ground that it relates to claims that have been dismissed from the action.

634.     Respectfully declines to respond to the allegations in Paragraph 634 on the ground that it relates to claims that have been dismissed from the action.

635.     Respectfully declines to respond to the allegations in Paragraph 635 on the ground that it relates to claims that have been dismissed from the action.

636.     Respectfully declines to respond to the allegations in Paragraph 636 on the ground that it relates to claims that have been dismissed from the action.

637.     Respectfully declines to respond to the allegations in Paragraph 637 on the ground that it relates to claims that have been dismissed from the action.

638.     Respectfully declines to respond to the allegations in Paragraph 638 on the ground that it relates to claims that have been dismissed from the action.

639.     Respectfully declines to respond to the allegations in Paragraph 639 on the ground that it relates to claims that have been dismissed from the action.

640.     Respectfully declines to respond to the allegations in Paragraph 640 on the ground that it relates to claims that have been dismissed from the action.

641.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

642.     Respectfully declines to respond to the allegations in Paragraph 642 on the ground that it relates to claims that have been dismissed from the action.

643.     Respectfully declines to respond to the allegations in Paragraph 643 on the ground that it relates to claims that have been dismissed from the action.

644.     Respectfully declines to respond to the allegations in Paragraph 644 on the ground that it relates to claims that have been dismissed from the action.

645.     Respectfully declines to respond to the allegations in Paragraph 645 on the ground that it relates to claims that have been dismissed from the action.

646.     Respectfully declines to respond to the allegations in Paragraph 646 on the ground that it relates to claims that have been dismissed from the action.

647.     Respectfully declines to respond to the allegations in Paragraph 647 on the ground that it relates to claims that have been dismissed from the action.

648.     Respectfully declines to respond to the allegations in Paragraph 648 on the ground that it relates to claims that have been dismissed from the action.

649.    Respectfully declines to respond to the allegations in Paragraph 649 on the ground that it relates to claims that have been dismissed from the action.

650.    Respectfully declines to respond to the allegations in Paragraph 650 on the ground that it relates to claims that have been dismissed from the action.

651.    Respectfully declines to respond to the allegations in Paragraph 651 on the ground that it relates to claims that have been dismissed from the action.

652.    Respectfully declines to respond to the allegations in Paragraph 652 on the ground that it relates to claims that have been dismissed from the action.

653.    Respectfully declines to respond to the allegations in Paragraph 653 on the ground that it relates to claims that have been dismissed from the action.

654.    Respectfully declines to respond to the allegations in Paragraph 654 on the ground that it relates to claims that have been dismissed from the action.

655.    Respectfully declines to respond to the allegations in Paragraph 655 on the ground that it relates to claims that have been dismissed from the action.

656.    Respectfully declines to respond to the allegations in Paragraph 656 on the ground that it relates to claims that have been dismissed from the action.

657.    Respectfully declines to respond to the allegations in Paragraph 657 on the ground that it relates to claims that have been dismissed from the action.

658.    Respectfully declines to respond to the allegations in Paragraph 658 on the ground that it relates to claims that have been dismissed from the action.

659.    Respectfully declines to respond to the allegations in Paragraph 659 on the ground that it relates to claims that have been dismissed from the action.

660.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

661.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 661, except admits that Llames was a female employee at the Icahn School of Medicine at Mount Sinai.

662.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 662.

663.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 663, except admits that Singh was Director of AIGH.

664.     Respectfully declines to respond to the allegations in Paragraph 664 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, defendant denies the allegations.

665.     Denies the allegations in Paragraph 665, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

666.     Denies the allegations in Paragraph 666, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

667.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 667, except admits that it provides graduate level medical education and training.

668.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668, except admits that it receives funding from the federal government for educational purposes.

669.     Denies the allegations in Paragraph 669.

670.    Denies the allegations in Paragraph 670.

671.    Denies the allegations in Paragraph 671.

672.    Denies the allegations in Paragraph 672.

673.    Denies the allegations in Paragraph 673.

674.    Denies the allegations in Paragraph 674.

675.    Denies the allegations in Paragraph 675.

676.    Denies the allegations in Paragraph 676.

677.    Denies plaintiff is entitled to relief requested.

678.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

679.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 679, except admits that Llames was a female employee at the Icahn School of Medicine at Mount Sinai.

680.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 680.

681.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 681, except admits that Singh was Director of AIGH.

682.    Respectfully declines to respond to the allegations in Paragraph 682 on the ground that it relates to claims that have been dismissed from the action.  To the extent a response is required, defendant denies the allegations.

683.    Denies the allegations in Paragraph 683, except admits that Silva worked at the Icahn School of Medicine at Mount Sinai.

684.     Denies the allegations in Paragraph 684, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

685.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 685, except admits that it provides graduate level medical education and training.

686.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 686, except admits that it receives funding from the federal government for educational purposes.

687.     Denies the allegations in Paragraph 687.

688.     Denies the allegations in Paragraph 688.

689.     Denies the allegations in Paragraph 689.

690.     Denies the allegations in Paragraph 690.

691.     Denies the allegations in Paragraph 691.

692.     Denies the allegations in Paragraph 692.

693.     Denies the allegations in Paragraph 693.

694.     Denies the allegations in Paragraph 694.

695.     Denies the allegations in Paragraph 695.

696.     Denies the allegations in Paragraph 696.

697.     Denies plaintiff is entitled to relief requested.

698.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

699.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 699, except admits that Misiti was a female employee at the Icahn School of Medicine at Mount Sinai.

700.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 700.

701.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 701, except admits that Singh was the Director of AIGH.

702.    Denies the allegations in Paragraph 702, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

703.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 703, except admits that it provides graduate level medical education and training.

704.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 704, except admits that it receives funding from the federal government for educational purposes.

705.    Denies the allegations in Paragraph 705.

706.    Denies the allegations in Paragraph 706.

707.    Denies the allegations in Paragraph 707.

708.    Denies the allegations in Paragraph 708.

709.    Denies the allegations in Paragraph 709.

710.    Denies the allegations in Paragraph 710.

711.    Denies the allegations in Paragraph 711.

712.    Denies the allegations in Paragraph 712.

713.   Denies plaintiff is entitled to relief requested.

714.   Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

715.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 715, except admits that Misiti was a female employee at the Icahn School of Medicine at Mount Sinai.

716.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 716

717.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 717, except admits that Singh was the Director of AIGH.

718.   Denies the allegations in Paragraph 718, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

719.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 719, except admits that it provides graduate level medical education and training.

720.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 720, except admits that it receives funding from the federal government for educational purposes.

721.   Denies the allegations in Paragraph 721.

722.   Denies the allegations in Paragraph 722.

723.   Denies the allegations in Paragraph 723.

724.   Denies the allegations in Paragraph 724.

725.   Denies the allegations in Paragraph 725.

726.    Denies the allegations in Paragraph 726.

727.    Denies the allegations in Paragraph 727.

728.    Denies the allegations in Paragraph 728.

729.    Denies the allegations in Paragraph 729.

730.    Denies the allegations in Paragraph 730.

731.    Denies plaintiff is entitled to relief requested.

732.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

733.    Respectfully declines to respond to the allegations in Paragraph 733 on the ground that it relates to claims that have been dismissed from the action.

734.    Respectfully declines to respond to the allegations in Paragraph 734 on the ground that it relates to claims that have been dismissed from the action.

735.    Respectfully declines to respond to the allegations in Paragraph 735 on the ground that it relates to claims that have been dismissed from the action.

736.    Respectfully declines to respond to the allegations in Paragraph 736 on the ground that it relates to claims that have been dismissed from the action.

737.    Respectfully declines to respond to the allegations in Paragraph 737 on the ground that it relates to claims that have been dismissed from the action.

738.    Respectfully declines to respond to the allegations in Paragraph 738 on the ground that it relates to claims that have been dismissed from the action.

739.    Respectfully declines to respond to the allegations in Paragraph 739 on the ground that it relates to claims that have been dismissed from the action.

740.    Respectfully declines to respond to the allegations in Paragraph 740 on the ground that it relates to claims that have been dismissed from the action.

741.    Respectfully declines to respond to the allegations in Paragraph 741 on the ground that it relates to claims that have been dismissed from the action.

742.    Respectfully declines to respond to the allegations in Paragraph 742 on the ground that it relates to claims that have been dismissed from the action.

743.    Respectfully declines to respond to the allegations in Paragraph 743 on the ground that it relates to claims that have been dismissed from the action.

744.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

745.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 745, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

746.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 746.

747.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 747, except admits that Singh was the Director of AIGH.

748.    Denies the allegations in Paragraph 748, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

749.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 749, except admits that it provides graduate level medical education and training.

750.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 750, except admits that it receives funding from the federal government for educational purposes.

751.     Denies the allegations in Paragraph 751.

752.     Denies the allegations in Paragraph 752.

753.     Denies the allegations in Paragraph 753.

754.     Denies the allegations in Paragraph 754.

755.     Denies the allegations in Paragraph 755.

756.     Denies the allegations in Paragraph 756.

757.     Denies the allegations in Paragraph 757.

758.     Denies the allegations in Paragraph 758.

759.     Denies that plaintiff is entitled to relief requested.

760.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

761.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 761, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

762.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 762.

763.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 763, except admits that Singh was the Director of AIGH.

764.     Denies the allegations in Paragraph 764, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

765.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 765, except admits that it provides graduate level medical education and training.

766.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 766, except admits that it receives funding from the federal government for educational purposes.

767.     Denies the allegations in Paragraph 767.

768.     Denies the allegations in Paragraph 768.

769.     Denies the allegations in Paragraph 769.

770.     Denies the allegations in Paragraph 770.

771.     Denies the allegations in Paragraph 771.

772.     Denies the allegations in Paragraph 772.

773.     Denies the allegations in Paragraph 773.

774.     Denies the allegations in Paragraph 774.

775.     Denies the allegations in Paragraph 775.

776.     Denies the allegations in Paragraph 776.

777.     Denies plaintiff is entitled to relief requested.

778.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

779.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 779, except admits that Bruzelius was a female employee at the Icahn School of Medicine at Mount Sinai.

780.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 780.

781.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 781, except admits that it provides graduate level medical education and training.

782.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 782, except admits that it receives funding from the federal government for educational purposes.

783.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 783, except admits that Singh was the Director of AIGH.

784.    Denies the allegations in Paragraph 784, except admits that Charney was Dean of the Icahn School of Medicine at Mount Sinai.

785.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 785, except admits that Bruzelius participated in Mount Sinai's investigation.

786.    Denies the allegations in Paragraph 786.

787.    Denies the allegations in Paragraph 787.

788.    Denies the allegations in Paragraph 788.

789.    Denies plaintiff is entitled to relief requested.

790.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

791.    Respectfully declines to respond to the allegations in Paragraph 791 on the ground that it relates to claims that have been dismissed from the action.

792.    Respectfully declines to respond to the allegations in Paragraph 792 on the ground that it relates to claims that have been dismissed from the action.

793.    Respectfully declines to respond to the allegations in Paragraph 793 on the ground that it relates to claims that have been dismissed from the action.

794.    Respectfully declines to respond to the allegations in Paragraph 794 on the ground that it relates to claims that have been dismissed from the action.

795.    Respectfully declines to respond to the allegations in Paragraph 795 on the ground that it relates to claims that have been dismissed from the action.

796.    Respectfully declines to respond to the allegations in Paragraph 796 on the ground that it relates to claims that have been dismissed from the action.

797.    Respectfully declines to respond to the allegations in Paragraph 797 on the ground that it relates to claims that have been dismissed from the action.

798.    Respectfully declines to respond to the allegations in Paragraph 798 on the ground that it relates to claims that have been dismissed from the action.

799.    Respectfully declines to respond to the allegations in Paragraph 799 on the ground that it relates to claims that have been dismissed from the action.

800.    Respectfully declines to respond to the allegations in Paragraph 800 on the ground that it relates to claims that have been dismissed from the action.

801.    Respectfully declines to respond to the allegations in Paragraph 801 on the ground that it relates to claims that have been dismissed from the action.

802.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

803.     Respectfully declines to respond to the allegations in Paragraph 803 on the ground that it relates to claims that have been dismissed from the action.

804.     Respectfully declines to respond to the allegations in Paragraph 804 on the ground that it relates to claims that have been dismissed from the action.

805.     Respectfully declines to respond to the allegations in Paragraph 805 on the ground that it relates to claims that have been dismissed from the action.

806.     Respectfully declines to respond to the allegations in Paragraph 806 on the ground that it relates to claims that have been dismissed from the action.

807.     Respectfully declines to respond to the allegations in Paragraph 807 on the ground that it relates to claims that have been dismissed from the action.

808.     Respectfully declines to respond to the allegations in Paragraph 808 on the ground that it relates to claims that have been dismissed from the action.

809.     Respectfully declines to respond to the allegations in Paragraph 809 on the ground that it relates to claims that have been dismissed from the action.

810.     Respectfully declines to respond to the allegations in Paragraph 810 on the ground that it relates to claims that have been dismissed from the action.

811.     Respectfully declines to respond to the allegations in Paragraph 811 on the ground that it relates to claims that have been dismissed from the action.

812.     Respectfully declines to respond to the allegations in Paragraph 812 on the ground that it relates to claims that have been dismissed from the action.

813.     Respectfully declines to respond to the allegations in Paragraph 813 on the ground that it relates to claims that have been dismissed from the action.

814.    Respectfully declines to respond to the allegations in Paragraph 814 on the ground that it relates to claims that have been dismissed from the action.

815.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

816.    Respectfully declines to respond to the allegations in Paragraph 816 on the ground that it relates to claims that have been dismissed from the action.

817.    Respectfully declines to respond to the allegations in Paragraph 817 on the ground that it relates to claims that have been dismissed from the action.

818.    Respectfully declines to respond to the allegations in Paragraph 818 on the ground that it relates to claims that have been dismissed from the action.

819.    Respectfully declines to respond to the allegations in Paragraph 819 on the ground that it relates to claims that have been dismissed from the action.

820.    Respectfully declines to respond to the allegations in Paragraph 820 on the ground that it relates to claims that have been dismissed from the action.

821.    Respectfully declines to respond to the allegations in Paragraph 821 on the ground that it relates to claims that have been dismissed from the action.

822.    Respectfully declines to respond to the allegations in Paragraph 822 on the ground that it relates to claims that have been dismissed from the action.

823.    Respectfully declines to respond to the allegations in Paragraph 823 on the ground that it relates to claims that have been dismissed from the action.

824.    Respectfully declines to respond to the allegations in Paragraph 824 on the ground that it relates to claims that have been dismissed from the action.

825.     Respectfully declines to respond to the allegations in Paragraph 825 on the ground that it relates to claims that have been dismissed from the action.

826.     Respectfully declines to respond to the allegations in Paragraph 826 on the ground that it relates to claims that have been dismissed from the action.

827.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

828.     Respectfully declines to respond to the allegations in Paragraph 828 on the ground that it relates to claims that have been dismissed from the action.

829.     Respectfully declines to respond to the allegations in Paragraph 829 on the ground that it relates to claims that have been dismissed from the action.

830.     Respectfully declines to respond to the allegations in Paragraph 830 on the ground that it relates to claims that have been dismissed from the action.

831.     Respectfully declines to respond to the allegations in Paragraph 831 on the ground that it relates to claims that have been dismissed from the action.

832.     Respectfully declines to respond to the allegations in Paragraph 832 on the ground that it relates to claims that have been dismissed from the action.

833.     Respectfully declines to respond to the allegations in Paragraph 833 on the ground that it relates to claims that have been dismissed from the action.

834.     Respectfully declines to respond to the allegations in Paragraph 834 on the ground that it relates to claims that have been dismissed from the action.

835.     Respectfully declines to respond to the allegations in Paragraph 835 on the ground that it relates to claims that have been dismissed from the action.

836.     Respectfully declines to respond to the allegations in Paragraph 836 on the ground that it relates to claims that have been dismissed from the action.

837.     Respectfully declines to respond to the allegations in Paragraph 837 on the ground that it relates to claims that have been dismissed from the action.

838.     Respectfully declines to respond to the allegations in Paragraph 838 on the ground that it relates to claims that have been dismissed from the action.

839.     Respectfully declines to respond to the allegations in Paragraph 839 on the ground that it relates to claims that have been dismissed from the action.

840.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

841.     Respectfully declines to respond to the allegations in Paragraph 841 on the ground that it relates to claims that have been dismissed from the action.

842.     Respectfully declines to respond to the allegations in Paragraph 842 on the ground that it relates to claims that have been dismissed from the action.

843.     Respectfully declines to respond to the allegations in Paragraph 843 on the ground that it relates to claims that have been dismissed from the action.

844.     Respectfully declines to respond to the allegations in Paragraph 844 on the ground that it relates to claims that have been dismissed from the action.

845.     Respectfully declines to respond to the allegations in Paragraph 845 on the ground that it relates to claims that have been dismissed from the action.

846.     Respectfully declines to respond to the allegations in Paragraph 846 on the ground that it relates to claims that have been dismissed from the action.

847.    Respectfully declines to respond to the allegations in Paragraph 847 on the ground that it relates to claims that have been dismissed from the action.

848.    Respectfully declines to respond to the allegations in Paragraph 848 on the ground that it relates to claims that have been dismissed from the action.

849.    Respectfully declines to respond to the allegations in Paragraph 849 on the ground that it relates to claims that have been dismissed from the action.

850.    Respectfully declines to respond to the allegations in Paragraph 850 on the ground that it relates to claims that have been dismissed from the action.

851.    Respectfully declines to respond to the allegations in Paragraph 851 on the ground that it relates to claims that have been dismissed from the action.

852.    Respectfully declines to respond to the allegations in Paragraph 852 on the ground that it relates to claims that have been dismissed from the action.

853.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

854.    Respectfully declines to respond to the allegations in Paragraph 854 on the ground that it relates to claims that have been dismissed from the action.

855.    Respectfully declines to respond to the allegations in Paragraph 855 on the ground that it relates to claims that have been dismissed from the action.

856.    Respectfully declines to respond to the allegations in Paragraph 856 on the ground that it relates to claims that have been dismissed from the action.

857.    Respectfully declines to respond to the allegations in Paragraph 857 on the ground that it relates to claims that have been dismissed from the action.

858.    Respectfully declines to respond to the allegations in Paragraph 858 on the ground that it relates to claims that have been dismissed from the action.

859.    Respectfully declines to respond to the allegations in Paragraph 859 on the ground that it relates to claims that have been dismissed from the action.

860.    Respectfully declines to respond to the allegations in Paragraph 860 on the ground that it relates to claims that have been dismissed from the action.

861.    Respectfully declines to respond to the allegations in Paragraph 861 on the ground that it relates to claims that have been dismissed from the action.

862.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

863.    Respectfully declines to respond to the allegations in Paragraph 863 on the ground that it relates to claims that have been dismissed from the action.

864.    Respectfully declines to respond to the allegations in Paragraph 864 on the ground that it relates to claims that have been dismissed from the action.

865.    Respectfully declines to respond to the allegations in Paragraph 865 on the ground that it relates to claims that have been dismissed from the action.

866.    Respectfully declines to respond to the allegations in Paragraph 866 on the ground that it relates to claims that have been dismissed from the action.

867.    Respectfully declines to respond to the allegations in Paragraph 867 on the ground that it relates to claims that have been dismissed from the action.

868.    Respectfully declines to respond to the allegations in Paragraph 868 on the ground that it relates to claims that have been dismissed from the action.

869.     Respectfully declines to respond to the allegations in Paragraph 869 on the ground that it relates to claims that have been dismissed from the action.

870.     Respectfully declines to respond to the allegations in Paragraph 870 on the ground that it relates to claims that have been dismissed from the action.

871.     Respectfully declines to respond to the allegations in Paragraph 871 on the ground that it relates to claims that have been dismissed from the action.

872.     Respectfully declines to respond to the allegations in Paragraph 872 on the ground that it relates to claims that have been dismissed from the action.

873.     Respectfully declines to respond to the allegations in Paragraph 873 on the ground that it relates to claims that have been dismissed from the action.

874.     Respectfully declines to respond to the allegations in Paragraph 874 on the ground that it relates to claims that have been dismissed from the action.

875.     Respectfully declines to respond to the allegations in Paragraph 875 on the ground that it relates to claims that have been dismissed from the action.

876.     Respectfully declines to respond to the allegations in Paragraph 876 on the ground that it relates to claims that have been dismissed from the action.

877.     Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

878.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 878.

879.     Denies the allegations in Paragraph 879.

880.     Denies knowledge the allegations in Paragraph 880.

881.     Denies the allegations in Paragraph 881.

882.    Denies plaintiff is entitled to relief requested.

883.    Repeats and re-alleges its responses to the proceeding Paragraphs as if fully set forth herein.

884.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 884.

885.    Denies the allegations in Paragraph 885.

886.    Denies the allegations in Paragraph 886.

887.    Denies the allegations in Paragraph 887.

888.    Denies plaintiff is entitled to relief requested.

889.    Respectfully declines to respond to Paragraph 889 as it does not set forth any allegations of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, if and to the extent plaintiffs failed to comply with the administrative prerequisites to suit under the applicable statutes.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations and/or filing period(s).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all relevant times hereto, including prior to the allegations that form the basis of plaintiffs' claims, defendant exercised reasonable care to prevent and promptly correct any

discriminatory, retaliatory, or harassing behavior.  Plaintiffs unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by defendant to avoid harm otherwise.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all relevant times hereto, including prior to the alleged discriminatory acts referred to in the Amended Complaint, defendant maintained and complied with Mount Sinai's policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by its employees and agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) of the Administrative Code.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, at all relevant times, defendant acted in good faith toward plaintiffs, and any actions taken toward plaintiffs were for legitimate, non-discriminatory and/or non-retaliatory business reasons.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If and to the extent any action taken with respect to plaintiffs was motivated by an impermissible consideration, which defendant expressly denies, defendant would have taken the same action for non-discriminatory and/or non-retaliatory reasons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant is not liable to plaintiffs for the acts or omissions of any supervisory or managerial employees of Mount Sinai that were beyond the scope of his or her employment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, to the extent plaintiffs failed to mitigate any of the damages alleged in the Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for emotional distress and/or mental anguish damages are barred, in whole or in part, because defendant's alleged conduct did not rise to the level of culpability to justify an award of such damages and/or because defendant did not cause such damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant is not liable for exemplary or punitive damages, because neither it nor any of its agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of plaintiffs, nor did defendant authorize or ratify such practices.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are barred, in whole or in part, because defendant acted in good faith and had reasonable grounds for the belief that its alleged acts or omissions were not violations of the law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering the damages alleged in the Amended Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs suffered damages as alleged in the Amended Complaint, such damages were caused or contributed to by plaintiffs' own actions or actions of others over whom defendant exercised no control.

**WHEREFORE**, defendant prays for judgment as follows:

(1)     Dismissing the Amended Complaint, and plaintiffs' claims therein, with prejudice and in their entirety;

(2)     Entering judgment against plaintiffs and for defendant;

(3)     Awarding defendant its costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(4)     Granting such other and further relief as the Court deems just and proper.

Dated: March 28, 2022
       New York, New York

                                    Respectfully submitted,

                                    PROSKAUER ROSE LLP

                                    /s/ Joseph Baumgarten
                                    Joseph Baumgarten
                                    Edna D. Guerrasio
                                    Proskauer Rose LLP
                                    Eleven Times Square
                                    New York, NY 10036
                                    (T) 212-969-3000
                                    (F) 212-969-2900
                                    jbaumgarten@proskauer.com
                                    eguerrasio@proskauer.com
                                    *Attorneys for Defendant*