UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                 :
DR. HOLLY ATKINSON et al.,              :
                 :
                 Plaintiffs, :
                 :               19-CV-3779 (VSB)
           - against -         :
                 :               **OPINION & ORDER**
                 :
DR. PRABHJOT SINGH et al.,              :
                 :
                 Defendants. :
                 :
-----------------------------------------------------------X

Appearances:

John F. O. McAllister
McAllister Olivarius
Saratoga Springs, New York
*Counsel for Plaintiffs*

Edna Doris Guerrasio
Joseph Baumgarten
Proskauer Rose LLP
New York, New York
*Counsel for Defendants Mount Sinai Health System, Inc., Prabhjot Singh, Dennis S. Charney, and Bruno Silva*

VERNON S. BRODERICK, United States District Judge:

        Before me is the motion of Plaintiffs Dr. Holly Atkinson ("Atkinson"), Dr. Natasha Anushri Anandaraja ("Anandaraja"), Humale Khan ("Khan"), Mary Caliendo ("Caliendo," and together with Atkinson, Anandaraja, and Khan, the "Dismissed Plaintiffs"), and Amanda Misiti ("Misiti," and together with the Dismissed Plaintiffs, the "Moving Plaintiffs") for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) to allow them to take an immediate appeal of all of their previously-dismissed claims (the "Motion"). Because I find that the Dismissed Plaintiffs satisfy the standard governing Rule 54(b), but that Misiti does not, the

1

Motion is GRANTED IN PART and DENIED IN PART.

### I.     Relevant Background[1]

The MTD Order provides the foundation for the Motion.  In the MTD Order, I granted in part and denied in part various Defendants' Rule 12(b)(6) motions.  As a result, I dismissed all claims brought by the Dismissed Plaintiffs, and I dismissed Misiti's federal and state law retaliation claims.  (MTD Order 38.)  The Dismissed Plaintiffs thus no longer have claims in this action (*id.*); however, Misiti still has live claims for disparate treatment and hostile work environment, (*id.* at 25 n.21.)

On February 10, 2022, the Moving Plaintiffs filed the Motion.  (Doc. 85.)  On March 4, 2022, Defendants Prabhjot Singh, Dennis S. Charney, Bruno Silva, and Mount Sinai Health System, Inc. (the "Opposing Defendants") filed a brief opposing the Motion.  (Doc. 90.)[2]  On March 29, 2022, the Moving Plaintiffs filed a reply brief.  (Doc. 97.)

### II.    Legal Standard

"[I]n the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'"  *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).  "Rule 54(b)," however, "permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay."  *Grand River Enters.*

---

[1] My January 14, 2022 Opinion & Order (Doc. 81 ("MTD Order")) provides a more complete factual background and procedural history of this action.  Familiarity with the MTD Order will be presumed throughout, and defined terms from the MTD Order will have the same meaning and will be used in this Opinion & Order.

[2] Absent is former Defendant David Berman ("Berman"), whom the MTD Order dismissed from the action.  (MTD Order 38.)  Berman has filed nothing in regard to the Motion even though, if granted, it would allow some of the Moving Plaintiffs to appeal as to claims previously asserted against him.  (*See, e.g.*, MTD Order 28 (reviewing Caliendo's claims against Berman).)

*Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005) (internal quotation marks omitted). This third factor "takes[] into account judicial administrative interests as well as the equities involved." *Novick*, 642 F.3d at 310 (emphases omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

"Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128–29 (2d Cir. 2000) (per curiam) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). As such, "the court's power under Rule 54(b) should be exercised sparingly." *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, 19-CV-10497 (JMF), 2021 WL 1392849, at *1 (S.D.N.Y. Apr. 13, 2021) (alteration omitted) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). "A certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska*, 947 F.2d at 629 (internal citations and quotation marks omitted). To ensure that this is the case, a district court must "provide a reasoned, even if brief, explanation of its considerations" so that "a reviewing court [will] have some basis for distinguishing between well-reasoned conclusions . . . and mere boiler-plate approval." *Novick*, 642 F.3d at 310 (internal citations and quotation marks omitted).

The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated," as "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* at 311

(internal citations and quotation marks omitted).

### III.    Discussion

The first two factors of the Rule 54(b) analysis are satisfied because the MTD Order dismissed multiple claims from multiple parties and finally determined at least one claim asserted by all Moving Plaintiffs. (MTD Order 38); *see Grand River Enters.*, 425 F.3d at 164. Thus, the only real issue on the Motion is whether "there is 'no just reason for delay,'" in allowing the Moving Plaintiffs to appeal, the analysis of which considers matters including "'whether the claims under review are separable from the others remaining to be adjudicated' and whether entering final judgment as to some claims would force an appellate court to review the same claims more than once." *Frazier v. Morgan Stanley & Co. LLC*, No. 16-cv-804 (RJS), 2020 WL 3791852, at *2 (S.D.N.Y. July 7, 2020) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

As to the Dismissed Plaintiffs, I find that their claims are all separable from the remaining claims in the action because "the issues which make up" the claims do not overlap the issues of the remaining claims in this action. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992). Indeed, the issues relevant to each Dismissed Plaintiff's claims are unique to them and do not overlap with remaining claims. I dismissed Atkinson's and Anandaraja's claims because I found that their "federal claims are time-barred," and I therefore declined to take supplemental jurisdiction over their state law claims. (MTD Order 17.) The applicability of statutes of limitations played no role in the analysis with respect to any other Plaintiff. Similarly, I found that both Khan and Caliendo failed to plead sufficient facts to support each of their federal claims, which resulted in my not having supplemental jurisdiction over their state law claims. (*Id.* at 18–25 & n.20.) The defects I found in their pleading were particular to whether facts pleaded with respect to them amounted to a viable claim for relief, and that analysis did not

overlap with defects relevant to the claims of any other Plaintiff or with Misiti's remaining claims.

Contrary to the Moving Defendants' position, this is not a case "where 'the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.'" (54(b) Opp. 5 (quoting *Negrete v. Citibank, N.A.*, 15 Civ. 7250 (RWS), 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017)).)[3] The *Negrete* action was one in which two plaintiffs "maintained several bank accounts with" the same defendant bank and "entered into an ISDA Agreement" that "governed a number of Foreign Exchange . . . and other derivative transactions" entered into by the plaintiffs. *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 459 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019). They sought Rule 54(b) certification after all but one of their claims concerning their financial transactions with the defendant bank was dismissed. *Negrete*, 2017 WL 2963494, at *1. "[T]he issues" all thus "stemm[ed] from different financial transactions" governed by one umbrella agreement. *See id.* at *2. By contrast, here, although each Dismissed Plaintiff was employed in the same workplace, how each Dismissed Plaintiff was treated in the course of her employment—and whether the treatment alleged adds up to a claim that can survive a Rule 12(b)(6) motion—is unique to her.

For example, whether or not the pleadings show that "Khan was made to suffer" any "sufficiently continuous discriminatory acts or any single incident" amounting to a hostile work environment, (MTD Order 20), will not touch on merits issues relevant to any other of Plaintiffs' claim. *See Ginett*, 962 F.2d at 1097 ("The claim for severance pay was separable from and independent of the rest of the claims in the case; accordingly, the court did not abuse its discretion in directing entry of a final judgment under rule 54(b)."); *Bowne of New York City,*

---

[3] "54(b) Opp." refers to Moving Defendants' Memorandum of Law in Opposition to the Motion. (Doc. 90.)

*Inc. v. AmBase Corp.*, 161 F.R.D. 270, 272 (S.D.N.Y. 1995) (granting Rule 54(b) certification as to certain claims because, "[t]o decide these claims, the court will have to look at each print job individually and determine facts pertinent only to that job").

I also find that allowing the Dismissed Plaintiffs to appeal now would not require a Second Circuit panel to review their claims more than once. Whether they appeal now or after final judgment is entered on all claims, Atkinson and Anandaraja would be able to raise the statute of limitations issues. Similarly, Khan and Caliendo would be able to raise the issue of whether their pleadings made out their individual claims. Thus, whether now or later, an appellate panel would have to familiarize itself with the pleadings pertaining to the Dismissed Plaintiffs' employment. Allowing an appeal now will not lead to more appeals presenting these same pleading issues.

By that same reasoning, however, I cannot and do not find that "the interests of sound judicial administration and efficiency" are favored by allowing Misiti to appeal her dismissed retaliation claims at this stage. *Novick*, 642 F.3d at 314. Allowing Misiti to appeal now leads to the possibility of "piecemeal appeals," *Harriscom Svenska*, 947 F.2d at 631, because any reviewing panel would have to familiarize itself with the entire factual record relevant to Misiti's employment. Indeed, because certain of Misiti's claims survive, there is a likelihood that "two (or more) three-judge panels" would have to "familiarize themselves with" the facts relevant to her claims, *id.*, as there could well be an appeal of her remaining claims following summary judgment or trial.

Finally, I find that "certifying a partial final judgment serves equitable interests." *Choi v. Tower Rsch. Cap. LLC*, 14-CV-9912 (KMW), 2020 WL 2317363, at *2 (S.D.N.Y. May 11, 2020) ("Requiring these plaintiffs, who have no live claims, to await the final resolution of the

unjust enrichment claim before bringing an appeal would work an unnecessary hardship."). The MTD Order finally adjudicated all of the Dismissed Plaintiffs' federal claims on the merits. There is no good reason for them to remain sidelined until a final judgment in this action resolves all the remaining Plaintiffs' claims.

## IV.     Conclusion

For the foregoing reasons, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. The Clerk of Court is respectfully directed to close the open motion at docket number 85 and to enter final judgment pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants.

SO ORDERED.

Dated: April 22, 2022
       New York, New York

                                        Vernon S. Broderick
                                        United States District Judge