UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. STELLA SAFO, *et al.*,

                         Plaintiffs,                    **ORDER**

               -against-                     **19-cv-3779 (VSB) (JW)**

DR. PRABHJOT SINGH, *et al.*,

                         Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Parties were heard in a discovery conference on January 3, 2024. Plaintiffs sought a complete file of the 2018 internal investigation and a document-by-document privilege log of documents relevant to the investigation. Dkt. No. 133. Plaintiffs argued that Defendants' privilege claims were improper and overbroad, Defendants waived privilege, and Defendants categorical privilege log was insufficient. Id. at 1-5.

      Defendants countered that the investigation was conducted for the purpose of providing legal advice and in anticipation of litigation, so the requested documents were protected by attorney-client privilege and the work product doctrine. Id. at 6. Further, Defendants argued that disclosure of the outcome of an investigation does not waive privilege and Plaintiffs did not demonstrate substantial need necessary to overcome privilege. Id. at 6-9. Finally, Defendants stated that categorical privilege logs are "presumptively proper" in this jurisdiction. Id. at 9 (citing Aviles v. S&P Glob., Inc., 583 F. Supp. 3d 499, 504 (S.D.N.Y. 2022)).

For the reasons stated more fully on the record, this Court found that the 2018 internal investigation materials are privileged, and a categorical privilege log is proper. "Documents prepared in anticipation of litigation are work product, even when they are also intended to assist in business dealings." <u>Schaeffler v. United States</u>, 806 F.3d 34, 43 (2d Cir. 2015). The fact that Defendants may have undertaken the 2018 internal investigation for dual purposes does not obviate the primary purpose of anticipation of litigation. Further, Plaintiffs conceded that there were other means through which they could obtain information and did not demonstrate a substantial need.

The Parties are directed to order a copy of the transcript from the conference and provide a copy to the Court via email at [WillisNYSDChambers@nysd.uscourts.gov](mailto:WillisNYSDChambers@nysd.uscourts.gov). **The Clerk of the Court is respectfully requested to close the motion at Dkt. No. 133.**

SO ORDERED.

DATED:   New York, New York
         January 3, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge