**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DR. STELLA SAFO, *et al.*,

                      Plaintiffs,

           -against-

DR. PRABHJOT SINGH, *et al.*,

                     Defendants.
-----------------------------------------------------------------X

**<u>ORDER</u>**

**19-cv-3779 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

       This Court is in receipt of Defendants' letter motion at Dkt. No. 138 seeking a protective order to prevent Plaintiffs from asking about certain topics during depositions. Plaintiffs' oppose the motion for protective order in its entirety. Dkt. No. 139. For the reasons stated below, Defendants' request for a protective order is GRANTED in part.

## <u>BACKGROUND</u>

       Plaintiffs are current and former employees of the Arnhold Institute for Global Health ("AIGH"), which is part of Defendant Mount Sinai Health System, Inc.'s ("Mt. Sinai") Icahn School of Medicine. Dkt. No. 30 ("Amended Complaint" or "Am. Compl.") ¶ 2. Plaintiffs are suing defendants for, *inter alia*, gender based employment discrimination. Am. Compl. ¶¶ 586-623, 778-780, 883-888. On January 14, 2022, District Judge Vernon S. Broderick issued an order dismissing claims, plaintiffs, and a defendant in this action. Dkt. No. 81. In the same order, Judge Broderick denied a motion from Defendants to strike the Amended Complaint. Id. Plaintiffs have

surviving claims for gender based discrimination, retaliation, and equal pay violations. Id.

Defendants seek a protective order to prevent Plaintiffs from asking about 14 enumerated topics during depositions. Dkt. No. 138-1 at 3. Plaintiffs argue that information regarding the 14 topics are relevant and discoverable. Dkt. No. 139 at 2. This Court will address each topic in turn.

## LEGAL STANDARD

"A district court has wide latitude to determine the scope of discovery." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008). "The burden of demonstrating relevance is on the party seeking discovery. . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 431 (S.D.N.Y.2011) (citations omitted); see also Fed. R. Civ. P. 26(b)(5)(A). Relevance is determined "in light of the claims and defenses asserted by the parties." In re Bairnco Corp. Sec. Litig., 148 F.R.D. 91, 96 (S.D.N.Y. 1993).

A party may move to limit the scope of a deposition "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or a party." Fed. R. Civ. P. 30(d)(3). The Court may enter a protective order to limit the scope of discovery or deposition for good cause to prevent "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1). "[T]he party seeking a protective order has the burden of showing that good cause exists for

issuance of that order." <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 142 (2d Cir. 2004) (citation and quotation omitted).

## **DISCUSSION**

### <u>Topic 1</u>

Topic 1 concerns allegations that Defendant Dr. Charney screamed at Dr. Goldstein, a former student at Icahn School of Medicine. Am. Compl. ¶ 54. Plaintiffs argue that Topic 1 is relevant to the claims of a gender based hostile work environment because Defendant Dr. Charney "normalized screaming" and other staff members took that to mean they could scream at (or tolerate others who screamed at) women in the workplace. Dkt. No. 139 at 2. Defendants counter that Topic 1 involves an *ad hominem* attack that bears no connection to the gender based claims or defenses at issue in this case. Dkt. No. 138 at 2-3.

"The standard for relevance encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Lynch v. City of New York</u>, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *4 (S.D.N.Y. Nov. 4, 2021) (internal quotation marks omitted). Considering this broad standard, Topic 1 could be relevant to whether there was in fact a gender based hostile work environment, or alternatively whether all employees were subjected to equally harsh conditions regardless of gender. Therefore, the request for a protective order regarding Topic 1 is DENIED.

**<u>Topic 2</u>**

Topic 2 involves allegations that Defendant Dr. Charney failed to disclose financial ties to the manufacturer of a treatment "favorably reviewed" in an article that he co-authored.  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶55).  Plaintiffs argue that this is relevant to why Defendant Dr. Singh was hired by Defendant Dr. Charney "regardless of his own CV and academic misrepresentations and in place of a more senior woman."  Dkt. No. 139 at 2. Defendants contend that this information is irrelevant and another *ad hominem* attack against Defendant Dr. Charney.  Dkt. No. 138 at 3.   This Court again agrees that this allegation could be relevant, and Defendants have not demonstrated good cause for a protective order.  Therefore, the request for a protective order regarding Topic 2 is DENIED.

**<u>Topic 3</u>**

Topic 3 concerns allegations that Defendant Dr. Singh was "underqualified and inflated his CV."  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 81-94).  Plaintiffs argue this information is relevant because they allege Defendant Dr. Charney hired Defendant Dr. Singh over these "warning signs" in place of a "better-qualified woman [candidate], Dr. Steffanie Strathdee."  Dkt. No. 139 at 2.  Defendants counter that this is a "personal attack on [Defendant] Dr. Singh" and his qualifications have no relevance to Plaintiffs' claims since "all of the remaining Plaintiffs were hired by [Defendant] Dr. Singh."  Dkt. No. 138 at 2.  Again, considering the low threshold for relevance, this Court believes Topic 3 could bear on whether Defendant Dr. Charney

acted with any discriminatory animus against women.  Therefore, the request for a protective order regarding Topic 3 is DENIED.

**Topic 4**

Topic 4 involves allegations that Defendant Dr. Singh "misrepresented his sources of funding." Dkt. No. 138-1 at 3; <u>see also</u> Am. Compl. ¶¶ 95-102.  Plaintiffs reiterate their argument that this information is relevant to whether Defendant Dr. Charney hired Defendant Dr. Singh over a more qualified woman candidate.  Dkt. No. 139 at 2.  Defendants reiterate their opposition that Defendant Dr. Singh hired the Plaintiffs in this suit, so his qualifications are irrelevant.  Dkt. No. 138 at 2.  For the reasons stated, <u>supra</u> Topic 3, the request for a protective order regarding Topic 4 is DENIED.

**Topics 5, 6, and 12**

Topic 5 concerns allegations that Defendant Dr. Singh "secured a highly-paid fellowship at Mount Sinai for [Professor Jeffrey] Sachs[.]" Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 109-110).  Topic 6 involves allegations that Defendant Dr. Singh "spent lavishly on several rounds of consultants." <u>Id.</u> (citing Am. Compl. ¶¶ 135-137). Topic 12 alleges that Defendant Dr. Singh engaged in various other "money manipulations." <u>Id.</u> (citing Am. Compl. ¶¶ 320-324).

Plaintiffs allege Topics 5, 6, and 12 are relevant because Defendant Dr. Singh mismanaged AIGH funds improperly citing budgetary constraints to "sideline women" and their projects, while spending significantly on other endeavors.  Dkt. No. 139 at 2.  Plaintiffs further argue that Defendants previously served requests for

production of documents related to the paragraphs of the Amended Complaint at issue in Topic 5.  Dkt. No. 139 at 2 (citing Dkt. No. 139-1, Request 10).  Defendants oppose the requests arguing that allegations Defendant Dr. Singh misused funds bears no relevance on Plaintiff's gender based discrimination claims.  Dkt. No. 138.

On balance, Plaintiffs have articulated possible relevance and Defendants do not offer good cause for a protective order regarding the information.  Therefore, the request for a protective order regarding Topics 5, 6, and 12 are DENIED.

**Topic 7**

Topic 7 alleges that Defendant Dr. Singh "covered up [] shortcomings" in a project called ATLAS.  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 230-239).  Plaintiffs argue that Project ATLAS is relevant because each Plaintiff worked on it in some capacity and many of the interactions Plaintiffs complain of occurred in the context of working on the project.  Dkt. No. 139 at 3.  Defendants counter that Project ATLAS was a proprietary three-year project to develop a digital map of health care information and Project ATLAS is not relevant to Plaintiffs' claims.  Dkt. No. 138 at 3.  Defendants further cite that deposition questions regarding Project ATLAS could implicate confidentiality concerns that are disproportionate to the needs of this case. Id.

On balance, this Court finds that the information regarding Project ATLAS is at most minimally relevant to Plaintiffs' claims, and Plaintiffs' can interrogate topics relating to discriminatory conduct that occurred during Project ATLAS without asking questions about the Project and its management.  Additionally, Defendants

have articulated a credible burden that data privacy concerns and voluminous documents underly Project ATLAS.  Therefore, the request for a protective order regarding Topic 7 is GRANTED.

**Topics 8, 9, and 10**

Topic 8 concerns allegations that Plaintiff Emilie Bruzelius "raised ethical and HIPAA issues" related to Project ATLAS's data storage.  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 255-266).  Topic 9 involves former plaintiff Humale Khan's work on Project ATLAS.  Id. (citing Am. Compl. ¶¶ 269-283).  Topic 10 centers around former plaintiff Humale Khan's "whistleblowing and departure from AIGH." Id. (citing Am. Compl. ¶¶ 284-293).

Plaintiffs argue that these topics are relevant because during Plaintiff Emilie Bruzelius' deposition she was questioned about her compliance with research rules. Dkt. No. 139 at 3. Plaintiffs further allege that reports by Plaintiff Emilie Bruzelius and former plaintiff Humale Khan regarding Project ATLAS were raised with Defendant Mt. Sinai concerning Defendant Dr. Singh.  Id. Defendants reiterate their arguments that the Project ATLAS allegations are irrelevant to Plaintiffs' claims and would be disproportionate to the needs of the case.  Dkt. No. 138 at 3.

In this Court's view, Plaintiffs have offered no connection between any complaints about Project ATLAS and any gender based discrimination.  This failure is fatal to Plaintiffs' claims of relevance. Additionally, while Plaintiffs allege that Plaintiff Emilie Bruzelius was asked questions during her deposition about "concerns with compliance with research rules[,]" they do not include a deposition transcript or

other corroboration for this Court to ascertain the context and scope of the questioning.  See Dkt. No. 139.  Conversely, Defendants have articulated that questions regarding Project ATLAS could be difficult to parse given data security and privacy concerns.  Dkt. No. 138 at 3.  This Court is not persuaded that this information would be relevant, and the benefits would outweigh any burdens.  Therefore, the request for a protective order regarding Topics 8, 9, and 10 is GRANTED.

### Topic 11

Topic 11 involves allegations that Defendant Dr. Singh retaliated against former plaintiff Humale Khan.  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 294-296).  Plaintiffs argue that Defendant Dr. Singh's alleged retaliation against former plaintiff Humale Khan is relevant to Plaintiff Emilie Bruzelius' claims that Defendant Dr. Singh retaliated against her. Dkt. No. 139 at 3.  Defendant notes that former plaintiff Humale Khan was a male employee, and his allegations of retaliation are irrelevant to the remaining issues in this case.  Dkt. No. 138 at 3.

On balance, this Court agrees with Defendants.  Judge Broderick dismissed former plaintiff Humale Khan's federal claims of retaliation and hostile work environment.  Dkt. No. 81 at 19-20.  If his allegations were insufficient to support his own claims of retaliation, this Court is not persuaded that they would be relevant to support another Plaintiffs' claims.  Additionally, the sections of the complaint referencing Plaintiff Emilie Bruzelius' claims of retaliation, Am. Compl. ¶¶ 461-464, do not mention former Plaintiff Khan and vice versa.  Am. Compl. ¶¶ 294-296.  The

only similarity among the claims is that Defendant Dr. Singh was involved in the alleged retaliation, which this Court finds insufficient to maintain relevance given the different circumstances and motivations.  Therefore, the request for a protective order regarding Topic 11 is GRANTED.

**Topic 13**

Topic 13 concerns allegations that Defendant Bruno Silva edited relevant documents after Plaintiffs initiated this lawsuit.  Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 468-471).  Plaintiffs' Amended Complaint alleges that after the lawsuit was filed in 2019, Defendant Bruno Silva edited a Google Doc document that AIGH's staff used to collaborate on a USAID Report, which had been completed and published in or around Fall 2017.  Am. Compl. ¶¶ 468-469.  Plaintiffs contend that by "resolv[ing]" comments in the document, Defendant Bruno Silva removed his name from a block of text that allegedly contained a false statement.  Id. ¶ 470. Plaintiffs argue that information regarding this incident is relevant because it bears on Defendant Bruno Silva's "credibility and the integrity of documents produced by Defendants in discovery."  Dkt. No. 139 at 3.  Defendants counter that the unexpected edits in the Project ATLAS documents after the litigation was filed is irrelevant to Plaintiffs' claims of gender based employment discrimination.  Dkt. No. 138 at 3.

This Court does not believe that information regarding edits made to a document after this litigation was filed, with no connection to the suit, are relevant to the claims at issue.  While Plaintiffs argue that the edits bear on the credibility of Defendant Bruno Silva, they do not allege that he falsely offered the document as the

published version or concealed his subsequent edits in the document. This Court is not persuaded that this incident would bear any relevant information to the substance of the instant lawsuit.

Therefore, the request for a protective order regarding Topic 13 is GRANTED.

**Topic 14**

Topic 14 concerned alleged letters of support from current and former faculty and staff at Icahn School of Medicine. Dkt. No. 138-1 at 3 (citing Am. Compl. ¶¶ 473-476). Plaintiffs argue that Defendants effectively conceded relevance when they requested production of "[a]ll letters of support" in their First Set of Requests for Production of Documents. Dkt. No. 139 at 3 (citing Dkt. No. 139-1, Request 45). Defendants do not cite any specific grounds for opposing the questions about letters of support. See generally Dkt. No. 138.

Plaintiff's Amended Complaint alleges Mt. Sinai's Board of Trustees received a letter calling on it to "prevent further perpetuation of an abusive culture" in light of "shocking acts of discrimination." Am. Compl. ¶ 474. The letters were published "[i]n the wake of the [original complaint]" and before the operative Amended Complaint. Id. ¶ 473. These letters may contain relevant information and Defendants requested discovery regarding them.

Therefore, the request for a protective order regarding Topic 13 is DENIED.

For the forgoing reasons, Defendants' request for a protective order to prevent Plaintiff from asking deposition questions regarding Topics 7-11 and 13 is GRANTED. Defendant's request regarding the remaining topics is DENIED. **The**

10

**<u>Clerk of the Court is respectfully directed to close the motion at Dkt. No. 138.</u>**

Additionally, regarding this Court's prior order at Dkt. No. 142, the Parties are not required to attend mediation if they do not believe that mediation would be productive at this time. The Parties should promptly notify the mediation office if they do not wish to engage in mediation at this time.

SO ORDERED.

DATED:   New York, New York
         April 5, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge