# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. HOLLY ATKINSON, <br> DR. NATASHA ANUSHRI ANANDARAJA, <br> DR. STELLA SAFO, <br> MARY CALIENDO, <br> HUMALE KHAN, <br> GERALDINE LLAMES, <br> AMANDA MISITI, and <br> EMILIE BRUZELIUS, <br><br>            Plaintiffs, <br><br>      v. <br><br> DR. PRABHJOT SINGH, <br> DR. DENNIS S. CHARNEY, <br> BRUNO SILVA, <br> DAVID BERMAN, and <br> ICAHN SCHOOL OF MEDICINE AT <br> MOUNT SINAI, <br><br>            Defendants. | : <br> : <br> : <br> :    Case No.: 1:19-cv-03779-VSB-JW <br> : <br> : <br> : <br> :    **DEFENDANTS' OBJECTIONS AND** <br> :    **RESPONSES TO PLAINTIFFS'** <br> :    **SECOND SET OF REQUESTS FOR** <br> :    **PRODUCTION OF DOCUMENTS** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Civil Rules of the Southern District of New York (the "Local Civil Rules") Defendants Dr. Prabhjot Singh, Dr. Dennis. S. Charney, Bruno Silva and Icahn School of Medicine at Mount Sinai[1] ("ISMMS") (collectively "Defendants"), by and through their attorneys, Proskauer Rose LLP, submits the following objections and responses to Plaintiffs' Second Set of Requests for Production of Documents[2] (the "Requests"). Defendants will begin producing materials responsive to the Requests, as limited by the objections asserted below, once the parties enter into a confidentiality agreement.

---

[1] Pursuant to the parties' stipulation, on May 16, 2022, the Court ordered that Defendant Mount Sinai Health System, Inc. was dismissed without prejudice and substituted by Defendant Icahn School of Medicine at Mount Sinai. These responses are therefore made on behalf of the Icahn School of Medicine at Mount Sinai.

[2] Plaintiffs label the requests as their second set of requests for the production of documents, however, Defendants have no record of service of a first set of requests for production of documents.

**REQUEST NO. 14:**

Mount Sinai's (and, if different, AIGH's) expense policies and procedures.

**RESPONSE TO REQUEST NO. 14:**

Defendants object to this Request on the ground that it is overly broad, insofar as it requests all "expense policies and procedures" without any temporal limitation and therefore seeks documents that are not proportional to the needs of this case. Defendants further object to this Request on the ground that it calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving the foregoing objections, and following a reasonable search, Defendants will produce responsive documents sufficient to show AIGH's expense policies and procedures for the time period Singh was Director of AIGH. Defendants will withhold all documents outside the relevant time frame.

**REQUEST NO. 15:**

Singh's employee file, including all hiring records, evaluations, any disciplinary records, and complaints.

**RESPONSE TO REQUEST NO. 15:**

Defendants object to this Request on the ground that it is overly broad in temporal scope, as the relevant time period for this litigation is January 2015 to July 2019. Defendants further object to this Request on the ground the phrase "employee file" is vague and to the extent the Request calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving these objections, and following a reasonable search, Defendants will produce the documents Singh submitted in connection with his application for the AIGH Director position, as well evaluations, disciplinary records or complaints ISMMS received and which concern allegations of gender bias,

discrimination or retaliation by Singh, if any. Defendants will withhold all other documents responsive to this Request, if any.

**REQUEST NO. 16:**

All versions of Singh's employment or other contracts with Mount Sinai, including all drafts.

    **RESPONSE TO REQUEST NO. 16:**

    Defendants object to this Request as overly broad to the extent it seek documents outside the relevant time period and as vague and ambiguous with respect to the term "other contracts." Defendants also object to this Request on the ground that it calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Defendants further object to this Request to the extent it seeks drafts of documents that are protected by attorney-client and/or work product privilege. Subject to and without waiving the objections, Defendants will produce the final version of Singh's employment contract with ISMMS. Defendants will withhold all other documents responsive to this Request, if any.

**REQUEST NO. 17:**

Charney's employee file, including employment application, notes regarding references or reference checks, onboarding materials, evaluations, any disciplinary records, and complaints.

    **RESPONSE TO REQUEST NO. 17:**

    Defendants object to this Request on the ground that it is overly broad in temporal scope, as the relevant time period for this litigation is January 2015 to July 2019. Defendants further object to this Request on the ground the phrase "employee file" is vague and to the extent the Request calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving the foregoing objections, and following a reasonable search, Defendants will produce evaluations, disciplinary

relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to clarify and narrow the scope of this Request in connection with the parties' development of an ESI protocol. Upon conclusion of the parties' meet and confer process, Defendants will supplement their response to this Request.

**REQUEST NO. 36:**

All communications, or records of communication, between any member of the Oversight Committee and Dr. Kevin Starr referring or relating to the Oversight Committee, its work, its findings or recommendations, Charney, or Singh.

**RESPONSE TO REQUEST NO. 36:**

Defendants object to this Request as overly broad, insofar as it requests "[a]ll communications or records of communication," irrespective of their relevance to this litigation. Defendants also object to this Request as vague and ambiguous with respect to the term "work." Defendants further object to this Request on the ground that it calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to clarify and narrow the scope of this Request in connection with the parties' development of an ESI protocol. Upon conclusion of the parties' meet and confer process, Defendants will supplement their response to this Request.

**REQUEST NO. 37:**

All communications to, from, including, or referring or relating to, Dr. Kevin Starr in connection with AIGH.

**RESPONSE TO REQUEST NO. 37:**

Defendants object to this Request on the ground that it is overly broad and unduly burdensome, insofar as it requests "[a]ll communications to, from, including, or referring or related to" Dr. Kevin Starr "in connection with AIGH" without any limitation as to temporal scope or subject matter. Defendants further object to this Request on the ground that it calls for documents that are not relevant to Plaintiffs' claims of gender discrimination, retaliation or unequal pay, nor Defendants' defenses. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to clarify and narrow the scope of this Request in connection with the parties' development of an ESI protocol. Upon conclusion of the parties' meet and confer process, Defendants will supplement their response to this Request.

**REQUEST NO. 38:**

All documents relating to or reflecting the goals, purpose, reasons behind, or mission of the Oversight Committee.

### RESPONSE TO REQUEST NO. 38:

Defendants object to this Request on the ground that it is overly broad and vague and ambiguous as it requests "[a]ll documents" "reflecting" various topics which are vaguely described such as "reasons behind." Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to clarify and narrow the scope of this Request in connection with the parties' development of an ESI protocol. Upon conclusion of the parties' meet and confer process, Defendants will supplement their response to this Request.

**REQUEST NO. 39:**

All draft and final minutes or similar records of Oversight Committee meetings from the inception of the committee to the present.