# EXHIBIT J

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
azitrin@glennagre.com

M<sup>C</sup>ALLISTER OLIVARIUS
Jan "Honza" Červenka (SBN 344997)
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 433-3456
hcervenka@mcolaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. STELLA SAFO, GERALDINE LLAMES, AMANDA MISITI and DR. EMILIE BRUZELIUS, <br><br> Plaintiffs, <br><br> vs. <br><br> DR. PRABHJOT SINGH, DR. DENNIS S. CHARNEY, BRUNO SILVA, and ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI, <br><br> Defendants. | Misc. Case No.: 3:25-mc-80049 <br><br> [S.D.N.Y Case No.: 1:19-cv-03799-VSB-JW] <br><br> **PLAINTIFFS' NOTICE OF MOTION TO COMPEL DEPOSITION OF THIRD PARTY DR. SANDEEP KISHORE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 37]** |

## <u>NOTICE OF MOTION AND MOTION TO COMPEL</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure (hereinafter

- 1 -
PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

"Rule" or "FRCP") 37 and 45, Plaintiffs, by and through undersigned counsel, hereby move this Court for an order compelling third party Dr. Sandeep Kishore to appear for a deposition and to provide testimony at a date and time designated by the Court, and for any other appropriate relief, including an award of attorney's fees and expenses. In the alternative, Plaintiffs seek leave to serve Dr. Kishore by alternative means other than personal service.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant employment dispute is pending before the United States District Court for the Southern District of New York. Dr. Kishore was an employee of Defendant Icahn School of Medicine at Mount Sinai with Plaintiffs during the events giving rise to the Complaint. He currently resides in Foster City, CA, within the jurisdiction of this Court. Fact discovery in this matter is currently set to close on February 28, 2025. Declaration of Jan "Honza" Červenka ("Červenka Decl.") ¶ 1.

On August 20, 2024, Plaintiffs served Dr. Kishore with a subpoena duces tecum (the "Document Subpoena") to which he served Responses and Objections via his attorney Daniel Allender on August 29, 2024. Červenka Decl. Ex. A. On September 27, 2024, Plaintiffs' counsel Jan "Honza" Červenka of McAllister Olivarius discussed via telephone with Mr. Allender Plaintiffs' contemplated subpoena to depose Dr. Kishore. *Id.* ¶ 3. At that time, Mr. Allender stated he was not yet authorized to accept service of that subpoena, but requested a copy of the same to start the process. *Id.* On October 2, 2024, Plaintiffs issued a valid subpoena commanding Dr. Kishore to testify at deposition in person in San Mateo, CA, within 100 miles of his California residence, on October 17, 2024 (the "Deposition Subpoena"). *Id.* Ex. B. Mr. Červenka emailed the subpoena to Mr. Allender, asking if the date and time for the deposition worked for Dr. Kishore, and requesting Mr. Allender advise if he is authorized to accept service on Dr. Kishore's behalf. *Id.* Ex. C. Mr. Allender responded twice that same day stating he would ask Dr. Kishore about service and scheduling. *Id.* Mr. Allender refused to communicate with Mr. Červenka or other Plaintiffs' counsel from that point on, despite at least ten attempts by Plaintiffs' counsel to contact him. *Id.* ¶ 6. Plaintiffs also made six attempts to serve Dr. Kishore personally via a process server over the course of several days at different times of

- 2 -
PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

day at his home residence in Foster City, CA, to no avail. *Id.* ¶ 7.

After these repeated failed attempts at personal service, Plaintiffs served the Deposition Subpoena on Dr. Kishore via U.S. Mail including a check for the required fees, on October 9, 2024. *Id.* ¶ 8, Ex. D. Plaintiffs recently discovered Dr. Kishore's current work address and therefore reissued a Deposition Subpoena on February 24, 2025 compelling deposition testimony on March 7, 2025. *Id.* Ex. E. Plaintiffs made several failed attempts at personal service at that address prior to filing this motion. *Id.* ¶¶ 11-12.

Below is a chart of the contacts described above ("Chart A"):

| Date | Communication | Substance |
|---|---|---|
| Aug. 20, 2024 | Personal Service of Document Subpoena completed from Plaintiffs to Dr. Kishore | Document Subpoena served personally on Dr. Kishore in Maryland. |
| Aug. 29, 2024 | Dr. Kishore's response to the Document Subpoena served on Plaintiffs | Dr. Kishore sent his responses and objections to the Document Subpoena via his attorney D. Allender |
| Sept. 27, 2024 | Call between H. Červenka and D. Allender | Counsel discussed Dr. Kishore's Document Subpoena and potential Deposition Subpoena |
| Oct. 2, 2024 | Email from H. Červenka to D. Allender | H. Červenka sent Deposition Subpoena and requested dates and service authorization |
| Oct. 2, 2024 | Email from D. Allender to H. Červenka | D. Allender replied that he would ask Dr. Kishore re service and scheduling, and requested a time estimate for the deposition |
| Oct. 2, 2024 | Email from H. Červenka to D. Allender | H. Červenka responded that the time estimate was half a day. |
| Oct. 2, 2024 | Email from D. Allender to H. Červenka | D. Allender stated that he had yet to connect with Dr. Kishore and requested a zoom deposition. This was the last contact from D. Allender. |
| Oct. 2, 2024 | Email from H. Červenka to D. Allender | H. Červenka replied that Plaintiffs would prefer an in person deposition but the location could be moved if that would help. No reply. |

PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

| Oct. 2, 2024 | Personal Service of Deposition Subpoena attempt No. 1 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA, at 6:49 p.m. No answer at the residence and residence was quiet. |
|---|---|---|
| **Date** | **Communication** | **Substance** |
| Oct. 3, 2024 | Email from H. Červenka and D. Allender | H. Červenka requested again deposition dates and service authorization. No reply. |
| Oct. 3, 2024 | Personal Service of Deposition Subpoena attempt No. 2 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA at 8:13 a.m. No answer at the residence. |
| Oct. 4, 2024 | Personal Service of Deposition Subpoena attempt No. 3 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA at 5:49 p.m. No answer at the residence. |
| Oct. 5, 2024 | Personal Service of Deposition Subpoena attempt No. 4 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA at 10:44 a.m. No answer at the residence and marked front door. |
| Oct. 6, 2024 | Personal Service of Deposition Subpoena attempt No. 5 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA at 9:08 a.m. No answer at the residence and marker still intact. |
| Oct. 6, 2024 | Personal Service of Deposition Subpoena attempt No. 6 | Process Server attempted to personally serve Dr. Kishore at his home address in Foster City, CA at 7:37 p.m. No answer at the residence. |
| Oct. 8, 2024 | Email from H. Červenka to D. Allender | H. Červenka requested a response to the Deposition Subpoena. No reply. |
| Oct. 9, 2024 | U.S. Mail Service of Deposition Subpoena | Plaintiffs served the properly issued valid Deposition Subpoena on Dr. Kishore via U.S. Mail to his home address, including check for daily witness fee and travel fees to the deposition location in San Mateo, CA, within 100 miles of his residence in Foster City, CA. |

- 4 -

PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

| Oct. 31, 2024 | Email from L. Engman (Paralegal employed by Plaintiffs' counsel) to D. Allender | L. Engman attempted to schedule a deposition. No reply. |
|---|---|---|
| Dec. 5, 2024 | Attempted call from L. Engman to D. Allender | L. Engman attempted but was unable to connect with D. Allender via his office switchboard. No Reply. |

| Date | Communication | Substance |
|---|---|---|
| Dec. 6, 2024 | Attempted call from L. Engman to D. Allender | L. Engman attempted but was unable to connect with D. Allender via his office switchboard. No Reply. |
| Dec. 17, 2024 | Email from L. Engman to D. Allender | L. Engman attempted to schedule a deposition. No reply. |
| Feb. 24, 2025 | Email from H. Červenka to D. Allender | H. Červenka requested response to the Deposition Subpoena and stated that Plaintiffs would pursue a Motion to Compel if they did not receive a reply. No reply. |
| Feb. 25, 2025 | Personal Service of new Deposition Subpoena attempted | Process Server attempted to personally serve Dr. Kishore at his work address in San Francisco, CA at 8:30 a.m. without success. |

## LEGAL STANDARD AND ARGUMENT

Motions to compel are governed by Rule 37 and depositions subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Rule 37(a)(2), this motion to compel is properly brought before the instant Court as the place of compliance for the Deposition Subpoena falls within the Northern District of California. Dr. Kishore is a nonparty residing in the Northern District of California, and Plaintiffs now seek to take his deposition in San Francisco, CA, which is within 100 miles of Dr. Kishore's place of residence and his place of employment. Plaintiffs have complied with Rule 37(a)(1) and Local Rule 37-1(a), as their repeated reasonable and good-faith efforts to meet and confer with Dr. Kishore's counsel to resolve this matter without court intervention were ignored, as shown in the chart above, and as certified by counsel below.

- 5 -

PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

There is no justification for Dr. Kishore to ignore the Deposition Subpoena. The Deposition Subpoena itself is valid. It mirrors the form subpoena for the United States District Courts, which meets the requirements of Rule 45. Further, the Deposition Subpoena noted the recording method for the deposition, and was signed by an attorney authorized to practice in the presiding court, the Southern District of New York. Dr. Kishore has now had five months to comply, which is well within reason, *see Gordon v. Sonar Cap. Mgmt. LLC*, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015), and Plaintiffs' counsel offered to move the time and place of the deposition to accommodate Dr. Kishore if the date of compliance was untenable. Červenka Decl. Ex. C. Plaintiffs received no response to their offer.

Service of the Deposition Subpoena was also proper. Rule 45 does not prohibit service via U.S. Mail. *See Ramchandani v. CitiBank Nat'l Ass'n,* 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). In the Ninth Circuit, alternative service such as U.S. Mail is permissible where multiple attempts at personal service have failed, or "where it is clear the nonparty has actual notice and is evading service." *Emcyte Corp. v. Apex Biologix, LLC*, 2021 WL 5507219, at *2 (C.D. Cal. Nov. 24, 2021). Here, both situations are present.

Plaintiffs attempted to serve Dr. Kishore personally ***six times*** in October 2024, at different times of day over the course of several days, at Dr. Kishore's residence in Foster City, CA. Červenka Decl. ¶ 7. Plaintiffs have recently attempted an additional two times to serve him personally at his work address. *Id.* ¶ 11 All attempts at personal service have failed. *Id.* ¶ 12.

Dr. Kishore is almost certainly aware of the Deposition Subpoena and is evading service. Dr. Kishore actively participated in discovery in this action, including serving a discovery response to the Document Subpoena and communicating with Plaintiffs via counsel, up until the day Plaintiffs sent the Deposition Subpoena to his attorney. *See Id.* Exs. A, C. Once he had knowledge of the Deposition Subpoena, Dr. Kishore and his attorney refused to respond to any of the ***ten attempts*** by Plaintiffs' counsel to reconnect over the past five months. *Id.* ¶ 6. After being shut out by Dr. Kishore's counsel and numerous failed diligent attempts to effectuate personal service, Plaintiffs were left with no other

- 6 -

PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

option than to serve Dr. Kishore by alternative means. Plaintiffs did so via U.S. Mail tendering a check for the required fees. *Id.* ¶ 8. Given the circumstances, the means of service was permissible. *See Chambers v. Whirlpool Corp.,* 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (permitting alternative service where personal service was attempted at least three times and that nonparty was aware of and had received the subpoena); *Toni Brattin & Co. v. Mosaic Int'l, LLC,* 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) (finding alternative service proper after party had attempted personal service at place of business twice and at residence four times).[1]

Dr. Kishore and his counsel's abject failure to respond to the Deposition Subpoena without justification warrants an order of contempt. Rule 45(g) allows the Court to hold in contempt "a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45. Dr. Kishore's failure to attend the deposition without a valid excuse, and his attorney's refusal to meet and confer on this matter pursuant to Local Rule 37-1, has prejudiced Plaintiffs' ability to conduct discovery and prepare for trial, as well as caused Plaintiffs to incur undue expenses and attorney's fees to enforce the Deposition Subpoena for which Plaintiffs should be compensated.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court:

Order Dr. Kishore to appear for a deposition within ten (10) days from the date of the Court's order;

Hold Dr. Kishore in contempt for violating the Deposition Subpoena;

Award Plaintiffs reasonable attorney's fees and expenses incurred in bringing this motion, and;

Impose any other sanctions the Court deems appropriate.

---

[1] Should the Court find that Plaintiffs must seek leave of the Court to serve Dr. Kishore by alternative means, Plaintiffs respectfully request the Court convert this motion to compel to a motion for leave to serve via alternative means, and grant the motion based on the facts and circumstances described herein.

- 7 -

PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

IN THE ALTERNATIVE, Plaintiffs respectfully request leave from the Court to serve the Deposition Subpoena on Dr. Kishore via U.S. Mail to his home address.

DATED: February 27, 2025                    Respectfully submitted,

                                            By:    s/ Lyn R. Agre
                                                Lyn R. Agre (Cal. Bar No. 178218)
                                                Ashley Zitrin (Cal. Bar No. 262238)
                                                Glenn Agre Bergman & Fuentes LLP
                                                580 California Street, Suite 1420
                                                San Francisco, CA 94104
                                                Telephone: (415) 599-0880
                                                lagre@glennagre.com
                                                azitrin@glennagre.com

                                                Jan "Honza" Červenka (SBN 344997)
                                                McAllister Olivarius
                                                641 Lexington Avenue, 13th Floor
                                                New York, NY 10022
                                                (212) 433-3456
                                                hcervenka@mcolaw.com

                                                *Attorneys for Plaintiffs*

- 8 -
PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DR. KISHORE
Misc. Case No.:
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]

**<u>Certificate of Attempt to Meet and Confer Pursuant to Rule 37(a)(1)</u>**

I, Jan "Honza" Červenka certify that I emailed Dr. Kishore's attorney, Daniel Allender on February 24, 2025, seeking to meet and confer on the issue of Dr. Kishore's compliance with the Deposition Subpoena. I stated that Plaintiffs would move forward with a motion to compel if Mr. Allender failed to respond. Mr. Allender did not respond.

DATED: February 27, 2025            By: <u>/s/ *Jan "Honza" Červenka*</u>
                                            Jan "Honza" Červenka (SBN 344997)

CERTIFICATE OF COMPLIANCE
S.D.N.Y Case No.: 1:19-cv-03799-VSB-JW

**[PROPOSED] ORDER**

The Court received Plaintiffs' Motion to Compel the Deposition of Dr. Kishore on February 27, 2025 and ORDERS as follows:

Dr. Kishore is ordered to appear for deposition within ten (10) days of this Order at a time and place of Plaintiffs' choosing within 100 miles of Dr. Kishore's place of residence or employment;

Dr. Kishore is held in contempt for violating the Deposition Subpoena and must pay to Plaintiffs reasonable expenses and attorney's fees incurred in bringing this motion. Plaintiffs shall file a declaration evidencing such expenses and fees with this Court within ten (10) days of this Order. Dr. Kishore must pay the same to Plaintiffs within ten (10) days of that filing, or file an objection with this Court as to why he should not pay the same. Plaintiffs must file a reply to any objection within five (5) days of the objection.

Any violations of this Order or the Deposition Subpoena will be met with sanctions.

IT IS SO ORDERED

Dated: _____          _____
                                         UNITED STATES DISTRICT COURT JUDGE

PROPOSED ORDER
S.D.N.Y Case No.: 1:19-cv-03799-VSB-JW

**<u>Certificate of Service</u>**

I hereby certify that on February 27, 2025, I served the following documents:

Plaintiffs' Motion to Compel;

Declaration of Lyn R. Agre in Support of Plaintiffs' Motion to Compel, and Exhibits thereto;

Plaintiffs' Proposed Order Granting the Motion to Compel, and'

Plaintiffs' Certification of Attempt to Meet and Confer,

on the following counsel via U.S. Mail and electronic mail:

Nicholas Lydell Collins
New York City Law Department
100 Church Street
New York, NY 10007
(212)-356-2331
nicholas.collins@arentfox.com

Tristan George Montaque
Wade Clark Mulcahy
180 Maiden Lane, Suite 901
New York, NY 10038
305-301-1385
tristan.montaque@gmail.com

Daniel L. Allender
Robins Kaplan LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California  90067
(310) 229-5892
DAllender@RobinsKaplan.com

and on the following individual via U.S. Mail:

Dr. Sandeep Kishore
870 Balboa Lane
Foster City, CA 94404

Dated: February 27, 2025                    By:  /s/ Edwad Lee_____

---

CERTIFICATE OF SERVICE
S.D.N.Y Case No.: 1:19-cv-03799-VSB-JW