# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SAFO, *et al.*,

                        Plaintiffs,

        -against-

SINGH, *et al.*,

                       Defendants.

-----------------------------------------------------------------X

DR. STELLA SAFO, *et al.*,

                        Plaintiffs,

        -against-

DR. PRABHJOT SINGH, *et al.*,

                       Defendants.

-----------------------------------------------------------------X

**ORDER**

**19-CV-3779 (VSB) (JW)**

**ORDER**

**25-MC-154 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Plaintiff's motion to compel the deposition of third-party Dr. Sandeep Kishore ("Dr. Kishore"), as well as Plaintiff's motions for contempt and fees. See Dkt. No. 1. For reasons stated more fully below, the Court **GRANTS** Plaintiff's request to serve Dr. Kishore by alternative means and **DENIES** all other requests.

On February 27, 2025, Plaintiff filed a motion to compel the deposition of third-party Dr. Kishore in the Northern District of California. Dkt. No. 1. In sum, Plaintiff was seeking relief after many concerted efforts to serve Dr. Kishore personally, via

U.S. Mail, and via email through his counsel. On March 14, 2025, Dr. Kishore filed an opposition. Dkt. No. 6. On March 21, 2025, Plaintiff filed a reply. Dkt. No. 10.

On March 20, 2025, Defendants filed a motion to transfer Plaintiff's motion to the Southern District of New York. Dkt. No. 7. Plaintiffs filed a statement of non-opposition, and the motion was subsequently transferred to SDNY. Dkt. Nos. 11–13. On September 23, 2025, the motion was referred to this Court.

On February 24, 2026, this Court issued an order requesting the parties to file a joint letter on the status of the deposition, since Dr. Kishore asserted in his opposition brief that "now that [he] is aware of the service attempts by Plaintiffs, his counsel has reached out to Plaintiffs' counsel to discuss scheduling a deposition." Dkt. No. 17.

On March 3, 2026, the parties and Dr. Kishore filed a joint status report. Dkt. No. 18. Plaintiffs noted that they continue to seek Dr. Kishore's deposition and their position as noted in their motion remains unchanged. Id. However, Plaintiffs noted they consent to conducting the deposition via Zoom and for all parties to attend virtually. Id. Dr. Kishore reaffirmed "his willingness to appear for a deposition in his response to Plaintiff's motion to compel." Id. Defendants objected to the third-party deposition on untimeliness, improper service, and other non-privilege or privacy grounds.[1] Id.

---

[1] Parties only have standing to challenge a non-party subpoena if they have a privilege, privacy or proprietary interest in the documents sought. See Catskill Dev., L.L.C. v. Park Place Entm't Corp., No. 00 Civ. 8660 (CM) (GAY), 206 F.R.D. 78, 93 (S.D.N.Y.2002); US Bank Nat'l Assoc. v. PHL Variable Ins. Co., No. 12 Civ. 6811 (CM)

## A. <u>Service through alternative means</u>

Because Dr. Kishore has consented to appear for a remote deposition and has conceded that he now has notice of the deposition subpoena, the Court **GRANTS** Plaintiff's request to serve Dr. Kishore through alternative means. The Court in its discretion grants Plaintiff's request for alternate service so as to permit service through Dr. Kishore's counsel. <u>Ramchandani v. CitiBank Nat'l Ass'n,</u> No. 19 Civ. 09124 (VM) (SDA), 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022) ("As other courts in the Second Circuit have found, Rule 45 does not require in-hand service nor prohibit alternative means of service.").

## B. <u>Requests for contempt and attorney's fees</u>

Plaintiffs, in their motion to compel, also argue that Dr. Kishore's failure to respond to the subpoena despite their multiple service attempts warrants an order of contempt and reasonable expenses and attorney's fees associated with bringing the instant motion pursuant to Rule 45(g) of the Federal Rules of Civil Procedure. Dkt. No. 1. Dr. Kishore, in his opposition, asserts that he was unaware Plaintiffs were trying to serve him, either through personal service or via U.S. mail. Dkt. No. 6 at 2. Dr. Kishore further notes that for most of the relevant time period, he was not in California and on paternity leave. <u>Id.</u> Given Dr. Kishore's representations that he was unaware of the subpoena and his willingness to sit for a deposition now that he

---

(JCF), 2012 WL 5395249 at *2 (S.D.N.Y. Nov. 5, 2012) (citing cases). Therefore, while Defendants objected to the third-party deposition on various grounds, the Court will not consider these objections because they were not based on privilege, privacy, or proprietary interests.

has notice, the Court does not find contempt or attorney's fees appropriate.  As such, Plaintiff's request to hold Dr. Kishore in contempt and for attorney's fees is **DENIED**.

**C. Next steps**

In conclusion, Plaintiff's request to serve Dr. Kishore through alternative means is **GRANTED**.  Plaintiffs are to serve Dr. Kishore through his counsel by **March 9, 2026** and must depose Dr. Kishore **within 30 days of service**.

The parties are reminded that, with the exception of Dr. Kishore's deposition, fact discovery remains closed.  As such, within seven days of the completion of Dr. Kishore's deposition, the parties are required to file a joint letter to 19-CV-3779 on proposed next steps, including whether either party intends on filing a motion for summary judgement and/or whether they are ready for trial. If any party intends to file a summary judgement motion, the joint letter is to include a proposed briefing schedule.

SO ORDERED.

DATED:     New York, New York
           March 6, 2026

JENNIFER E. WILLIS
United States Magistrate Judge

4