McALLISTER
OLIVARIUS

***Sent via ECF***

August 31, 2026

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

***Safo, et al. v. Singh, et al.*, 1:19-cv-03779-VSB-JW**

Dear Judge Broderick:

We represent Plaintiffs Dr. Stella Safo, Geraldine Llames, Amanda Misiti and Dr. Emilie Bruzelius in the above-referenced action. We write pursuant to the Court's Standing Order, *In re: Electronic Filing Under Seal in Civil and Miscellaneous Cases*, No. 19-mc-583 (S.D.N.Y. Dec. 19, 2019), and Section 4.F of Your Honor's Individual Rules & Practices in Civil Cases, about the confidentiality designation that Defendants have placed on certain exhibits that Plaintiffs are filing today in support of their Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 207), in furtherance of the Court's April 7, 2026 Order setting a briefing schedule. (Dkt. No. 204.)

On August 24, 2026, our firm notified all interested parties of the potential list of exhibits we anticipated relying on in our Opposition, inviting opposing counsel to meet and confer to discuss any potential dispute about confidentiality designations.

On Thursday August 27, 2026, counsel met and conferred regarding this issue and were unable to reach complete agreement, but narrowed down the disputed documents to three. With respect to undisputed documents, Plaintiffs are making all redactions required by FRCP 5.2, Your Honor's Individual Rules and the S.D.N.Y. ECF Privacy Policy.

Defendants have since filed their Letter Motion to Seal Documents (Dkt. No 221), confirming their request that three be filed under seal: ISMMS_009494-009495, Safo_020988-020989, and Safo_011725-Safo_011730. (*Id.*) Plaintiffs are not filing these documents publicly with the Court at this time.

Plaintiffs are filing ISMMS_019540 and ISMMS_009279, both of which contain compensation data of AIGH employees, in such a way that only information regarding Dr. Emilie Bruzelius, Patrick Doupe, Kirsten Knaup, Matthew Le, Geraldine Llames, Amanda Misiti, Bruno Silva -- i.e., parties, comparators and other AIGH employees whose compensation information Defendants already included as part of their Motion for Summary Judgment filings -- are made public. Plaintiffs do not oppose redacting salary and compensation data of non-parties who are not relevant to the claims before the Court.

McALLISTER OLIVARIUS

Plaintiffs are also filing a redacted transcript page from the deposition of Dr. Kevin Starr (McAllister Decl. Ex. 22 (Starr Tr. 171)) given his claim of confidentiality over the underlying document. Solely as not to delay its summary judgment opposition, Plaintiffs are filing this document under temporary seal, concurrently with this letter motion and our opposition papers, in the manner required by Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, by filing a redacted version publicly and the unredacted version under seal with the redactions highlighted. Plaintiffs do not agree that continued sealing or confidential treatment is warranted and respectfully submit that this exhibit should be unsealed and placed on the public docket unredacted.

The standard for sealing or redacting documents is governed by a long-established presumption in favor of public access, which is secured by both the common law and the First Amendment. *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). Documents submitted in connection with a summary judgment motion are "judicial documents" entitled to the strongest presumption of public access recognized in this Circuit, because they are particularly relevant to the tasks of a court in adjudicating a matter and "to the exercise of its Article III powers." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–21 (2d Cir. 2006). An important element of the American legal system is its commitment to public access to the trial process. *Hui v. FRB of N.Y.*, 2025 U.S. Dist. LEXIS 85489, 2025 LX 79647, 2025 WL 1294860 (S.D.N.Y. 2025). This legacy of "open justice" is as old as America itself. See, e.g., *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (Brennan, J., concurring).

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. accept the above-mentioned documents ISMMS_019540 and ISMMS_009279 in redacted form; and
2. order McAllister Decl. Ex. 22 (Starr Tr. 171) unsealed and placed on the public docket.

We thank the Court for its consideration.

Respectfully submitted,

<u>/s/ John F.O. McAllister</u>
Dr. John F.O. McAllister

cc: All Counsel of Record (via ECF)

Plaintiffs' letter motion to seal documents ISMMS_019540 and ISMMS_009279 in redacted form is GRANTED. Plaintiffs also contest Dr. Kevin Starr's confidentiality designation of the underlying document discussed on page 171 of his deposition transcript, (Doc. 223-22).

To refrain from delaying Defendants' reply briefing, I will allow page 171 of Doc. 223-22 to remain under seal with redactions pending my decision on the following: By September 11, 2026, Dr. Starr is instructed to submit a letter, not to exceed 2-pages, demonstrating with legal authority, countervailing factors that overcome the presumption in favor of public access to judicial documents, where those judicial documents form the basis of the court's adjudication. *See e.g.*, Fung-Schwartz v. Cerner Corporation, 2021 WL 4776461 (S.D.N.Y. Oct. 12, 2021).

Plaintiffs are ordered to serve a copy of this endorsement to Dr. Starr by September 5, 2026.

APPLICATION GRANTED IN PART
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 9/3/2026