Proskauer

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

The Clerk of the Court is respectfully directed to terminate the open motion at Doc. 221.
APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 10/5/2026

August 31, 2026

Adam M. Lupion
Member of the Firm
d +1.212.969.3358
f 212.969.2900
alupion@proskauer.com
www.proskauer.com

**BY ECF FILING**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re: *Dr. Stella Safo, et al. v. Dr. Prabhjot Singh, et al.*, Case No. 1:19-cv-03779-VSB**

Dear Judge Broderick:

We represent Defendants Icahn School of Medicine at Mount Sinai ("ISMMS"), Dr. Prabhjot Singh, Dr. Dennis Charney, and Bruno Silva in the above-referenced matter. We write pursuant to Section 5.B(iii) of Your Honor's Individual Rules & Practices to request that certain documents Plaintiffs intend to file in connection with their Opposition to Defendants' Motion for Summary Judgement be filed under seal, and that Plaintiffs be required to redact compensation information of irrelevant non-parties from any publicly filed exhibits.

## I. BACKGROUND

Pursuant to the Court's April 7, 2026 Order, on August 24, Plaintiffs provided Defendants a list of approximately 200 documents they intend to cite and attach as exhibits to their opposition that were produced in discovery and bear a "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" designation pursuant to the parties' Stipulation and Order of Confidentiality (Dkt. 116). On August 26, Defendants provided Plaintiffs with an initial list of documents Defendants believe should be sealed or redacted, and supplemented that list on the morning of August 27. The parties subsequently met and conferred on August 27, via Microsoft Teams, to discuss the scope of the sealing request. Of the approximately 200 documents Plaintiffs identified, Defendants respectfully request that the following three documents be filed under seal:

> **ISMMS_009494-009495:** A confidential document setting forth ISMMS's Non-Bargaining Unit Merit Increase Program guidelines, including specific salary increase pools, performance-based pay ranges, and processing timelines for employee compensation adjustments.

**Safo_020988-020989 and Safo_011725-011730:** Confidential internal documents relating to an ISMMS faculty well-being survey.

Further, during the meet and confer, the parties agreed that, with the exception of certain alleged comparators, compensation information of non-parties should be redacted from any public filings. However, because the parties anticipated that they would not agree on a list of individuals who are relevant to the claims at issue, Defendants requested that Plaintiffs provide a list of the individuals whose employment information they believe can be filed on the public docket. Although Plaintiffs said they would provide that list later that same day (August 27), as of the filing of this Letter, Plaintiffs have not done so.

## II. ARGUMENT

In the Second Circuit, courts use the three-step process outlined in *Lugosch v. Pyramid Co. of Onondaga*, to determine whether documents should be redacted or placed under seal. 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court determines whether the documents are "judicial documents"—*i.e.,* documents "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (citation omitted). Second, the court determines the weight of the presumption of access, which must be governed by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted). Third, the court balances the competing considerations against the presumption of access, including the "privacy interests of those resisting disclosure." *Id.* at 120 (citation omitted). Here, even assuming the proposed exhibits are judicial documents entitled to a presumption of public access, countervailing factors plainly outweigh that presumption.

### *A. Non-Bargaining Unit Merit Increase Program Guidelines*

The document bearing Bates number ISMMS_009494-95 constitutes confidential business information that warrants protection from public disclosure. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020)("The demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's presumption of access to judicial documents.") Courts have recognized that proprietary compensation structures and merit raise programs constitute confidential business information that are subject to sealing. In *Ndugga v. Bloomberg L.P.*, No. 20-CV-7464, 2025 WL 2302089, at *2 (S.D.N.Y. Aug. 11, 2025), the court held that "specific numbers used as inputs to the algorithm governing compensation (including performance rating thresholds or dollar amounts), algorithm rules, individual salary amounts, [and] aggregate funding amounts for compensation increases and bonuses" are "collateral to the factual and legal issues central to the resolution of the motions, have little value to the public, and there are obvious reasons why they should not be filed publicly."

The document bearing Bates number ISMMS_009494-95 has been kept confidential, and is not relevant to the adjudication of any of the Plaintiffs' claims. Importantly, Defendants have produced—and do not seek to seal—documents showing the actual salary increases received by Plaintiff Bruzelius (the only Plaintiff with an Equal Pay Claim) and her alleged comparators. Therefore, the general program guidelines that reveal ISMMS's internal compensation structure and methodology at an institutional level are not relevant to any claim before the Court. Moreover, disclosure of the criteria for and amount of merit increases would harm ISMMS's ability to recruit and retain employees, as competitors could use this information to offer more attractive merit increase programs.

### *B. Faculty Wellbeing Survey Documents*

Documents bearing Bates numbers Safo_020988-020989 and Safo_011725-011730 are confidential internal faculty well-being survey materials that are wholly irrelevant to Plaintiffs' claims. Safo_011725-011730 is a departmental report prepared for the Department of Medical Education—not for the Arnhold Institute for Global Health ("AIGH"), the institute where all Plaintiffs actually worked. The report contains institution-wide comparative results that extend well beyond the scope of anything at issue in this litigation. Further, the survey was conducted in spring 2019, more than one year after Dr. Stella Safo (the only faculty member among the four Plaintiffs) had already departed AIGH. The remaining Plaintiffs—Llames, Misiti, and Bruzelius—are not faculty members and would not have been surveyed.

Public disclosure of these confidential survey results—including institution-wide data regarding faculty burnout, depression, and reports of discrimination and harassment—could cause reputational and competitive harm to ISMMS. These metrics reflect sensitive internal assessments of the institutional climate that ISMMS has never made public and that, if disclosed, could be used by competing academic medical institutions to recruit ISMMS faculty or damage ISMMS's standing in the academic community. *See Valassis*, 2020 WL 2190708, at *2 (sealing where disclosure "could damage [the employer's] business . . . while offering little value in the monitoring of the federal courts"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" where protected information "sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision" (citation omitted)). The survey data has no bearing on whether Plaintiffs were subjected to gender discrimination at AIGH, and its disclosure offers no value to the public in monitoring the federal courts.

### C. *Compensation Data of Irrelevant Non Parties*

Plaintiffs' proposed exhibits also include documents containing compensation data of AIGH employees who are not parties to this litigation, are not alleged comparators, and are otherwise

irrelevant to Plaintiffs' claims. This information constitutes "employment history" and "individual financial information"—categories that Your Honor's Individual Rules & Practices identifies as information requiring "caution" that parties may redact from public filings without prior Court approval. *See* Individual Rules & Practices § 5.B.i. Even where Court approval is required, courts in this District routinely permit narrowly tailored redactions of confidential compensation and personnel information of nonparties. *See e.g., Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (allowing redaction of compensation information of current and former employees).

Defendants' position is straightforward: the only non-parties whose salary and compensation data are even arguably relevant to the claims before the Court are those individuals Plaintiffs identified as alleged comparators for purposes of Bruzelius' Equal Pay claim—specifically, Craig Helfgott, Patrick Doupe, Mihir Mongia, Matthew Le, and Humale Khan. All other AIGH or ISMMS employees whose compensation data may appear in Plaintiffs' proposed exhibits—but who are neither parties nor alleged comparators, and whose compensation is otherwise irrelevant to any claim—should have their compensation information redacted from any proposed exhibits.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant leave to file the above-identified documents under seal and that non-party compensation information be redacted in accordance with the above.

Respectfully submitted,

/s/ Adam M. Lupion

Adam M. Lupion

cc: All Counsel of Record (via ECF)