Proskauer

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

November 3, 2026

Adam M. Lupion
Member of the Firm
d +1.212.969.3358
f 212.969.2900
alupion@proskauer.com
www.proskauer.com

**BY ECF FILING**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re: *Dr. Stella Safo, et al. v. Dr. Prabhjot Singh, et al.*, Case No. 1:19-cv-03779-VSB**

Dear Judge Broderick:

We represent Defendants Icahn School of Medicine at Mount Sinai, Dr. Prabhjot Singh, Dr. Dennis Charney and Mr. Bruno Silva in the above-referenced matter. We write to respectfully oppose, for lack of good cause, Plaintiffs' request for an extension of time to respond to Defendants' Motion to Strike and to file an unspecified "motion or application directed at Defendants' reply submissions in further support of their Motion for Summary Judgment," the briefing of which is now completed. (Dkt. 263.)

On Sunday, November 1, eleven days after Defendants filed their Motion to Strike (Dkts. 251-54), Plaintiffs requested that Defendants consent to an extension of time based on "the volume of papers Defendants filed on October 21" including Defendants' Motion to Strike, reply brief, twenty new exhibits (nineteen of which are transcript excerpts), and a reply 56.1 statement "containing some 24,000 words" that spans 264 pages. (Dkt. 263-1.) While Defendants have consented to multiple extensions throughout this litigation—and have no issues extending a professional courtesy—there is no good cause for any extension of time in these circumstances.

First, none of Defendants' purportedly voluminous reply filings bear on Defendants' Motion to Strike, which concerns *Plaintiffs'* untimely summary judgment opposition filings that fail to comply with Local Rule 56.1 and should be disregarded based on the well-settled authority in this District. Indeed, Defendants do not cite anything they submitted in their reply submissions in the Motion to Strike, and in fact, had not yet filed their reply papers with the Court at the time Defendants filed their Motion to Strike. The notion that Plaintiffs need more time "to complete their review" of the material that is the subject of the Motion to Strike—material that Plaintiffs themselves submitted—is disingenuous.

Even if Defendants' reply filings were relevant to the Motion to Strike, which they are not, the length of Defendants' reply 56.1 submission is entirely attributable to and a function of Plaintiffs' 56.1 Statement of Additional Undisputed Facts, which added nearly *500 paragraphs* of purportedly undisputed facts—in clear violation of Local Rule 56.1. Defendants responded to

Plaintiffs' inadmissible filing out of an abundance of caution since the Motion to Strike most likely would not have been resolved prior to the deadline for Defendants' reply submission. Plaintiffs created the unnecessarily voluminous 56.1 statement of which they now complain, and seek to capitalize on their improper filings to secure additional time to respond to the Motion to Strike—and to file some other application they refuse to identify. But nothing Defendants submitted in reply is relevant to the Motion to Strike.

Defendants' Motion to Strike was 6,042 words, well-within the limit prescribed by this Court's Individual Rules & Practices, and relies upon only three exhibits, two of which are redline copies of Plaintiffs' "corrected" filings that Plaintiffs created and submitted to the ECF Quality Assurance Unit. The third exhibit is Plaintiffs' Initial Disclosures, a document with which Plaintiffs should be intimately familiar. Plaintiffs have presented no basis upon which to argue that the length or volume of Defendants' Motion to Strike necessitates an extension of time.

Likewise, Plaintiffs' request for additional time "to determine whether and in what form to seek relief" with respect to Defendants' reply submissions fails to identify what Plaintiffs intend to file—and notably seeks an extension of a deadline that does not exist because Defendants' motion for summary judgment is now fully briefed. Plaintiffs have no right to a sur-reply. Defendants obviously could not consent to a motion Plaintiffs refused to identify. Even if Plaintiffs did specify what they intended to file with the Court, there would be no good cause for any extension of time for all the reasons noted above.

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' application.

Respectfully submitted,

*/s/ Adam M. Lupion*

Adam M. Lupion

cc: All Counsel of Record (via ECF)