Proskauer

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

November 18, 2026

Adam M. Lupion
Member of the Firm
d +1.212.969.3358
f 212.969.2900
alupion@proskauer.com
www.proskauer.com

**BY ECF FILING**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re: *Dr. Stella Safo, et al. v. Dr. Prabhjot Singh, et al.*, Case No. 1:19-cv-03779-VSB**

Dear Judge Broderick:

We represent Defendants Icahn School of Medicine at Mount Sinai, Dr. Prabhjot Singh, Dr. Dennis S. Charney and Mr. Bruno Silva in the above-referenced matter. We write in opposition to Plaintiffs' request for leave to file a motion to strike or, in the alternative, disregard portions of Defendants' "Reply to Plaintiffs' Corrected Response to Defendants' Statement of Undisputed Material Facts and Response to Plaintiffs' Statement of Additional Undisputed Material Facts" (Dkt. 257) ("Reply 56.1 Statement") and the exhibits to the Reply Declaration of Adam M. Lupion (Dkt. 256). (Dkt. 269.)

Although Plaintiffs claim that they "do not request leave to file a sur-reply," (Dkt. 269 at 1), the substance of their application belies that assertion. Plaintiffs ignore that Defendants are the moving party here and are therefore entitled to the last word on their motion for summary judgment. Plaintiffs' suggestion that "[g]ranting leave would put the parties on an equal footing" is therefore not a proper basis to grant their request. *Id*.[1]

The four grounds cited in Plaintiffs' request for leave fare no better. First, Defendants' Reply 56.1 Statement did not circumvent the word limit set by the Court. Plaintiffs baldly claim that Defendants' submission "contains more than 23,000 further words of Defendants' legal arguments and other text." (Dkt. 269 at 2.) But their application fails to identify a single legal argument, and the 23,000 words of "other text" are directly attributable to the fact that ***Plaintiffs*** improperly added 473 paragraphs of so-called additional ***undisputed*** facts to their 56.1 response in clear violation of Local Rule 56.1(b) and the well-settled legal authority in this District. *See, e.g.*, Dkt. 252 at 2-4. There is no need for Plaintiffs to have an opportunity for another submission so that they can add more words in order to be on "equal footing."

[1] It is also noteworthy that Plaintiffs have already made the same arguments in their Opposition to Defendants' Motion to Strike, which devotes an entire section attacking Defendants' reply papers on each ground Plaintiffs seek to raise here: the word limit, the "Defendants' Reply" sections, the reply exhibits and the purported amendments. (Dkt. 266 at 7, 32-33.)

Second, Plaintiffs' suggestion that a reply 56.1 statement is not authorized by the Local Rules or this Court's Individual Rules is flatly wrong. Both this Court's Individual Rules and the Local Rules are completely silent on this issue. Contrary to Plaintiffs' assertion, courts routinely consider reply 56.1 statements. Indeed, in a very recent decision on this issue, the court rejected the same argument Plaintiffs seek to advance here. *N.Y. Packaging II LLC v. Mustang Mktg. Grp. LLC*, No. 21-CV-1629, 2026 WL 3025956, at *1 n.2 (E.D.N.Y. Oct. 8, 2026). In that case, the court noted, in pertinent part, as follows:

> Plaintiff requests leave to file a supplemental 56.1 statement by pointing to Defendants filing a reply 56.1 statement, which Plaintiff alleges is impermissible . . . . There was nothing impermissible about Defendants' filing of a reply 56.1 statement, as [the Court's Individual Rules] do not require leave for Defendants to do so, and Local Civil Rule 56.1 does not prohibit Defendants from doing so. *See Sandy v. Target Corp.*, No. 22-CV-4804, 2026 WL 1453774, at *1 n.4 (E.D.N.Y. May 22, 2026) (collecting cases); *Irish v. Tropical Emerald LLC*, No. 18-CV-82, 2024 WL 1345711, at *9 (E.D.N.Y. Mar. 30, 2024) (stating that Local Civil Rule 56.1 does not prohibit a reply in further support of a Rule 56.1 statement of undisputed facts); *Adams v. Bloomberg L.P.*, No. 20-CV-7724, 2023 WL 2662607, at *2 (S.D.N.Y. Mar. 28, 2023) ("Local Civil Rule 56.1 does not provide for a reply in further support of a Rule 56.1 statement of undisputed facts, but it also does not prohibit such replies." (internal citation and quotation marks omitted) (collecting cases)).

A quick review of this Court's prior orders confirms that Your Honor also accepts reply 56.1 statements without the need to obtain leave. *See, e.g.*, *Fioranelli v. CBS Broad. Inc.*, 551 F. Supp. 3d 199 (S.D.N.Y. 2021) (Broderick, J.); *Garcia v. Barclays Cap., Inc.*, 281 F. Supp. 3d 365, 369 n.1 (S.D.N.Y. 2017) (Broderick, J.). Plaintiffs concede they "are aware" of this Court's decision in *Garcia*, but attempt to distinguish that case on the ground that Defendants' Reply 56.1 Statement here is "impermissible legal argument." (Dkt. 269 at 2). As set forth above—and as is readily apparent on the face of Defendants' submission—Defendants' Reply 56.1 Statement does no such thing.

Third, Plaintiffs are not entitled to respond to the twenty exhibits Defendants submitted with their reply papers. This is yet another poorly disguised request for leave to file a sur-reply. Moreover, although Plaintiffs cite *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992), that case actually says, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Id.* That is precisely what Defendants did here. Nineteen of the twenty exhibits were deposition transcript excerpts that either refute Plaintiffs' opposition statement or supplement incomplete or inaccurate testimony Plaintiffs cited in their opposition. The remaining exhibit was one Plaintiffs themselves submitted with their opposition brief; Defendants' version simply lifted certain redactions in response to a legal

argument Plaintiffs had made in their opposition brief.

Fourth, the fact that Defendants amended nine paragraphs to conform to the record evidence also does not justify Plaintiffs' request. Amazingly, Plaintiffs criticize Defendants for not surreptitiously filing a corrected version of their Reply 56.1 Statement with the ECF Quality Assurance Unit, like Plaintiffs did when they filed "corrected" versions of their opposition papers. That is because Defendants' changes were not attributable to a filing error, just as Plaintiffs' "corrected" documents were obviously not the result of filing errors. It is common—and consistent with the duty of candor—for a party to acknowledge an inaccuracy in the exact transparent manner Defendants did here, particularly for inaccuracies as trivial and inconsequential as the ones Plaintiffs identified in their opposition. Plaintiffs' suggestion that Defendants should have obtained leave to make substantive changes or contacted the ECF Quality Assurance Unit rather than addressing these insignificant changes in their next responsive filing is absurd.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' application in its entirety, including their request for leave to file a motion to strike or, in the alternative, to disregard portions of Defendants' Reply 56.1 Statement and the exhibits to the Reply Declaration of Adam M. Lupion.

Respectfully submitted,

*/s/ Adam M. Lupion*
Adam M. Lupion

cc: All Counsel of Record (via ECF)